## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA TOMONIA, | ] |
| In her own right, and as next | ] |
| friend of her son, R.T. | ] |
| 6817 Georgia Ave. NW, Apt 421 | ] |
| Washington, D.C. 20012 | ] |
| | ] |
| R.T., a minor, | ] |
| By his mother and next friend, | ] |
| Linda Tomonia, | ] |
| 6817 Georgia Ave. NW. Apt 421 | ] |
| Washington, D.C. 20012 | ] |
| | ]    Civil Action No.___ |
| | ] |
| | ] |
| | ] |
| Plaintiffs, | ] |
| | ] |
| | ] |
| v. | ] |
| | ] |
| DISTRICT OF COLUMBIA, | ] |
| A municipal corporation, | ] |
| John A. Wilson Building | ] |
| 1350 Pennsylvania Ave., NW | ] |
| Washington, D.C. 20004, | ] |
| | ] |
| CLIFFORD JANEY, | ] |
| In his official capacity and personal | ] |
| capacity as, | ] |
| Superintendent, | ] |
| District of Columbia Public Schools | ] |
| Ninth Floor | ] |
| 825 North Capitol St, NE | ] |
| Washington, D.C.20002, | ] |
| | ] |
| | ] |
| MARY GRANT, | ] |
| In her personal capacity, | ] |
| Principal, | ] |
| Takoma EC | |

7010 Piney Branch Rd. NW
Washington, DC 20012


MARCIA PARKER
In her personal capacity,
Principal,
Turner ES
3264 Stanton Rd, SE
Washington, DC 20020


DENNIS HOMESLEY
In his personal capacity,
Principal,
Payne ES
305 15th St, SE
Washington, DC 20003


WILLIAM WILHOYTE
In his personal capacity,
Assistant Superintendent
DCPS
Ninth Floor
825 North Capitol St. NE
Washington, DC 20002

     Defendants

------------------------------------


**COMPLAINT**
(Declaratory and Injunctive Relief, Compensatory and Punitive
Damages for Violations of, and of rights under, the Americans with
Disabilities Act, Section 504 of the Rehabilitation Act of 1973 and
the D.C. Human Rights Act, and attorney's fees)

**PRELIMINARY STATEMENT**


    This civil action arises out of actions taken by Defendants in

School Years 2005-2006 and 2006-2007 to exclude Plaintiff  R.T., a

student with disabilities, from activities, services and programs offered

by the D.C. Public Schools (DCPS) , and to deny him  the benefit of those services and programs. Defendants did not provide R.T. with accommodations required by his Section 504 Plan, excluded him from the classroom and from school for conduct arising out of his disability, and denied him the due process safeguards to which he is entitled as a student with disabilities. Defendants' actions resulted in R.T.'s retention in Fifth Grade this school year, and may well result in his retention in Fifth Grade next school year.

Plaintiffs assert claims pursuant to Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12134, Section 504 of the Rehabilitation Act (Section 504), 29 U.S.C. § 794, and the D.C. Human Rights Act (HRA), D.C. Code §§ 2-1401.01 et seq.,  arising out of intentional conduct of the Defendants which excluded R.T., solely because of his disabilities, from educational services and programs offered by DCPS and denied him the benefits of those programs and services on account of his disabilities. Plaintiffs also bring claims, under those statutes, for actions of Defendants that were taken against Ms. Tomonia in retaliation for her advocacy of her son's rights as a student with disabilities.

The ADA, 42 U.S.C. §§ 12131, 12132, mandates that  "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities "offered by a public entity. Plaintiffs bring their ADA claim directly under the ADA, as well as pursuant to Section 1983.

Section 504 requires that " no otherwise qualified individual with a disability....shall, solely by reason of her or his disability, be excluded from participation in , be denied the benefits of, or be subjected to

discrimination under any program or activity receiving Federal financial assistance......" 29 U.S.C. § 794(a). Plaintiffs bring their Section 504 claims directly under Section 504, as well as pursuant to Section 1983. Section 504 prohibits Defendants from excluding R.T. from DCPS programs because of conduct arising out of R.T.'s disability.

To ensure that a student with disabilities is not excluded from school because of his disabilities, Section 504 requires DCPS to conduct a "manifestation determination" meeting and re-evaluations of a student with disabilities, before taking a disciplinary action that would result in his exclusion from school for more than 10 days in any school year. Defendants have disciplined R.T, by excluding him from school on many occasions: on no occasion have Defendants convened a manifestation determination meeting or re-evaluated R.T.

The HRA prohibits any educational institution and any agency or office of D.C. government, from limiting or refusing to provide any service, program of benefit to any individual on the basis of that individual's disability, and prohibits anyone from aiding, abetting, inviting, or compelling such action. D.C. Code §§ 2-1402.41, 2-1402.73, 2-1402.62.

The ADA, Section 504 and the HRA each prohibit retaliation against any person for that person's advocacy of the rights of a student with disabilities.

## JURISDICTION

This Court has jurisdiction over Plaintiffs' claims brought under the ADA and Section 504 of the Rehabilitation Act of 1973, pursuant to 42 U.S.C. § 12133, 29 U.S.C § 794a (a)(2), 28 U.S.C. §§ 12201,

2202,1331, 1333, 1343 and 1983. Jurisdiction over Plaintiffs' D.C.

Human Rights Act claims is conferred by D.C. Code. § 2-1403.16 and by

28 U.S.C.   § 1367. Venue lies in the District of Columbia pursuant to 28

U.S.C. §1391.

## PARTIES

1. Plaintiff R.T. is a twelve-year old resident of the District of

Columbia, now repeating the Fifth Grade at Payne E.S., who has

Attention Deficit Hyperactivity Disorder [ADHD] and a history of

psychological and behavioral difficulties. Because of his ADHD, R.T. has

difficulty focusing on classroom presentations, understanding and

following directions, sitting still for prolonged periods, recalling

instructions for classroom and homework assignments, and completing

those assignments, among other problems. These problems substantially

limit his ability to perform a major life activity, that of learning. R.T.,

therefore, is an individual with a disability under the ADA, 42 U.S.C. §

12102, Section 504, 29 U.S.C. § 705(20), and the D.C. Human Rights

Act, D.C. Code. § 2-1401.02(5A).

2. When R.T. was in the Third Grade and a student at Community

Academy Public Charter School---a DCPS public charter school---R.T.

was formally determined to be a student with disabilities who requires

accommodations under a Section 504 Plan in order to benefit from his

public education. Community Academy developed and implemented a Section 504 Plan for R.T.  R.T. attended the School for Arts in Learning Public Charter School (SAIL), a DCPS charter school, primarily for children identified as having special needs, in Fourth Grade, where his Section 504 Plan was revised and implemented.

3. In Fifth Grade, in school year 2005-2006, R.T. attended Takoma EC, his DCPS home school. In school year 2006 -2007, R. T. attended, first, Turner ES, from August 2006 through early March 2007, and then Payne ES. While attending these three DCPS schools, R. T. was repeatedly excluded from instructional programs in the classroom and excluded altogether from school and from school activities, because of his disabilities, was repeatedly denied access to DCPS programs, services, and activities, was repeatedly denied the accommodations that were required by his Section 504 Plan, and was repeatedly deprived of the procedural safeguards that federal and local law mandate. This action is brought on his behalf by his mother, Ms. Linda Tomonia.

4.  Plaintiff Linda Tomonia is a resident of the District of Columbia and is the mother of R.T. She brings this action on her own behalf and on behalf of her son.

5. Defendant District of Columbia ["DC"] is a municipal corporation

which itself receives federal funds and which is responsible for ensuring that  those DC agencies that receive federal funds comply with their obligations under District and federal law, including IDEA, the ADA, Section 504 of the Rehabilitation Act, the District of Columbia Human Rights Act and their implementing regulations.

6.  Defendant Clifford Janey is Superintendent of DCPS, a public educational institution and independent agency within the District of Columbia government, which receives Federal educational and other funds. DCPS provides educational services, activities and programs through its own public schools and public charter schools.  As superintendent, Defendant Janey is responsible for implementing policies, plans and procedures that conform with the requirements of Federal and D.C .Law, including the Individuals with Disabilities Education Act, as amended ( IDEA) , Section 504, the ADA, and the District of Columbia Human Rights Act.

7.  Pursuant to DCPS Board of Education regulations, Defendant Janey is the most senior policy-making officer of DCPS. Defendant Janey was personally involved in making decisions to exclude R.T. from DCPS educational programs, services and activities on account of his disability and to deprive him and his mother of procedural safeguards mandated

by federal and local law. He is sued in his personal and in his official capacity.

8. Defendant Mary Grant is the principal of Takoma EC.  On information and belief, she is notorious within the DCPS community for discriminating against students with disabilities. While R.T. attended Takoma EC, Defendant Grant intentionally excluded R.T. from educational programs, services and activities on account of his disabilities, deprived R.T. of accommodations required by his Section 504 Plan and denied him and his mother the procedural safeguards guaranteed them under federal and local law. Defendant Grant is sued in her personal capacity.

9.  Defendant Marcia Parker is the principal of Turner ES.  While R.T. was enrolled at Turner ES, Defendant Parker intentionally excluded R.T. from educational programs, services and activities on account of his disabilities; deprived R.T. of accommodations required by his Section 504 Plan and denied him and his mother the procedural safeguards guaranteed them under federal and local law. Defendant Parker is sued in her personal capacity.

10. Defendant Dennis Homesley is the Principal of Payne ES. While R. T. was enrolled at Payne ES, Defendant Homesley intentionally excluded R.T. from educational programs, services and activities on account of his disabilities; deprived R.T. of accommodations required by

his Section 504 Plan and denied him and his mother the procedural safeguards guaranteed them under federal and local law. Defendant Homesley is sued in his personal capacity.

11. Defendant William Wilhoyte is an assistant superintendent of DCPS, and is the assistant superintendent directly responsible for supervising Payne ES. Defendant Wilhoyte was personally involved in decisions to exclude R.T. from educational programs, services, and activities at Payne ES on account of R.T.'s disabilities. He is sued in his personal capacity.

12. For school year 2005-2006, R.T. resided within the residential boundaries of Takoma EC, which, under Board of Education regulations, was required to provide him educational programs, services, and activities that it provided to other students within its residential limits. During school year 2005-2006, Defendant Mary Grant intentionally took the following actions that excluded R.T. from DCPS programs, activities and services, because of his disability:

a) Repeatedly excluded R.T. from his classroom because of his disabilities;

b) Repeatedly telephoned, or instructed her staff to telephone, Ms. Tomonia and ordered Ms. Tomonia to remove her son from school because of his disabilities;

c)  Repeatedly suspended R.T., because of his disabilities, and suspended him to all intents and purposes continuously from on or about May 1, 2006 through June 2006;

d)  Directed that R.T. be dismissed or excluded from Takoma EC's after-school program, because of his disabilities;

e) Directed that R.T. be excluded from Takoma EC and prohibited from attending Takoma EC for school year 2006-2007, because of his disabilities;

f) Denied R.T. the accommodations he required under his Section 504 Plan;

g)  Deprived R.T. and his mother of the procedural safeguards to which they were entitled under federal law, by, *inter alia,* denying them notice of those rights, depriving them of their rights to manifestation determination meetings, re- evaluation and revision of accommodation plans and determination of eligibility for IDEA services on each and every occasion that R.T. was suspended or excluded from school.

13. In March and May 2006 Ms. Tomonia contacted the central administration of DCPS, seeking assistance for her son, and informed DCPS administrators that R.T. was being repeatedly excluded from Takoma EC.

14. DCPS administrators did not inform Ms. Tomonia of her rights

and the rights of her son under Federal or local law, and did not act to restrain Defendant Grant from excluding R.T. from Takoma EC.

15. As a result of his repeated exclusions from classroom instruction during school year 2005-2006, R.T. did not master Fifth Grade instructional material. Takoma EC informed Plaintiffs that R.T. would have to repeat the Fifth Grade.

16. In August 2006, R.T. enrolled in Turner ES to repeat his Fifth Grade year.

17. From August 2006 through February 2007, Defendant Marcia Parker intentionally took the following actions excluding R.T. from DCPS programs, activities and services, because of his disability:

a) Repeatedly excluded R.T. from his classroom because of his disabilities;

b) On information and belief, instructed her staff to telephone R.T.'s foster parent on at least seven days in September and October 2006, ordering the foster parent to remove R.T. from school because of his disabilities;

c) Excluded R.T., because of his disabilities, from Turner ES by suspending him on two or more occasions in February 2007 for periods exceeding ten days;

d) Deprived R.T. and his mother of their rights to manifestation determination meetings, re-evaluation and educational instruction when she suspended R.T.;

e) Denied R.T. the accommodations he required under his Section 504 Plan;

f) Withheld from Ms. Tomonia educational records, Section 504 Plan reports and other information that Defendant Parker was required to provide Ms. Tomonia under DC Law, and under Section 504 and the ADA.

18. On November 1, 2006, Ms. Tomonia informed the D.C. State Enforcement Agency and the Office of General Counsel for DCPS that Turner ES was excluding R.T. from school and denying him the accommodations required by his Section 504 Plan.

19.  Defendants did not act to prevent R.T.'s exclusion from Turner ES and did not act to ensure that R.T. and his mother received the services and programs required by his Section 504 Plan.

20. On or about March 5, 2007 R.T. was enrolled at Payne ES.

21. For most of approximately the next two weeks R.T. spent virtually no time in the classroom.

22. On March 19, 2007 Defendant Homesley intentionally excluded R.T. from the programs, services and activities of Payne ES on account of his disabilities, suspending him from school for a period of ten days.

23. On March 20, 2007 through March 22, 2007, Ms. Tomonia wrote Defendant Homesley and staff at Payne ES, advising them that R.T. was a student with disabilities, that exclusion from Payne on

account of his disabilities violated federal law, and requesting that
Defendant Homesley re-admit R.T.

24.  During that period, Ms. Tomonia contacted the following
officers and personnel of DCPS seeking their assistance in obtaining
R.T.'s re-entry to Payne ES:

a) Defendant Superintendent Clifford Janey;

b) Defendant Assistant Superintendent William Wilhoyte;

c)  Linda Roberts;

d) Jennifer Finch;

e) Timothy Williams;

f) DCPS General Counsel, Abby Hairston.

25.  In Ms. Tomonia's communications to those DCPS officers and
staff, Ms. Tomonia requested that they direct Defendant Homesley to
permit R.T. to return to Payne ES. She informed those officers:  that
Defendant Homesley had unlawfully excluded her son, a student with
disabilities, from Payne Es, on account of his disabilities, that her son
previously been excluded from school for 23 days during this school year
and was in danger of being retained, again, as a result of loss of
classroom instruction, that Defendant Homesley had failed to convene
the manifestation determination meeting required by Section 504 or to
provide R.T. and Ms. Tomonia the due process safeguards mandated by
Section 504:

26. Those persons took no steps to assure R.T's re-entry to Payne ES, did not act to require that Defendant Homesley convene a manifestation determination meeting or conduct evaluations of RT.

27. Defendants Janey and Wilhoyte ratified or approved Defendant Homesley's exclusion of RT on account of his disabilities.

28. On November 1, 2006, Ms. Tomonia filed a Due Process Complaint with the DCPS Student Hearing Office, seeking, inter alia, enforcement of R.T.'s rights under Section 504 and the IDEA.   By sheer coincidence, Ms. Tomonia was at a hearing on her Due Process Complaint on March 19, 2007, the date that Defendant Homesley excluded R.T. from Payne ES.  Ms. Tomonia informed the Hearing Officer that Principal Homesley had that morning illegally excluded her son from Payne ES, and requested that the Hearing Officer order DCPS to re-admit RT to Payne, forthwith.

29. Defendants initiated, at that Hearing, actions that were intended to deprive R.T., as a student with disabilities of his Due Process Rights, and deprive him of benefits available to DCPS students   and which   retaliated against Ms. Tomonia for her assertion of those rights at the Due Process Hearing.  Immediately following Ms. Tomonia's request for an order requiring that Payne ES re-admit R.T., Defendant's counsel moved to dismiss her Due Process Complaint, alleging that the DCPS Student Hearing Office had no jurisdiction to hear Section 504 matters and alleging that Ms. Tomonia's sole recourse, under Section 504, was a

complaint filed with the Federal Department of Education's Office of Civil Rights.

30. Section 504 regulations promulgated at 34 C.F.R. § 104.36 and DCPS regulations promulgated at 5 DCMR Chapter 24 require that DCPS make available to R.T. an impartial due process hearing, as well as other procedural safeguards, including notice.

31. The Hearing Officer took DCPS' motion under advisement and ordered the parties to submit memoranda of law on the issue.

32. On March 19 and March 20, 2007, Ms. Tomonia notified Defendant Clifford Janey and DCPS General Counsel Abby Hairston that DCPS' motion deprived students with disabilities of their due process rights and requested that DCPS withdraw its motion to dismiss Ms. Tomonia's Due Process Complaint for lack of Section 504 jurisdiction.

33. On March 26, 2007, DCPS submitted to the Hearing Officer a memorandum asserting that Ms. Tomonia's Due Process Complaint must be dismissed and Plaintiffs should be required to pursue a "grievance procedure"

a) that was not in existence at the time that Plaintiffs filed their Due Process Complaint;

b) that was not in existence at the time that DCPS made its motion to dismiss;

c) of which DCPS had given Plaintiffs no notice; and

d) that violated Section 504's due process hearing requirements.

34.  Defendant Janey ratified the actions of DCPS counsel retaliating against Plaintiffs, denying R.T. his due process rights solely because of his disability and depriving him of services or programs available to non-disabled students.

36.  As of May 10, 2007, the Hearing Officer had not issued a decision on DCPS' motion to dismiss, and Plaintiffs' Section 504 due process hearing had not recommenced. As a consequence, RT will have been denied relief for essentially the remainder of this school year.

37. Defendants both failed to provide RT the accommodations that they were required to provide him under the Section 504 plan that DCPS had created, but failed repeatedly to revise that Plan to provide the additional accommodations that RT required. As a result of Defendants' refusal to conduct manifestation determinations and otherwise address RT's ADHD, psychological and emotional disabilities, RT spent large amounts of the time that he was in school (i) wandering the hallways, (ii) sitting in the school office, (iii) resting at his desk or (iv) wandering off campus.

38. Defendants have failed to perform any assessment of the impact of R.T.'s ADHD on his ability to benefit from his public education, at any point during school years 2005-2007, or in connection with any exclusion of R.T.

39. Defendants, seeking to continue, unimpeded, their exclusion of R.T. from, and denial to him of the benefits of DCPS programs, services

and activities, and acting to retaliate against Ms. Tomonia for her advocacy of R. T.'s rights as a student with disabilities, repeatedly withheld from Ms. Tomonia information, reports and educational records that Defendants are required to provide her under DC Law, under Section 504 and the ADA.

40. Records and notices withheld from Ms. Tomonia included, most notably, notices of suspensions, disciplinary actions, and security incidents, which Defendants Homesley and Parker denied Ms. Tomonia all together or which were withheld for a period long enough to prevent or impede Ms. Tomonia from taking action to preserve her son's right to remain in school.

41. Defendant Homesley has denied Ms. Tomonia notice of meetings and conferences concerning her son, and disciplinary actions under consideration or taken against him.

42. Defendants Janey and Wilhoyte ratified Principal Homesley's conduct in withholding information from Ms. Tomonia.

43. On information and belief, Defendant Parker or Defendant Homesley, acting alone or in concert with others, and acting in retaliation for Ms. Tomonia's advocacy of R.T.'s rights as a student with disabilities, altered or directed their staff to alter R.T.' s DCPS Cumulative File, eliminating his mother's name and address from that file and altering his Grade assignment. .

44. DCPS has a custom, practice or policy of excluding students with disabilities from or denying them the benefits of DCPS educational programs, services and activities.

45. DCPS will continue to exclude R.T. from, and deny him the benefit of DCPS programs, services and activities unless DCPS is enjoined from doing so.

## PLAINTIFFS' INJURIES

46.  Defendants' intentional conduct excluded R.T. from, and denied him the benefits of, educational services and programs offered by DCPS solely on account of his  disabilities and their severity.

47.  R.T. was excluded from the classroom and denied the classroom instruction that he required in order to benefit from his public education in school years 2005-2006 and 2006-2007.

48. R.T. was forced to repeat Fifth Grade in school year 2006-2007, has not yet mastered the Fifth Grade curriculum, and very likely will not have mastered the Fifth Grade curriculum by close of the 2006-2007 school year.

49. R.T. was denied the accommodations that he required and that Defendants were legally obligated to provide him, with the result that RT at the age of twelve can not understand written material beyond the Third Grade level.

50. R.T. suffered humiliation and severe emotional distress, resulting in his hospitalization at Children's National Medical Center in June 2006.

51. Ms. Tomonia suffered economic losses, loss of work time and incurred additional child care expenses, when R.T. was excluded from Takoma EC and its child care program.

52. Ms. Tomonia suffered anxiety, emotional distress, and loss of work time as a result of Defendants retaliation against her.

## FIRST CAUSE OF ACTION
### Violation of Section 504

53. Plaintiffs incorporate and re-allege Paragraphs 1-52.

54. R.T. is a qualified individual with a disability under 29 U.S.C. .§ 705(20), and is qualified to participate in educational services, activities and programs offered by D.C.P.S.

55. Defendants intentionally excluded R.T. from participating in and denied him the benefits of DCPS educational programs and services, solely because of his disability, in willful violation of his Section 504 rights.

56. Defendants violated 29 U.S.C. § 794(a).

## SECOND CAUSE OF ACTION
### Deprivation of Section 504 Rights under Color of State Law

57. Plaintiffs incorporate and re-allege Paragraphs 1-56.

58. DCPS offers, and is required by law to offer, educational

programs and services for individuals with disabilities, as well as for individuals who are not disabled.

59. R.T. is a qualified individual with a disability, under 29 U.S.C. § 794, and therefore has a right to be free from exclusion from, or denial of the benefits of, those DCPS services and programs by reason of his disability.

60. Defendants Grant, Turner, and Homesley intentionally excluded R.T. from participation in, and denied him the benefits of, DCPS services and programs solely on account of his disability, in willful violation of his Section 504 rights.

61. Defendants Janey and Wilhoyte ratified the actions of Defendants Grant, Turner and Homesley, or knew that there was a substantial risk of injury to R.T.'s right to participate in, and benefit from, DCPS educational programs, and failed to act to prevent that harm.

62. Defendants, acting under color of state law, denied R.T. the rights granted him by Section 504 of the Rehabilitation Act, in violation of 42 U.S.C.§1983.

**THIRD CAUSE OF ACTION**
**Violation of ADA Title II**

63. Plaintiffs incorporate and re-allege Paragraphs 1-62.

64. DCPS receives federal funds, offers, and is required by federal law to offer, educational programs and services for individuals with disabilities as well as for individuals who are not disabled.

65. R.T. is a qualified individual with a disability, who is qualified to participate in and receive the benefits of DCPS educational services..

66. Defendants, solely by reason of his disability, intentionally excluded R.T. from participation in, and denied him the benefits of, DCPS programs and services, in willful violation of his ADA rights.

67. Defendants, knowing that their actions were substantially likely to harm R.T.'s federally protected rights to participate in, or benefit from, DCPS educational services, failed to act upon that likelihood, intentionally discriminating against R.T.

68. Defendants violated 42 U.S.C. §§ 12131, 12132, and their implementing regulations.

**FOURTH CAUSE OF ACTION**
**Deprivation of ADA Rights under Color of State Law**

69. Plaintiffs incorporate and re-allege Paragraphs 1-68.

70. DCPS offers, and is required by law to offer, educational programs and services for individuals with disabilities, as well as for individuals who are not disabled.

71. R.T. is a qualified individual with a disability, under 42 U.S.C. §12102, and therefore has a right, under 42 U.S.C. §§ 12131, 12132 to

be free from exclusion from, or denial of the benefits of, those DCPS

services and programs by reason of his disability.

72.  Defendants Grant, Turner, and Homesley intentionally

excluded R.T. from participation in, and denied him the benefits of,

DCPS services and programs solely on account of his disability, in willful

violation of his ADA rights.

73. Defendants Janey and Wilhoyte ratified the actions of

Defendants Grant, Turner and Homesley, or knew  that there was a

substantial risk of injury to R.T.'s right to participate in, and benefit

from, DCPS educational programs, and failed to act to prevent that

harm.

74.  Defendants, acting under color of state law, denied R.T.  the

rights granted him by 42 U.S.C. §§ 12131, 12132, in violation of 42

U.S.C. §1983.

## FIFTH CAUSE OF ACTION
## Violation of D.C. Human Rights Act Prohibition of Discrimination by
## An Educational Institution

75. Plaintiffs incorporate and re-allege Paragraphs 1-74.

76. R.T. is a person with a disability, who is qualified to participate

in DCPS services, programs, and benefits.

77. DCPS is an educational institution.

78. Defendants intentionally denied, restricted or abridged R.T.'s

use of and access to DCPS educational services, programs, and benefits and benefits on account of his disability.

79. Defendants violated the D. C. Human Rights Act, DC Code § 2-1402.41, by intentionally discriminating against R.T. on the basis of his disability and by denying him access to educational services and benefits on discriminatory grounds.

80. Defendants Janey and Wilhoyte's practice or policy of ignoring their subordinates' violations of R.T.'s rights had the effect or consequence of violating those rights, and constitutes an unlawful discriminatory practice prohibited under D.C. Code § 2-1402.68.

## SIXTH CAUSE OF ACTION

### Violation of D.C. Human Rights Act Prohibition of Discrimination by A D.C. Agency or Office

81. Plaintiffs incorporate and re-allege Paragraphs 1-80.

82. R.T. is a person with a disability.

83. DCPS is an agency or office of D.C. government.

84. Defendants intentionally limited or refused to provide to R.T. DCPS services, programs or benefits on the basis of his disability.

85. Defendants violated the D.C. Human Rights Act, DC Code § 2-1402.73 by limiting or refusing to provide services, programs or benefits to Plaintiff on the basis of his disability.

86. Defendants Janey and Wilhoyte's practice or policy of ignoring

their subordinates' violations of R.T.'s rights had the effect or

consequence of violating those rights, and is an unlawful discriminatory

practice under by D.C. Code § 2-1402.68.

## SEVENTH CAUSE OF ACTION
### Aiding and Abetting Discrimination, in Violation of DC Human Rights Act

87. Plaintiffs incorporate and re-allege Paragraphs 1-86.

88. R.T. is a person with a disability.

89. DCPS is an educational institution and an agency or office of

D.C. government.

90. Defendants limited or refused to provide to him DCPS services,

programs or benefits on the basis of his disability, in violation of DC

Code §§ 2-1402.41 and 2-1402.73.

91. Defendants each aided and abetted, invited, or coerced or

attempted to aide, abet, invite or coerce an act forbidden by the D.C.

Human Rights Act in violation of DC Code §§ 2-1402.62.

## EIGHTH CAUSE OF ACTION
### Retaliation and Interference, in Violation of Title II of the ADA, Section 504 of the Rehabilitation Act and of the  D.C. Human Rights Act

92. Plaintiffs incorporate and re-allege Paragraphs 1-91.

93. R.T. is a qualified person with a disability, the exercise of

whose rights of access to DCPS services and programs is protected by
Title II of the ADA, Section 504 of the Rehabilitation Act, and the D.C.
Human Rights Act.

94. Ms. Tomonia has aided and encouraged R.T. in the exercise
and enjoyment of R.T. rights, as a student  with disabilities, to
participate in DCPS educational services, programs and benefits, by
among other things, attending Section 504 Team meetings, advocating
his right to accommodations necessary to permit him to benefit from or
participate in DCPS  services, programs and activities and his due
process rights under Section 504 and under DC Law, and filing a due
process complaint to obtain the services that R.T. requires and is entitled
to under Section 504,  Title II of the ADA, the D.C. Human Rights Act
and D.C. municipal regulations.

95. Defendants have retaliated against Ms. Tomonia because of her
advocacy of his rights and have interfered with her advocacy of R.T.'s
rights, for the purpose of excluding R.T. from and depriving R.T. of the
benefits of DCPS services and programs, and Defendants' retaliation
against Ms. Tomonia has injured her.

96. Defendants violated 29 U. S.C.  § 794(a) (2), 34 C.F.R.
§104.61, 34 C.F.R.  §100.7(e), 42. U.S.C. §12203 and  D.C. Code § 2-
1402.61(a).

**RELIEF REQUESTED**

Plaintiffs respectfully request that this Court enter judgment for Plaintiffs and grant them the following relief:

1) Issue permanent injunctive and declaratory relief against Defendant DCPS, enjoining DCPS from excluding R.T. from the classroom and from school without notice to Ms. Tomonia and without convening a manifestation determination meeting and re-evaluating R.T., enjoining DCPS from withholding from Ms. Tomonia records, notices, reports and other information concerning R.T., and enjoining DCPS from refusing or failing to provide R.T. all accommodations and services required by his Section 504 Plan;

2) Issue permanent injunctive and declaratory relief against Defendants Janey, Wilhoyte and Homesley, enjoining them from excluding R.T. from the classroom and from school without notice to Ms. Tomonia and without convening a manifestation determination meeting and re-evaluating R.T, enjoining them from withholding from Ms. Tomonia records, notices, reports and other information concerning R.T., and enjoining them from refusing or failing to provide R.T. all accommodations and services required by his Section 504 Plan;

3) Order Defendants Janey, Wilhoyte, Grant, Parker and Homesley to pay to Plaintiffs exemplary and compensatory damages, to compensate

Plaintiffs for the injuries that they have suffered;

4) Order Defendants Janey, Wilhoyte, Grant, Parker and Homesley to pay for educational services to R.T. to compensate him for the injuries that he has suffered;

5) Order Defendants Janey, Wilhoyte, Grant, Parker and Homesley to pay to Plaintiffs punitive damages, to deter those Defendants from future violations of the rights of RT and other students with disabilities;

6). Award Plaintiffs their reasonable attorney's fees and expenses;

7) Provide such other and further relief as the Court considers just and reasonable.

## JURY DEMAND

Plaintiffs demand a jury trial for all issues so triable.

Dated: May 10, 2007

Respectfully submitted,

Karen D. Alvarez
D.C. Bar No. 423186
1442 Foxhall Rd, N.W.
Washington, D.C. 20007
(202) 333-8553
202-333-1546(Fax)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| | |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>**(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

1  U.S. Government
   Plaintiff

2 U.S. Government
   Defendant

3  Federal Question
   (U.S. Government Not a Party)

4 Diversity
   (Indicate Citizenship of
   Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| A. *Antitrust* | B. *Personal Injury/ Malpractice* | C. *Administrative Agency Review* | D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| 410 Antitrust | 310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Medical Malpractice<br>365 Product Liability<br>368 Asbestos Product Liability | 151 Medicare Act<br><br>**Social Security:**<br>861 HIA ((1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g)<br>864 SSID Title XVI<br>865 RSI (405(g)<br>**Other Statutes**<br>891 Agricultural Acts<br>892 Economic Stabilization Act<br>893 Environmental Matters<br>894 Energy Allocation Act<br>890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| E. *General Civil (Other)* | OR | F. *Pro Se General Civil* | |
|---|---|---|---|
| **Real Property**<br>210 Land Condemnation<br>220 Foreclosure<br>230 Rent, Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property<br><br>**Personal Property**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | **Bankruptcy**<br>422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>535 Death Penalty<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br><br>**Property Rights**<br>820 Copyrights<br>830 Patent<br>840 Trademark<br><br>**Federal Tax Suits**<br>870 Taxes (US plaintiff or defendant<br>871 IRS-Third Party 26 USC  7609 | **Forfeiture/Penalty**<br>610 Agriculture<br>620 Other Food &Drug<br>625 Drug Related Seizure of Property 21 USC 881<br>630 Liquor Laws<br>640 RR & Truck<br>650 Airline Regs<br>660 Occupational Safety/Health<br>690 Other<br><br>**Other Statutes**<br>400 State Reapportionment<br>430 Banks & Banking<br>450 Commerce/ICC Rates/etc.<br>460 Deportation | 470 Racketeer Influenced & Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Satellite TV<br>810 Selective Service<br>850 Securities/Commodities/ Exchange<br>875 Customer Challenge 12 USC 3410<br>900 Appeal of fee determination under equal access to Justice<br>950 Constitutionality of State Statutes<br>890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| **G.** *Habeas Corpus/ 2255* | **H.** *Employment Discrimination* | **I.** *FOIA/PRIVACY ACT* | **J.** *Student Loan* |
|---|---|---|---|
| **530** Habeas Corpus-General<br>**510** Motion/Vacate Sentence | **442** Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | **895** Freedom of Information Act<br>**890** Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | **152** Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| **K.** *Labor/ERISA (non-employment)* | **L.** *Other Civil Rights (non-employment)* | **M.** *Contract* | **N.** *Three-Judge Court* |
|---|---|---|---|
| **710** Fair Labor Standards Act<br>**720** Labor/Mgmt. Relations<br>**730** Labor/Mgmt. Reporting &<br>Disclosure Act<br>**740** Labor Railway Act<br>**790** Other Labor Litigation<br>**791** Empl. Ret. Inc. Security Act | **441** Voting (if not Voting Rights<br>Act)<br>**443** Housing/Accommodations<br>**444** Welfare<br>**440** Other Civil Rights<br>**445** American w/Disabilities-<br>Employment<br>**446** Americans w/Disabilities-<br>Other | **110** Insurance<br>**120** Marine<br>**130** Miller Act<br>**140** Negotiable Instrument<br>**150** Recovery of Overpayment &<br>Enforcement of Judgment<br>**153** Recovery of Overpayment of<br>Veteran's Benefits<br>**160** Stockholder's Suits<br>**190** Other Contracts<br>**195** Contract Product Liability<br>**196** Franchise | **441** Civil Rights-Voting<br>(if Voting Rights Act) |

## V. ORIGIN

| 1 Original<br>Proceeding | 2 Removed<br>from State<br>Court | 3 Remanded from<br>Appellate Court | 4 Reinstated<br>or Reopened | 5 Transferred from<br>another district<br>(specify) | 6 Multi district<br>Litigation | 7 Appeal to<br>District Judge<br>from Mag. Judge |
|---|---|---|---|---|---|---|

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:**   YES   NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES   NO   If yes, please complete related case form.

**DATE**   **SIGNATURE OF ATTORNEY OF RECORD**

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.