UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**LINDA TOMONIA**, *et al.*,       )
                                   )
    On behalf of R.T., minor, )
        Plaintiffs, )
                                   )
        v.           )   Civil Action No. 07-0882 (JR)
                                   )
**DISTRICT OF COLUMBIA**, *et al*., )
                                   )
        Defendants.  )
_____)

## MOTION TO VACATE DEFAULT AGAINST DEFENDANTS HOMESLEY, WILHOYTE, JANEY AND PARKER, AND FOR AN ENLARGEMENT OF TIME TO ANSWER COMPLAINT FOR DEFENDANT MARY GRANT

    Defendants Marcia Parker, Dennis Homesley, Clifford Janey, and William Wilhoyte move this Court to vacate the default entered against them on grounds that good cause exists to vacate the default. Here, Plaintiffs do not have a meritorious claim against the individually-named defendants, who have been sued in their individual capacities under the American with Disabilities, Rehabilitation and D.C. Human Rights Acts. Moreover, the failure of the District's attorneys to answer the complaint was not willful in that counsel for defendants had no knowledge that the individually-named defendants had been served until six or more weeks after they had been served by Plaintiffs. Also, Plaintiffs cannot demonstrate that they will be prejudiced by the vacation of the default.

    In addition, defendant Grant moves this Court for leave to enlarge the time for her to answer the complaint.

Respectfully submitted,

LINDA SINGER
Attorney General, D. C

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

_____*/s/Phillip A. Lattimore*_____
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 727-6295
(202) 727-3625 (fax)
E-mail: phillip.lattimore@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**LINDA TOMONIA**, *et al.*,        )
                                    )
   On behalf of R.T., minor,   )
      Plaintiffs,          )
                                    )
      v.                   )   Civil Action No. 07-0882 (JR)
                                    )
**DISTRICT OF COLUMBIA**, *et al*., )
                                    )
      Defendants.          )
_____)

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE DEFAULT AGAINST DEFENDANTS HOMESLEY, JANEY, WILHOYTE AND PARKER, AND FOR AN ENLARGEMENT OF TIME TO ANSWER COMPLAINT FOR DEFENDANT MARY GRANT

Defendants submit this memorandum of points and authorities in support of their motion to vacate the default entered against them. In addition, defendant Grant requests leave to enlarge the time to respond to Plaintiffs' complaint.

**Relevant Facts**

On June 14, 2007, Plaintiff served the District of Columbia with a summons and complaint.

On July 3, 2007, the District of Columbia *timely* moved to enlarge the time in which to file an answer to the complaint up to and including August 7, 2007. The District asserted that it needed additional time to collect information from the District of Columbia Public Schools. In addition, the District informed the Court about its reduced legal staff. *See* Docket No. 2. At this time, the Office of Attorney General (OAG) for the District of Columbia acknowledged that it appeared that it had been properly served. However, OAG had no knowledge at that time that the other named defendants had been

3

served by Plaintiffs. There were no affidavits of service in the docket at that time that stated that the other named defendants had been served by Plaintiffs. And OAG received no such information from the other named defendants. Accordingly, this Court (Robertson, J.) promptly granted the District's motion and enlarged the time until August 7, 2007, for the District to file its answer.

On July 3rd, 2007, the undersigned counsel assigned this case to new counsel in the office. However, it appears that this new counsel did not actually commence employment with OAG until on or about July 25th.

On July 30, 2007, Plaintiffs filed an affidavit and return of service stating that on June 14, 2007, that they had executed service on Marcia Parker and Clifford Janey --- some six weeks earlier. They also alleged that they served Dennis Homesley on June 16, 2007, and Clifford Janey again on July 6, 2007, a date different from what they had originally claimed in a prior affidavit. Also, Plaintiff stated that she had served William Wilhoyte on June 19, 2007. According to the Clerk's office, Parker's answer was due on July 5, 2007. Homesley's answer was due on July 6, 2007. In addition, Wilhoyte's answer was due on July 9, 2007. Janey's answer was due on July 26, 2007 (second date of service).

On July 30, 2007, Plaintiff moved the Clerk to enter default against defendants Clifford Janey, Marcia Parker, William Wilhoyte; and Dennis Homesley[1].

The following day, the Clerk entered a default against Parker, Janey, Homesley, and Wilhoyte pursuant to Fed. R. Civ. P. 55 (a).

On August 6, 2007, new counsel (Swann) entered her appearance on behalf of

---

[1] Even though the Plaintiff styled her request for the entry of a default as a "motion for default judgment," the Court properly construed her request as one for default. See Notice of Corrected Docket Entry (July 31, 2007).

4

Dennis Homesley, the District of Columbia, and Marcia Parker. Docket No. 18. On this same day, the District of Columbia moved to extend the time to answer the complaint up and until September 19, 2007. *See* Docket 19. This Court granted the District's motion. Docket 20.

On August 21, 2007, Plaintiff filed an affidavit of service with this Court stating that she had served Mary Grant on August 15, 2007. Since an answer was not filed on September 4, 2007, Plaintiff requested the Court to enter a default on September 7, 2007.

## ARGUMENT

**Good cause exists to vacate the entry of default by the Clerk against the individually named defendants in this case.**

A.   STANDARD OF REVIEW

It is well-established in this Circuit that there is a strong policy favoring resolution of genuine disputes on the merits. *Jackson v. Beech,* 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, entries of default by clerks are not favored by federal courts. *Id*; Fed. R. Civ. P. 55(c). The decision as to whether an entry of default should be vacated is committed to the sound discretion of the trial court. *Int'l Painters & Allied Trades & Indus. Pension Fund v. H.W. Ellis Painting Co.,* 288 F. Supp.2d 22, 25-26(D.D.C. 2003). Thus, defaults entered by a clerk under Fed. R. Civ. P. 55, as was the case here, may be set aside for "good cause shown." *Jackson,* 636 F.2d at 835. After balancing of equities, courts consider the following factors when deciding whether to vacate a default: (1) whether the default was willful; (2) whether setting aside the default will prejudice the opposing party, the Plaintiff here; and (3) whether the Defendants have a meritorious defense to the lawsuit. *Beech*, 636 F.2d at 836.

B.   DISCUSSION

5

Good cause exists to vacate the default in this case because Plaintiffs do not have a meritorious claim against the individually-named defendants, who have been sued in their individual capacities under the American with Disabilities, Rehabilitation and D.C. Human Rights Acts.  Moreover, the failure of the District's attorneys to answer the complaint was not willful in that counsel for defendants had no knowledge that the individually-named defendants had been served until six or more weeks after they had been served by Plaintiffs.  Moreover, Plaintiff cannot demonstrate that she will be prejudiced by the vacation of the default.

1. **Defendants have a meritorious defense to Plaintiff's meritless lawsuit against them**

Here, Plaintiffs have sued Janey, Grant, Parker, Homesley and Wilhoyle in their "personal capacities" under the American with Disabilities Act (ADA), the Rehabilitation Act and the D.C. Human Rights Act.  However, this Court has held that both the ADA and the Rehabilitation Act do not allow for individual liability.  *See Cooke-Seals v. District of Columbia*, 973 F.Supp. 184, 186-187 (D.D.C. 1997) (Robertson, J.) *Amariglio v. National RR Passenger Corp*, 941 F.Supp. 173, 178 (D.D.C. 1996); *Haltek v. Village of Park Forest*, 864 F.Supp. 802, 803 (N.D. Ill. 1994); *Romand v. Zimmerman*, 881 F.Supp. 806, 812 (N.D.N.Y., 1995).  Accordingly, Plaintiffs should voluntarily dismiss Janey, Grant, Parker, Homesley and Wilhoyle from this cause of action since they have been sued in their individual capacity.

Moreover, Plaintiffs' suit against Janey in his "official" capacity under the ADA and Rehab Act should also be dismissed since a suit against Janey in his official capacity merges into the lawsuit against the employer, the District of Columbia.  *See Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995).

In addition, it is questionable whether Plaintiffs' suit against Janey, Grant, Parker, Homesley and Wilhoyle have been timely filed within the one year statute of limitation period for D.C. Human Rights Act claims. In her complaint, Plaintiff admits that this suit arises from actions that commenced in 2005 (Compl, Prelim Statement). However, her lawsuit was filed in 2007 --- some two years later. And even if Plaintiffs' suit was timely-filed, she may still be barred from filing suit against most, if not all, of the individually-named defendants under the DCHRA, which closely follows Title VII law regarding individual liability. *See Wallace v. Skadden, Arps, Slate, Meager and Flom*, 715 A.2d 873 (D.C. 1998).

2. **Plaintiff cannot demonstrate prejudice**.

Plaintiffs will not be prejudiced by vacating the default in this case. Plaintiffs cannot claim that she will be prejudiced by the vacation of this default because of legal costs or delay since these factors do not constitute prejudice for purposes of Rule 55c. *Quaker Valley School District v. Employers Mutual Liability Insurance Co. of Wisconsin,* 96 F.R.D. 423 (E.D. Pa. 1983). Moreover, this case is in the initial stages of the litigation process. No initial scheduling order has been entered, and the District of Columbia, the real defendant in this case, see Part I, *supra*, has until September 19, 2007, to answer the complaint. The individually-named defendants are employees of the District.

3. **The failure of the individual defendants to answer the complaint was not willful**.

Although it appears that the Office of Attorney General received notice on July 30, 2007, that Parker, Homesley, Janey, and Wilhoyte were served with the summons and complaint, it is important for this Court to consider, when assessing wilfullness, that Plaintiffs did not file their affidavit of service with this Court until some <u>six</u> weeks after

they had served these individuals. OAG never received any other prior notice from anyone stating that Parker, Homesley, Janey and Wilhoyte had been served. Moreover, the individually-named defendants, who are not lawyers, never informed OAG during this period that they had been served. Thus, it appears that Plaintiffs waited until after defendants were in default, and without extending any type of notice to the OAG, and filed affidavits with this Court to show that the individually-named defendants were in default.

Moreover, this case was reassigned to new counsel on or about July 3, 2007, and because she did not actually commence employment with OAG until around July 25th, and may not have had access to this Court's ECF email notices until well after this date, it is reasonable to see how, in hindsight, that new counsel may not have received the July 30th and 31st notices that the individually-named defendants had been served six weeks prior.

Also, the undersigned counsel reassigned this case to new counsel under the mistaken belief that she would commence employment a few days later and would be well in place to handle all new matters that would occur in this case. However, again, new counsel did not begin employment with OAG until weeks later, and neither she nor the undersigned were made aware by anyone that the individually named defendants had been served with the instant lawsuit some six weeks prior[2]. If counsel for defendants were made aware that the individually-named defendants had been served in June and July, then counsel for the District could have easily filed a motion to enlarge the time for

---

[2] The individually-named defendants were already in default on July 30, 2007, and it would have been little to nothing that counsel for the District could have done to prevent this fact since they did not have prior knowledge that the individually-named defendants had been served in early June except for to move for the vacation of default, which is what is being done now, at an earlier point in time.

these individually-named defendants to answer the complaint on July 3, 2007, when the District first moved to enlarge the time to file an answer to the complaint. This the District would have done had it had notice. Thus, the actions of the Districts have not been "willful."

4. **The District requests up and until September 19, 2007, to answer the complaint for Mary Grant**.

According to the docket, defendant Grant was served on August 15, 2007. Her answer was due to be filed on September 4, 2007. The District requests up until September 19, 2007, to answer on her behalf. This brief enlargement of time should not prejudice the Plaintiffs or disturb the court's calendar since the District's answer is due on that day. Docket No. 20.

## CONCLUSION

Balancing the equities in this case, this Court should vacate the default in this case against the individual defendants since the real party in this case should be the District of Columbia and not the individually-named defendants. In addition, the District requests up and until September 19, 2007, to file an answer on behalf of Mary Grant.

        Respectfully submitted,

        LINDA SINGER
        Attorney General
        District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

    */s/Phillip A. Lattimore*
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 727-6295
(202) 727-3625 (fax)
E-mail: phillip.lattimore@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA TOMONIA, *et al.*,<br><br>On behalf of R.T., minor,<br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al*.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 07-0882 (JR)<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

Upon consideration of the District of Columbia's Motion to Extend the Time to Respond to Plaintiff's Complaint, the Memorandum of Points and Authorities In Support thereof, and the entire record herein, it is on this ____ day of _____, 2007, that the Court hereby

**ORDERED:** that the Motion is **GRANTED**. It is

**FURTHER ORDERED:** that the Clerk shall vacate the default entered in this case against Marcia Parker, William Wilhoyte, Dennis Homesley, and Clifford Janey;

**FURTHER ORDERED**: that Marcia Parker, William Wilhoyte, Dennis Homesley, Clifford Janey, and Mary Grant shall respond to Plaintiff's complaint no later than September 19, 2007.

**SO ORDERED this** _____ **day of** _____ **2007.**


_____
HON. JAMES ROBERTSON
United States District Court Judge