UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA TOMONIA, *et al.*, ) | |
| ) | |
| On behalf of R.T., minor, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-0882 (JR) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MARY GRANT'S MOTION TO VACATE DEFAULT
AGAINST DEFENDANT GRANT AND TO RENEW MOTION
TO ENLARGE TIME TO RESPOND TO PLATINIFF'S COMPLAINT**

Defendant Mary Grant moves this Court to vacate the default against defendant Grant on grounds that good cause exists to vacate the default. Plaintiffs do not have a meritorious claim against the individually-named defendant Grant, who has been sued in her individual capacity under the American with Disabilities, Rehabilitation and D.C. Human Rights Acts. Moreover, the failure of the District's attorneys to respond to the complaint was not willful. At the time the undersigned counsel (Swann) entered her appearance on behalf of the other defendants, on August 6, 2007, defendant Grant had not been served. Plaintiffs' affidavit of service on defendant Grant was not filed until August 21, 2007. Thus, the undersigned counsel (Swann) would not have been alerted to the fact of service until shortly before the Answer's due date, September 4, 2007. Also, Plaintiffs cannot demonstrate that they will be prejudiced by the vacation of the default. In addition, prior to the entry of default, defendant Grant requested that she be granted until September 19, 2007, to file her her response to the Complaint. See Docket 21

1

(Motion to Vacate Default for defendants Homesley, Wilhoyte, Janey and Parker and Enlargement of Time to Answer Complaint for Defendant Mary Grant.

In support of this motion, defendant Mary Grant refers this Court to its Memorandum of Points and Authorities, which is attached hereto. Counsel for defendant Grant telephoned Plaintiff's counsel to obtain her consent. However, she did not consent.

Dated: September 11, 2007

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 727-6295


SALLY L. SWANN[1]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR83.2.

2

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **LINDA TOMONIA**, *et al.,* ) | |
| ) | |
| On behalf of R.T., minor, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-0882 (JR) |
| ) | |
| **DISTRICT OF COLUMBIA**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT MARY GRANT'S
MOTION TO VACATE DEFAULT AND IN SUPPORT OF RENEWAL OF
MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT**

Defendant Grant submits this memorandum of points and authorities in support of her motion to vacate the default entered against her and in support of her earlier request to enlarge the time to respond to the Complaint.

**Relevant Facts**

According to the Return of Service Affidavit filed on August 21, 2007, defendant Grant was served on August 15, 2007 (Docket no.21). On September 8, 2007,[2] the Office of the Attorney General for the District of Columbia (OAG), filed its Motion to Vacate Default against Defendants, Homesley, Wilhoyte, Janey and Parker. (Docket no. 23). In the same pleading, the OAG also moved on behalf of defendant Grant for an enlargement of time, until September 19, 2007 to answer the Complaint. (*Id.*) Plaintiffs' Affidavit of Default as to defendant Grant (Docket no. 22) was filed on September 7,

---

[2] **The OAG learned of the entry of default on September 7, 2007, immediately began to prepare the motion to vacate and filed the motion on September 8, 2007 at 1:47 a.m.**

3

2007. The clerk's entry of default was made on September 10, 2007 (Docket no. 24), two days later. Thus, the motion to enlarge the time for answering was made two days before the entry of default against defendant Grant. The District's answer is due on September 19, 2007.[3] *See* Docket No. 20.

## ARGUMENT

**Good cause exists to vacate the entry of default by the Clerk against the individually named defendants in this case.**

A.  **STANDARD OF REVIEW**

It is well-established in this Circuit that there is a strong policy favoring resolution of genuine disputes on the merits. *Jackson v. Beech,* 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, entries of default by clerks are not favored by federal courts. *Id*; Fed. R. Civ. P. 55(c). The decision as to whether an entry of default should be vacated is committed to the sound discretion of the trial court. *Int'l Painters & Allied Trades & Indus. Pension Fund v. H.W. Ellis Painting Co.,* 288 F. Supp.2d 22, 25-26(D.D.C. 2003). Thus, defaults entered by a clerk under Fed. R. Civ. P. 55, as was the case here, may be set aside for "good cause shown." *Jackson,* 636 F.2d at 835. After balancing of equities, courts consider the following factors when deciding whether to vacate a default: (1) whether the default was willful; (2) whether setting aside the default will prejudice the opposing party, the Plaintiff here; and (3) whether the Defendants have a meritorious defense to the lawsuit. *Beech*, 636 F.2d at 836.

---

[3]    On August 6, 2007, newly assigned counsel (Swann) entered her appearance on behalf of Dennis Homesley, the District of Columbia, and Marcia Parker. Docket No. 18, At that time, Defendant Grant had not yet been served with the Complaint.

4

1

## B. DISCUSSION

Good cause exists to vacate the default in this case because Plaintiffs do not have a meritorious claim against the individually-named defendant, who has been sued in her individual capacity under the American with Disabilities, Rehabilitation and D.C. Human Rights Acts.  Moreover, the failure of the District's attorneys to answer the complaint was not willful. The earliest the undersigned counsel (Swann) would have been alerted to plaintiffs' service of the Complaint was August 21, 2007 when plaintiff's Return of Service Affidavit was filed, only eight days before the answer to the Complaint was due. **However, at this time, undersigned counsel, had not yet entered an appearance on behalf of Ms. Grant, and because of her unfamiliarity with the court's electronic filing system, this counsel was not aware that a Return of Service Affidavit had been filed until the entry of default on September 10, 2007.** Furthermore, Plaintiffs cannot demonstrate that they will be prejudiced by the vacation of the default, especially since the answer of the District of Columbia, the real party in interest, is due on September 19, 2007.

    1. **Defendants have a meritorious defense to Plaintiff's meritless lawsuit against her.**

Plaintiffs have sued Mary Grant in her "personal capacity" under the American with Disabilities Act (ADA), the Rehabilitation Act and the D.C. Human Rights Act. However, this Court has held that both the ADA and the Rehabilitation Act do not allow for individual liability.  *See Cooke-Seals v. District of Columbia*, 973 F.Supp. 184, 186-187 (D.D.C. 1997) (Robertson, J.) *Amariglio v. National RR Passenger Corp*, 941 F.Supp. 173, 178 (D.D.C. 1996); *Haltek v. Village of Park Forest*, 864 F.Supp. 802, 803 (N.D. Ill. 1994); *Romand v. Zimmerman*, 881 F.Supp. 806, 812 (N.D.N.Y., 1995).

5

[1]

Accordingly, Plaintiffs should voluntarily dismiss Grant from this cause of action since she has been sued in her individual capacity.

In addition, it is questionable whether Plaintiffs' suit against Grant has been timely filed within the one year statute of limitation period for D.C. Human Rights Act claims. In her complaint, Plaintiff admits that this suit arises from actions that commenced in 2005 (Compl, Prelim Statement). However, her lawsuit was filed in 2007 --- some two years later. And even if Plaintiffs' suit was timely-filed, she may still be barred from filing suit against most, if not all, of the individually-named defendants under the DCHRA, which closely follows Title VII law regarding individual liability. *See Wallace v. Skadden, Arps, Slate, Meager and Flom*, 715 A.2d 873 (D.C. 1998).

2. **Plaintiff cannot demonstrate prejudice**.

Plaintiffs will not be prejudiced by vacating the default in this case. Plaintiffs cannot claim that she will be prejudiced by the vacation of this default because of legal costs or delay since these factors do not constitute prejudice for purposes of Rule 55c. *Quaker Valley School District v. Employers Mutual Liability Insurance Co. of Wisconsin*, 96 F.R.D. 423 (E.D. Pa. 1983). Moreover, this case is in the initial stages of the litigation process. No initial scheduling order has been entered, and the District of Columbia, the real defendant in this case, see Part I, *supra*, has until September 19, 2007, to answer the complaint. The individually-named defendants are employees of the District.

3. **The failure of individual defendant Mary Grant to answer the complaint was not willful**.

It is important for this Court to consider, when assessing wilfullness, that the answer was due on September 4, 2007, only eight days after the undersigned counsel (Swann) should have known of the service of the Complaint on Ms. Grant. When the

6

1

OAG learned that the answer was overdue, it immediately moved to request additional time for Ms. Grant to answer the Complaint. Docket no. 23. This request was filed before the entry of default by the clerk's office. It is also important to note that defendant Grant is not a lawyer, and that plaintiffs did not notify the OAG that Ms. Grant had been served. Thus, given the fact that the OAG requested an extension until September 19, 2007 to file defendant Grant's answer before the entry of default, the delay in filing an answer on behalf of Ms. Grant should not be deemed "willful."

## CONCLUSION

Balancing the equities in this case, this Court should vacate the default in this case against the individual defendant Mary Grant since the real party in this case should be the District of Columbia and not the individually-named defendants. In addition, the District renews its requests up and until September 19, 2007, to file an answer on behalf of Mary Grant.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

———————————————————
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

———————————————————
SALLY L. SWANN
Assistant Attorney General
441 Fourth Street, N.W.

1

Sixth Floor South
Washington, D.C. 20001
(202) 727-6519 ; (202) 7276295
(202) 727-3625 (fax)
sally.swann@dc.gov