IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA TOMONIA, et al.,                )
                                      )
                                      )
                                      )
        Plaintiffs,                   )   Civ.Action No 7-CV-0882(JR)
                                      )
                                      )
        v.                            )
                                      )
DISTRICT OF COLUMBIA, et al.          )
                                      )
        Defendants.                   )
......................................)

**PLAINTIFFS' OPPOSITION TO MOTION TO VACATE ENTRY OF DEFAULT
AND TO MOTION TO ENLARGE TIME**

On September 8, 2007 the Office of Attorney General (OAG) filed a "Motion to Vacate Default Against Defendants Homesley, Wilhoyte, Janey and Parker". Docket Doc. No. 23. In that same motion, OAG moved for an extension of time within which Defendant Grant might answer Plaintiffs' Complaint. Id.  Plaintiffs oppose both of those motions.

Plaintiffs oppose Defendants' motion to vacate on three grounds: that (1) the motion to vacate violates Local Civil Rule 7.1 (g); that (2) the motion provides not a single reason or explanation why Defendants Homesley, Wilhoyte, Janey or Parker neither retained counsel nor answered Plaintiffs' complaint; that (3) none of the Defendants submits a declaration to this Court in support of this motion, much less the verified answer and defense that is required by Court Rules. Plaintiffs oppose

1

Defendant Grant's motion to enlarge on the grounds that (1) she fails to comply with the requirements of Rule 6(b)(1) of the Federal Rules of Civil Procedure; (2) does not allege or show excusable neglect, as required by that Rule; and (3) has been declared in default and that default has not been vacated.

As discussed in greater detail below, the record establishes that Defendants' failure to Answer Plaintiffs' Complaint is willful; the Record demonstrates that Defendants---not one of whom has filed a declaration explaining his or her failure to comply with this Court's mandates, much less the verified Answer that is required by Rules of this Court---have willfully defied have been arrogant in defiance of this Court's process and remain so to date.

## I. Defendants' Defiance of Court Process is Willful and Arrogant

To date, none of the seven Defendants[1] in this action has filed an Answer to Plaintiffs' Complaint. Of the seven Defendants named in the Compliant, five were served with this Court's Summons, ordering them to answer within 20 days, by or before June 16, 2007[2]. The two

---

[1] Plaintiffs' Complaint names seven Defendants, including two DC entities, the District of Columbia and DCPS, the latter sued, as required by statute and case law, under the name of the then Superintendent of DCPS, Clifford Janey. In addition, the Complaint names five senior administrative staff of DCPS, each in his or her personal capacity: Clifford Janey, William Wilhoyte, Dennis Holmsley, Marcia Parker and Mary Grant..

[2] Defendants DC, DCPS, and Parker were served the Summons and Complaint in this action on June 14, 2007. Docket Doc. No. 9, 6, 4. Their Answers were due on July 3, 2007. OAG was served a courtesy copy of the Summons and Complaint on June 14, 2007. Docket Doc. No . 9. Defendants Homesley and, Wilhoyte were served on June 16, and June 19 respectively. Docket Doc. No.5.8. Their Answers were due on July 6 and July 9, 2007..

remaining Defendants---Defendant Janey in his personal capacity and Defendant Grant) were served, on July 6, 2007 and August 15, 2007[3]. Only one defendant, Defendant DC, entered an appearance and moved for an extension of time within which to Answer within the 20-day period.

On July 31, 2007, the Clerk entered default against Defendants DCPS, Janey, Wilhoyte, Parker and Homesley. On September 9, 2007, the Clerk entered default against Defendant Grant. On September 8, 2007, nearly three months after the first five of the Defendants in this action were served with the Court's Summons, OAG filed a motion to vacate entry of default on behalf of those Defendants. OAG's motion asserts that Defendants' overt defiance of this Court's process is not "willful" and therefore, entry of default should be vacated. Docket Doc. 23 at 1.

OAG makes no argument and provides no facts in support of its assertion that Defendants' failure to timely Answer Plaintiffs' Compliant was not willful. See id. at 1-11. Not a single statement is made anywhere in OAG's motion that so much as attempts to explain why any one of the defendants chose to ignore this Court's process. See id. Not one of the Defendants has filed a declaration or affidavit

---

[3] Defendant Janey, in his personal capacity, was served on July 6, 2007. Docket Doc. No. 7. Defendant Grant was served on August 15, 2007. Docket Doc. No. 21.

3

The Motion of Defendants Homesely, Janey, Wilhoyte and Parker to vacate default is supported by no declaration or affidavit. See Docket Doc No. 23. Defendants' motion does not attach a verified copy of their answers to Plaintiffs' Complaint. Id. Local Civil Rule 7.1 (g) governs motions to vacate entry of default. It states :

> " a motion to vacate entry of default.. shall be accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part."

Defendant have not met the requirements of that rule.

### III. Defendant Grant's Motion to Enlarge is Untimely

Defendant Grant was served on August 15, 2007; her Answer was due on September 4, 2007. Docket Doc. No. 21. Defendant did not move to enlarge until September 8, 2007. As a consequence, Defendant can move to enlarge only pursuant to Rule 6(b)(2). Defendant Grant's motion does not comply with the requirements of Rule 6(b)(2): it does not cite that Rule, does not allege, less demonstrate, excusable neglect, and is not supported by any declaration of Defendant Grant. Moreover, the Clerk has entered default against Defendant Grant and Defendant Grant has not moved to vacate that default.

### CONCLUSION

Defendants' motions to vacate and to enlarge have not complied with the requirements of Rules 55 (c) and 6(b)(2) of the Federal Rules of Civil Procedure or of Local Civil Rule 7.1 (g). Defendants have defied

6

this Court's process by failing to Answer Plaintiffs' Complaint . They now seek relief from this Court, but ask the Court to relieve them of their obligations without providing the Court with a single explanation of their failure to Answer or their failure to timely move to enlarge.

Defendant District of Columbia has twice to date requested long extensions of time within which to answer Plaintiffs' complaint. At the moment, its answer is due on September 19, 2007. The fact that Defendants have filed a motion to vacate some 11 days before their answer is due raises the concern that Defendants may again seek an enlargement of time within which to answer, if their motion to vacate default is granted.

Plaintiffs' Complaint seeks, inter alia, compensatory relief for a child who has been repeatedly excluded from DCPS programs and denied the benefit of those programs. Further postponement of that relief is detrimental to the minor plaintiff.

Plaintiffs respectfully submit that Defendants' motions should be denied.

Respectfully submitted,

Karen D. Alvarez
D.C. Bar No. 423186
1442 Foxhall Rd., N.W.
Washington, D.C. 20007
(202) 333-8553