UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINDA TOMONIA**, *et al.*, | )<br>)<br>) |
| On behalf of R.T., minor,<br>Plaintiffs, | )<br>)<br>) |
| v. | ) Civil Action No. 07-0882 (JR) |
| **DISTRICT OF COLUMBIA**, *et al*., | )<br>)<br>) |
| Defendants. | )<br>) |

## ANSWER

Defendant District of Columbia, by and through undersigned counsel, hereby responds to Plaintiffs' Complaint as follows.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant District responds to the allegations of the Complaint in like-numbered paragraphs, as follows:

Preliminary Statement

No response is required regarding the allegations set forth in the Preliminary Statement to the Complaint since they contain legal conclusions of the pleader. To the extent a response is required, this defendant denies any allegations of constitutional misconduct.

## Jurisdiction

The averments contained in the jurisdiction section of the Complaint are legal conclusions of the pleader to which no response is required.

## Parties

1. Defendant District is without sufficient knowledge to admit or deny the allegations of Paragraph 1.

2. Defendant District is without sufficient knowledge to admit or deny the allegations of Paragraph 2.

3. Defendant District admits the allegations in paragraph 3 as to the particular DCPS schools that R. T. attended in the school years 2005 – 2006 and 2006 – 2007. Further answering, the District states that R.T. left Takoma EC in March or April 2007 without any notice to the administrators at the school. As to the remainder of the allegations in paragraph 3, Defendant District denies the allegations.

4. Defendant District is without sufficient knowledge to admit or deny the allegations of Paragraph 4 pertaining to the residence of plaintiff Linda Tomonia. The remainder of paragraph 4 does not require a response.

5. Defendant District admits that it is a municipal corporation and receives federal funds. The remaining allegations of paragraph 5 are legal conclusions to which no response is required.

6. Defendant District denies that Defendant Clifford Janey is currently the superintendent of DCPS, and admits that at one time, he was the superintendent of DCPS. The remaining allegations are legal conclusions to which no response is required.

7. Defendant District denies that Defendant Clifford Janey is currently the superintendent but admits that he formerly was the superintendent of DCPS. The District denies the remaining allegations of paragraph 7.

8. Defendant District admits that Mary Grant is the principal of Takoma EC, and denies the remainder of the allegations of paragraph 8.

9. Defendant District admits that Marcia Parker was the principal of Turner ES until August 31, 2007, and denies the remainder of the allegations of paragraph 9.

10. Defendant District admits that Dennis Homesley is the principal of Payne ES, and denies the remainder of the allegations of paragraph 10.

11. Defendant District admits that William Wilhoyte is an assistant superintendent of DCPS. The District denies that Defendant Wilhoyte was personally involved in decisions to exclude R.T. from educational programs, services and activities at Payne ES on account of R.T.'s disabilities. The District denies the remaining allegations of paragraph 11.

12. Defendant District is without sufficient knowledge to admit or deny the allegations in paragraph as to the residence of R. T., and denies the remainder of the allegations of paragraph 12, including the allegations set forth in subsections (a) - (g).

13. Defendant District is without sufficient knowledge to admit or deny the allegations in paragraph 13. To the extent a response is required, this Defendant denies the allegations.

14. Defendant District is without sufficient knowledge to admit or deny the allegations in paragraph 14. To the extent a response is required, this Defendant denies the allegations.

15. Defendant District denies the allegations in paragraph 15.

16. Defendant District denies the allegations in paragraph 16.

17. Defendant District denies the allegations in paragraph 17, including the allegations set forth in subsections (a) – (f).

18. Defendant District is without sufficient knowledge to admit or deny the allegations in paragraph 18.

19. Defendant District denies the allegations in paragraph 19.

20. Defendant District admits the allegations in paragraph 20.

21. Defendant District is without sufficient knowledge to admit or deny the allegations in paragraph 21. To the extent a response is required, the District denies the allegations.

22. Defendant District denies the allegations in paragraph 22.

23. At this time, Defendant District is without sufficient knowledge to admit or deny the allegations in paragraph 23. To the extent a response is required, the District denies the allegations.

24. At this time, Defendant District is without sufficient knowledge to admit or deny the allegations in paragraph 24.

25. At this time, Defendant District is without sufficient knowledge to admit or deny the allegations in paragraph 25. To the extent a response is required, the District denies the allegations.

26. Defendant District is without sufficient knowledge to admit or deny the allegations in paragraph 26. To the extent a response is required, Defendant District denies the allegations.

27. Defendant District denies the allegations in paragraph 27.

28. Defendant District is without sufficient knowledge to admit or deny the allegations in paragraph 28. Further answering, the District denies any and all allegations of wrongdoing and/or constitutional misconduct.

29. Defendant District denies that it initiated actions that were intended to drive R.T., as a student with disabilities of his Due Process Rights, and deprive him of benefits available to DCPS student. Further answering, the District denies that it retaliated against plaintiff for her assertion of those rights   At this time, the District is without sufficient knowledge to admit or deny the remaining allegations in paragraph 29.

30. The allegations in paragraph 30 represent the legal conclusions of the pleader and, as such, require no response.

31. Defendant District is without sufficient knowledge to admit or deny the allegations in paragraph 31.

32. Defendant District is without sufficient knowledge to admit or deny the allegations in paragraph 32. To the extent a response is required, the District denies the allegations, and denies any wrongdoing and/or constitutional misconduct.

33. Defendant District of Columbia admits that it submitted a memorandum to the hearing officer on or about March 26, 2007. The remaining allegations in paragraph 33 are legal conclusions to which no response is required.

34. Defendant District denies the allegations in paragraph 34.

35. There is no paragraph 35.

36. Defendant District of Columbia admits that as of May 10, 2007, the Hearing Officer had not issued a decision on DCPS' motion to dismiss. The remaining allegations are

legal conclusions to which no response is required.

37. Defendant District denies the allegations in paragraph 37.

38. Defendant District denies the allegations in paragraph 38.

39. Defendant District denies the allegations in paragraph 39.

40. Defendant District denies the allegations in paragraph 40.

41. Defendant District denies the allegations in paragraph 41.

42. Defendant District denies the allegations in paragraph 42.

43. Defendant District denies the allegations in paragraph 43.

44. Defendant District denies the allegations in paragraph 44.

45. Defendant District denies the allegations in paragraph 45.

46. Defendant District denies the allegations in paragraph 46.

47. Defendant District denies the allegations in paragraph 47.

48. Defendant District is without sufficient knowledge to admit or deny the allegations in paragraph 48. To the extent a response is required, Defendant District denies the allegations.

49. Defendant District denies the allegations in paragraph 49.

50. Defendant District denies the allegations in paragraph 50.

51. Defendant District denies the allegations in paragraph 51.

52. Defendant District denies the allegations in paragraph 52.

## First Cause of Action
## Violation of Section 504

53. Defendant District incorporate its responses to paragraphs 1-52 as if separately set forth herein.

54. The allegations of paragraph 54 represent the legal conclusions of the pleader and, as such, require no response.

55. Defendant District denies the allegations in paragraph 55.

56. The allegations of paragraph 56 represent the legal conclusions of the pleader and, as such, require no response. To the extent a response is deemed required, the allegations are denied.

## Second Cause of Action
## Deprivation of Section 504 Rights under Color of State Law

57. Defendant District incorporate its responses to paragraphs 1-56 as if separately set forth herein.

58. The allegations of paragraph 58 represent the legal conclusions of the pleader and, as such, require no response.

59. The allegations of paragraph 59 represent the legal conclusions of the pleader and, as such, require no response.

60. Defendant District denies the allegations in paragraph 60.

61. Defendant District denies the allegations in paragraph 61.

62. Defendant District denies the allegations in paragraph 62.

### Third Cause of Action
### Violation of ADA Title II

63. Defendant District incorporates its responses to paragraphs 1-62 as if separately set forth herein.

64. The allegations of paragraph 64 represent the legal conclusions of the pleader and, as such, require no response.

65. The allegations of paragraph 65 represent the legal conclusions of the pleader and, as such, require no response.

66. Defendant District denies the allegations in paragraph 66.

67. Defendant District denies the allegations in paragraph 67.

68. The allegations of paragraph 68 represent the legal conclusions of the pleader and, as such, require no response. To the extent a response is deemed required, the allegations are denied.

### Fourth Cause of Action
### Deprivation of ADA Rights under Color of Law

69. Defendant District incorporates its responses to paragraphs 1-68 as if separately set forth herein.

70. The allegations of paragraph 70 represent the legal conclusions of the pleader and, as such, require no response.

71. The allegations of paragraph 71 represent the legal conclusions of the pleader and, as such, require no response.

72. Defendant District denies the allegations in paragraph 72.

73. Defendant District denies the allegations in paragraph 73.

74. Defendant District denies the allegations in paragraph 74.

## Fifth Cause of Action
### Violation of D.C. Human Rights Act Prohibition of Discrimination by An Educational Institution

75. Defendant District incorporates its responses to paragraphs 1-74 as if separately set forth herein.

76. The allegations of paragraph 76 represent the legal conclusions of the pleader and, as such, require no response.

77. Defendant District admits the allegations in paragraph 77.

78. Defendant District denies the allegations in paragraph 78.

79. Defendant District denies the allegations in paragraph 79.

80. The allegations in paragraph 80 represent legal conclusions of the pleader, to which no response is required. To the extent a response is required, the District denies any constitutional misconduct as alleged in paragraph 80.

## Sixth Cause of Action
### Violation of D.C. Human Rights Act Prohibition of Discrimination by a D.C. Agency or Office

81. Defendant District incorporates its responses to paragraphs 1-80 as if separately set forth herein.

82. The allegations of paragraph 82 represent the legal conclusions of the pleader and, as such, require no response.

83. Defendant District admits the allegations in paragraph 83.

84. Defendant District denies the allegations in paragraph 84.

85. Defendant District denies the allegations in paragraph 85.

86.     The allegations in paragraph 81 represent legal conclusions of the pleader, to which no response is required.  To the extent a response is required, the District denies any constitutional misconduct as alleged in paragraph 81.

## Seventh Cause of Action
### Aiding and Abetting Discrimination, in Violation of D.C. Human Rights Act

87.     Defendant District  incorporates its responses to paragraphs 1-86 as if separately set forth herein.

88.     The allegations of paragraph 88 represent the legal conclusions of the pleader and, as such, require no response.

89.     Defendant District admits the allegations in paragraph 89.

90.     Defendant District denies the allegations in paragraph 90.

91.     Defendant District denies the allegations in paragraph 91.

## Eighth Cause of Action
### Retaliation and Interference, in Violation of Title II of the ADA, Section 504 of the Rehabilitation Act and of the D.C. Human Rights Act

92.     Defendant District incorporates its responses to paragraphs 1-91 as if separately set forth herein.

93.     The allegations of paragraph 93 represent the legal conclusions of the pleader and, as such, require no response.

94.     Defendant District is without sufficient knowledge to admit or deny the allegations of paragraph 94.

95.     Defendant District denies the allegations in paragraph 95.

96.     Defendant District denies the allegations in paragraph 96.

Further answering, Defendant District denies all allegations not specifically admitted herein or otherwise responded to.

### THIRD DEFENSE

The District did not violate plaintiff's constitutional rights under either the ADA, Rehabilitation Act, and/or the D.C. Human Rights Act, or any other federal or local law.

### FOURTH DEFENSE

The District's actions were in good faith and with reasonable belief in their lawfulness, and in accordance with applicable federal and/or local law.

### FIFTH DEFENSE

Liability may be barred by the doctrines of sovereign immunity or governmental immunity.

### SIXTH DEFENSE

This Court may lack jurisdiction over this matter.

### SEVENTH DEFENSE

The actions of Defendant District , its agents, servants, and employees, were reasonably necessary to effect, maintain, and enforce the laws, statutes, and/or regulations of the United States and/or the District of Columbia.

### EIGHTH DEFENSE

Plaintiffs have failed to comply fully with the requirements of D.C. Official Code § 12-309.

### NINTH DEFENSE

The statute of limitations and/or the doctrine of laches bar this action in whole or in part.

### TENTH DEFENSE

Plaintiffs' claims, and portions thereof, may be barred by the doctrines of claim preclusion (res judicata) and issue preclusion (collateral estoppel).

### ELEVENTH DEFENSE

Plaintiffs' claims may be barred for failure to exhaust their administrative remedies under the Individuals with Disabilities Education Act.

### TWELFTH DEFENSE

Plaintiffs may have failed to mitigate their damages.

### THIRTEENTH DEFENSE

Plaintiffs are not entitled to either injunctive nor declaratory relief.

### SET-OFF

Defendant District claims a set-off for any debts Plaintiffs owe to District of Columbia and for any benefits Defendant District may have given or conferred upon Plaintiffs, including, without limitation, unpaid taxes; health and hospital care; the cost of any care or treatment of Plaintiffs rendered or paid for by District of Columbia through any means; Medicare or Medicaid; AFDC; GPF; or any other benefit.

### JURY DEMAND

Defendant District demands a trial by jury on all issues so triable by law.

### AMENDMENT

Defendant District reserves the right to amend its Answer should facts learned in discovery so warrant.

WHEREFORE, having fully answered, Defendant District urges the Court to dismiss the Complaint with prejudice and award costs and attorney's fees to Defendant District .

Respectfully submitted,

LINDA SINGER
Attorney General for District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s SALLY L. SWANN_____
SALLY SWANN[1]
Assistant Attorney General, D.C.
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295
sally.swann@dc.gov

---

[1] Appearing under Rule 49(c) (4) of District of Columbia Court of Appeals.