UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINDA TOMONIA**, *et al.*, | )<br>)<br>) |
| On behalf of R.T., minor,<br>Plaintiffs, | )<br>)<br>) |
| v. | ) Civil Action No. 07-0882 (JR) |
| **DISTRICT OF COLUMBIA**, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

## ANSWER

Defendant Marcia Parker, by and through undersigned counsel, hereby responds to Plaintiffs' Complaint as follows.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant Parker responds to the allegations of the Complaint in like-numbered paragraphs, as follows:

Preliminary Statement

No response is required regarding the allegations set forth in the Preliminary Statement to the Complaint since they contain legal conclusions of the pleader. To the extent a response is required, this defendant denies any allegations of constitutional misconduct.

## Jurisdiction

The averments contained in the jurisdiction section of the Complaint are legal conclusions of the pleader to which no response is required.

## Parties

1. Defendant Parker is without sufficient knowledge to admit or deny the allegations of Paragraph 1.

2. Defendant Parker is without sufficient knowledge to admit or deny the allegations of Paragraph 2.

3. Defendant Parker admits the allegations in paragraph 3 as to the particular DCPS schools that R. T. attended in the school years 2005 – 2006 and 2006 – 2007. As to the remainder of the allegations in paragraph 3, Defendant Parker denies the allegations.

4. Defendant Parker is without sufficient knowledge to admit or deny the allegations of Paragraph 4 pertaining to the residence of plaintiff Linda Tomonia. The remainder of paragraph 4 does not require a response.

5. Defendant Parker admits that the District is a municipal corporation and receives federal funds. The remaining allegations of paragraph 5 are legal conclusions to which no response is required.

6. Defendant Parker denies that Defendant Clifford Janey is currently the superintendent of DCPS, and admits that at one time, he was the superintendent of DCPS. The remaining allegations are legal conclusions to which no response is required.

7. Defendant Parker denies that Defendant Clifford Janey is currently the superintendent but admits that he formerly was the superintendent of DCPS. Defendant Parker denies the remaining allegations of paragraph 7.

8. Defendant Parker admits that Mary Grant is the principal of Takoma EC, and denies the remainder of the allegations of paragraph 8.

9. Defendant Parker admits that she was the principal of Turner ES until August 31, 2007, and denies the remainder of the allegations of paragraph 9.

10. Defendant Parker admits that Dennis Homesley is the principal of Payne ES, and denies the remainder of the allegations of paragraph 10.

11. Defendant Parker admits that William Wilhoyte is an assistant superintendent of DCPS. This Defendant lacks sufficient information as to the remaining allegations of paragraph 11.

12. Defendant Parker is without sufficient knowledge to admit or deny the allegations in paragraph as to the residence of R. T., and denies the remainder of the allegations of paragraph 12, including the allegations set forth in subsections (a) - (g).

13. Defendant Parker is without sufficient knowledge to admit or deny the allegations in paragraph 13. To the extent a response is required, this Defendant denies the allegations.

14. Defendant Parker is without sufficient knowledge to admit or deny the allegations in paragraph 14. To the extent a response is required, this Defendant denies the allegations.

15. Defendant Parker denies the allegations in paragraph 15.

16. Defendant Parker denies the allegations in paragraph 16.

17. Defendant Parker denies the allegations in paragraph 17, including the allegations set forth in subsections (a) – (f).

18. Defendant Parker is without sufficient knowledge to admit or deny the allegations in paragraph 18.

19. Defendant Parker denies the allegations in paragraph 19.

20. Defendant Parker admits the allegations in paragraph 20.

21. Defendant Parker is without sufficient knowledge to admit or deny the allegations in paragraph 21. To the extent a response is required, the Parker denies the allegations.

22. Defendant Parker denies the allegations in paragraph 22.

23. Defendant Parker is without sufficient knowledge to admit or deny the allegations in paragraph 23.

24. Defendant Parker is without sufficient knowledge to admit or deny the allegations in paragraph 24.

25. Defendant Parker is without sufficient knowledge to admit or deny the allegations in paragraph 25.

26. The allegations in paragraph 26 are the conclusions of the pleader to which no response is required. To the extent a response is required, the District denies the allegations.

27. Defendant Parker denies the allegations in paragraph 27.

28. Defendant Parker is without sufficient knowledge to admit or deny the allegations in paragraph 28. Further answering, Defendant Parker denies any and all allegations of wrongdoing and/or constitutional misconduct.

29. Defendant Parker denies that she initiated actions that were intended to drive R.T., as a student with disabilities of his Due Process Rights, and deprive him of benefits available to DCPS student. Further answering, Defendant Parker denies that she retaliated against plaintiff for her assertion of those rights   At this time, Defendant Parker is without sufficient knowledge to admit or deny the remaining allegations in paragraph 29.

30. The allegations in paragraph 30 represent the legal conclusions of the pleader and, as such, require no response.

31. Defendant Parker is without sufficient knowledge to admit or deny the allegations in paragraph 31.

32. Defendant Parker is without sufficient knowledge to admit or deny the allegations in paragraph 32.

33. Defendant Parker is without sufficient knowledge to admit or deny the allegations in paragraph 33.

34. Defendant Parker is without sufficient knowledge to admit or deny the allegations in paragraph 34.

35. There is no paragraph 35.

36. Defendant Parker is without sufficient knowledge to admit or deny the allegations in paragraph 36.

37. Defendant Parker denies the allegations in paragraph 37.

38. Defendant Parker denies the allegations in paragraph 38.

39. Defendant Parker denies the allegations in paragraph 39.

40. Defendant Parker denies the allegations in paragraph 40.

41. Defendant Parker denies the allegations in paragraph 41.

42. Defendant Parker denies the allegations in paragraph 42.

43. Defendant Parker denies the allegations in paragraph 43.

44. Defendant Parker denies the allegations in paragraph 44.

45. Defendant Parker denies the allegations in paragraph 45.

46. Defendant Parker denies the allegations in paragraph 46.

47. Defendant Parker denies the allegations in paragraph 47.

48. Defendant Parker is without sufficient knowledge to admit or deny the allegations

in paragraph 48. To the extent a response is required, Defendant Parker denies the allegations.

49. Defendant Parker denies the allegations in paragraph 49.

50. Defendant Parker denies the allegations in paragraph 50.

51. Defendant Parker denies the allegations in paragraph 51.

52. Defendant Parker denies the allegations in paragraph 52.

### First Cause of Action
### Violation of Section 504

53. Defendant Parker incorporates her responses to paragraphs 1-52 as if separately set forth herein.

54. The allegations of paragraph 54 represent the legal conclusions of the pleader and, as such, require no response.

55. Defendant Parker denies the allegations in paragraph 55.

56. The allegations of paragraph 56 represent the legal conclusions of the pleader and, as such, require no response. To the extent a response is deemed required, the allegations are denied.

### Second Cause of Action
### Deprivation of Section 504 Rights under Color of State Law

57. Defendant Parker incorporate her responses to paragraphs 1-56 as if separately set forth herein.

58. The allegations of paragraph 58 represent the legal conclusions of the pleader and, as such, require no response.

59. The allegations of paragraph 59 represent the legal conclusions of the pleader and, as such, require no response.

60. Defendant Parker denies the allegations in paragraph 60.

61. Defendant Parker denies the allegations in paragraph 61.

62. Defendant Parker denies the allegations in paragraph 62.

### Third Cause of Action
### Violation of ADA Title II

63. Defendant Parker incorporates her responses to paragraphs 1-62 as if separately set forth herein.

64. The allegations of paragraph 64 represent the legal conclusions of the pleader and, as such, require no response.

65. The allegations of paragraph 65 represent the legal conclusions of the pleader and, as such, require no response.

66. Defendant Parker denies the allegations in paragraph 66.

67. Defendant Parker denies the allegations in paragraph 67.

68. The allegations of paragraph 68 represent the legal conclusions of the pleader and, as such, require no response. To the extent a response is deemed required, the allegations are denied.

### Fourth Cause of Action
### Deprivation of ADA Rights under Color of Law

69. Defendant Parker incorporates her responses to paragraphs 1-68 as if separately set forth herein.

70. The allegations of paragraph 70 represent the legal conclusions of the pleader and, as such, require no response.

71. The allegations of paragraph 71 represent the legal conclusions of the pleader and, as such, require no response.

72. Defendant Parker denies the allegations in paragraph 72.

73.  Defendant Parker denies the allegations in paragraph 73.

74.  Defendant Parker denies the allegations in paragraph 74.

## Fifth Cause of Action
## Violation of D.C. Human Rights Act Prohibition of Discrimination by An Educational Institution

75.  Defendant Parker incorporates her responses to paragraphs 1-74 as if separately set forth herein.

76.  The allegations of paragraph 76 represent the legal conclusions of the pleader and, as such, require no response.

77.  Defendant Parker admits the allegations in paragraph 77.

78.  Defendant Parker denies the allegations in paragraph 78.

79.  Defendant Parker denies the allegations in paragraph 79.

80.  Defendant Parker is without sufficient knowledge to admit or deny the allegations in paragraph 80.

## Sixth Cause of Action
## Violation of D.C. Human Rights Act Prohibition of Discrimination by a D.C. Agency or Office

81.  Defendant Parker incorporates her responses to paragraphs 1-80 as if separately set forth herein.

82.  The allegations of paragraph 82 represent the legal conclusions of the pleader and, as such, require no response.

83.  Defendant Parker admits the allegations in paragraph 83.

84.  Defendant Parker denies the allegations in paragraph 84.

85.  Defendant Parker denies the allegations in paragraph 85.

86.  The allegations in paragraph 81 represent legal conclusions of the pleader, to

which no response is required. To the extent a response is required, Defendant Parker denies any constitutional misconduct as alleged in paragraph 81.

## Seventh Cause of Action
### Aiding and Abetting Discrimination, in Violation of D.C. Human Rights Act

87. Defendant Parker incorporates her responses to paragraphs 1-86 as if separately set forth herein.

88. The allegations of paragraph 88 represent the legal conclusions of the pleader and, as such, require no response.

89. Defendant Parker admits the allegations in paragraph 89.

90. Defendant Parker denies the allegations in paragraph 90.

91. Defendant Parker denies the allegations in paragraph 91.

**Eighth Cause of Action**
**Retaliation and Interference, in Violation of Title II of the ADA, Section 504 of the Rehabilitation Act and of the D.C. Human Rights Act**

92. Defendant Parker incorporates her responses to paragraphs 1-91 as if separately set forth herein.

93. The allegations of paragraph 93 represent the legal conclusions of the pleader and, as such, require no response.

94. Defendant Parker is without sufficient knowledge to admit or deny the allegations of paragraph 94.

95. Defendant Parker denies the allegations in paragraph 95.

96. Defendant Parker denies the allegations in paragraph 96.

Further answering, Defendant Parker denies all allegations not specifically admitted herein or otherwise responded to.

**THIRD DEFENSE**

Defendant Parker did not violate plaintiffs' constitutional rights under either the ADA, Rehabilitation Act, and/or the D.C. Human Rights Act, or any other federal or local law.

**FOURTH DEFENSE**

Defendant Parker's actions were taken in good faith and with reasonable belief in their lawfulness, and in accordance with applicable federal and/or local law.

**FIFTH DEFENSE**

Defendant Parker may be entitled to qualified immunity for her complained about conduct.

**SIXTH DEFENSE**

This Court may lack jurisdiction over this matter.

**SEVENTH DEFENSE**

The actions of Defendant Parker, if any, were reasonably necessary to effect, maintain, and enforce the laws, statutes, and/or regulations of the United States and/or the District of Columbia.

**EIGHTH DEFENSE**

The statute of limitations and/or the doctrine of laches bar this action in whole or in part.

**NINETH DEFENSE**

Plaintiffs' claims, and portions thereof, may be barred by the doctrines of claim preclusion (res judicata) and issue preclusion (collateral estoppel).

**TENTH DEFENSE**

Plaintiffs' claims may be barred for failure to exhaust their administrative remedies under the Individuals with Disabilities Education Act.

**TWELFTH DEFENSE**

Plaintiffs may have failed to mitigate their damages.

**THIRTEENTH DEFENSE**

Plaintiffs are not entitled to either injunctive or declaratory relief.

**JURY DEMAND**

Defendant Parker demands a trial by jury on all issues so triable by law.

**AMENDMENT**

Defendant Parker reserves the right to amend her Answer should facts learned in discovery so warrant.

WHEREFORE, having fully answered, Defendant Parker urges the Court to dismiss the Complaint with prejudice and award costs and attorney's fees to Defendant Parker.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

        /s SALLY L. SWANN_____
        SALLY SWANN[1]
        Assistant Attorney General, D.C.
        441 4th Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6519; (202) 727-6295
        sally.swann@dc.gov

        **VERIFICATION**

        _____
        Marcia Parker[2]

Sworn to and subscribed before me this _____ day of September 2007

        _____
        Notary Public
        My Commission Expires: _____

---

[1] Appearing under Rule 49(c) (4) of District of Columbia Court of Appeals.
[2] Verified signature of Marcia Parker is attached hereto.

Marcia S. Parker

_Marcia S Parker_
Marcia Parker

Sworn to and subscribed before
me this 19th day of September 2007

_Sylvia D Williams_
Notary Public
My Commission Expires: _____

SYLVIA D. WILLIAMS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires November 30, 2011