IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA TOMONIA, et al, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Civ.Action No 7-CV-0882(JR) |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| ...................................................) | | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT GRANT'S MOTION TO
VACATE ENTRY OF DEFAULT AND TO MOTION TO ENLARGE TIME**

Plaintiffs oppose Defendant Grant's Motions. As explained below,
Plaintiffs oppose Defendant's motion to vacate on the grounds that: (1)
her failure to Answer Plaintiffs Complaint was willful; (2) she
demonstrates no defense to Plaintiffs' claims; and (3) her motion violates
this Court's rules. Plaintiffs oppose Defendant's motion to enlarge
because it fails to meet the requirements of Rule 6(b)(2) of the Federal
Rules of Civil Procedure.

**FACTS**

On August 6, 2007 Assistant Attorney General Lynn Swann
entered her appearance in this action, and filed a motion for leave to
enlarge time within which Defendant District of Columbia might answer
Plaintiffs' Complaint. Docket Doc. No. 18, 19. Since that date, all ECF

1

Notices have cited Ms. Swann as a  person receiving notice. On August

15, 2007 Plaintiffs succeeded, after two months' efforts, in serving

Defendant Grant the Summons and Complaint in this action. Docket

Doc. No.21. Defendant Grant did not retain counsel or contact an

attorney when served. Docket Doc. No. 25 at 1,5,7.

Plaintiffs filed the Return of Service on August 21, 2007. Docket

Doc. No. 21.  Defendant Grant did not retain counsel or contact an

attorney at any time before August 21, 2007. Docket Doc. No. 25 at

1,5,7. On August 21, 2007,The ECF system served that Return of

Service, bearing the Answer date of September 4, 2007, on Assistant

Attorney General Swann. As of that date, Defendant Grant still had 14

days in which she might have timely answered Plaintiff's Complaint.

Docket Doc. No.21 ; but cf Doc. No. at 25 at 6 (Defendant erroneously

asserting that only 8 days remained). As of September 4, 2007, the date

on which her Answer was due, Defendant Grant still had not retained or

contacted counsel. Docket Doc. No. 25 at 7 (OAG did not learn that

Defendant Grant's Answer was overdue until Sept. 8,2007 when

Plaintiffs filed affidavits of default).

On September 8, 2007--- 24 days after she was served, 18 days

after OAG received the Return of Service and 4 days after her Answer

was due --- a Rule 6(b)(1) motion was filed on her behalf. Docket Doc. No.

23 (not alleging or demonstrating "excusable neglect" as required under

Rule 6(b)(2). Because Defendant was out of time, she could move to enlarge only pursuant to Rule 6(b)(2).

On September 10, 2007 the Clerk entered default against Defendant Grant. Docket Doc. No.24. On September 11, 2007 OAG moved to vacate the entry of default and again moved, pursuant to Rule 6(b)(1), to enlarge time within which to Answer, although by that date Defendant Grant's Answer was 7 days overdue. Docket Doc. No. 25 at 1. Defendant Grant's Motion to Vacate did not attach a verified Answer; and as in the case of her September 8 Motion to Enlarge, was not supported by a declaration from the Defendant. See Docket Doc. No. 23. Defendant, then four days out of time, improperly filed a motion pursuant to Rule 6 (b)(1) and failed to allege or demonstrate excusable neglect. See id. at  11. On September 11, 2007, Defendant Grant filed a Motion to Vacate Default and "renewed" her Rule 6(b)(1) motion to enlarge, though by that date Defendant Grant was seven days out of time, again without alleging or demonstrating excusable neglect. See Docket Doc. No. 25 at 1-8; Federal Rule Civ. Pro 6(b)(2)(party whose response is out of time must demonstrate excusable neglect as ground for motion to enlarge).

## I.   DEFENDANT WILLFULLY RESISTED THIS COURT'S AUTHORITY

Defendant Grant  argues that her default should be vacated, because  her attorney ignored the ECF notices which her attorney received and therefore was not aware that Defendant Grant had been

served or that a return of service had been filed. Docket Doc. No. 25 at 5.

Defendant Grant does not explain:

1) why Grant herself ignored this Court's Summons;

2) why Grant herself failed to retain counsel upon service of this Court's Summons;

3) why Grant failed to inform her counsel that she had been served with a Summons and Complaint.

Id. at 1-11.

Her attorney's alleged failure to read ECF notices that she received does not constitute "good cause" for Defendant Grant's failure to obey this Court's process or to Answer the Complaint.  Memorandum Opinion Denying Defendants' Motion for Relief From Judgment at 8-9 (Docket Doc. No 32), Laster et al v. D.C. et al,5-CV-1875 (RMU)(filed July 17,2006)(party has duty to monitor docket regardless of lack of email notification, excuse that ECF system malfunctioned unacceptable), citing Fox v. Am. Airlines, Inc. 389 F.3d 1291, 1294(D.C.Cir, 2004(party's claim that counsel never received notice because ECF system malfunctioned is "updated version of the 'my dog are my homework' line"); McMillan v. D.C. , 2005 WL 33370820 at *2-3(D.D.C. Dec. 13, 2005).

## II.    DEFENDANT DOES NOT DEMONSTRATE ANY DEFENSE

Defendant asserts that she has a meritorious defense. Defendant does not demonstrate any such defense, See Docket Doc. No. 25 at 5-6

(addressing ADA Title VII—discrimination in employment--- case law exclusively); <u>but see</u> Complaint at 2 .(Plaintiffs sue pursuant to ADA Title II). Defendant's Motion to Vacate suggests that Defendant has not read Plaintiffs' Complaint. <u>See id</u> at 6 (arguing that Plaintiffs' DCHRA claims may be barred on time grounds based exclusively on statement allegedly made in Complaint's Plaintiffs " Prelim. Statement."); <u>but see</u> Complaint at 2 (plaintiff's action arises out of actions taken by defendants "in school years 2005-2006 and 2006-2007").

### III.      DEFENDANT'S MOTION VIOLATES LOCAL RULES

Defendant Grant' s  Motion to vacate default is supported by no declaration or affidavit and does not attach a verified Answer to Plaintiffs' Complaint. <u>See</u> Docket Doc No. 25. Local Civil Rule 7.1 (g) governs motions to vacate entry of default. It states :

> " a motion to vacate entry of default.. shall be accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part."

Defendant has not met the requirements of that rule.

### IV.      DEFENDANT'S MOTION FAILS TO ASSERT OR DEMONSTRATE EXCUSABLE NEGLECT.

Defendant Grant was served on August 15, 2007; her Answer was due on September 4, 2007. Docket Doc. No. 21.  Defendant did not move to enlarge time to Answer until September 8 and September 11. Defendant was required, as a consequence, to move to enlarge pursuant to Rule

6(b)(2). Rule 6 (b)(2) requires that a movant demonstrate excusable neglect in order to enlarge time. Defendant Grant does not allege excusable neglect and does not demonstrate it.

The Supreme Court has defined "neglect" as "to leave undone or unattended to especially through carelessness"; neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." <u>Pioneer Inv. Services v. Brunswick Associates</u>, 507 US 380, 388 1993). The " excusable neglect" requirement of Rule 6(b)(2), the <u>Pioneer Investment Services</u> Court stated , is intended to permit courts, " <u>where</u> <u>appropriate</u>, to accept late filings caused by <u>inadvertence, mistake or carelessness, as well as by intervening</u> <u>circumstances beyond the party's control.</u>" <u>Id</u>. at 389. (emphasis added).

Defendant Grant does not demonstrate that she inadvertently, or by mistake or by carelessness failed to retain counsel or for those reasons failed to advise counsel that she had been served on August 15, 2007.

**CONCLUSION**

Defendant's motion to vacate  and to enlarge have not complied with the requirements of Rules 55 (c) and 6(b)(2) of the Federal Rules of Civil Procedure or of Local Civil Rule 7.1 (g). Defendant has willfully defied this Court's process by failing to Answer Plaintiffs' Complaint . She now seeks relief from this Court, though she could not be

troubled to prepare and file a declaration setting forth her reasons for

ignoring this Court's Summons. default is granted.

Plaintiffs respectfully submit that Defendants' motions should be

denied.


Respectfully submitted,


Karen D. Alvarez
D.C. Bar No. 423186
1442 Foxhall Rd., N.W.
Washington, D.C. 20007
(202) 333-8553