UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA TOMONIA, *et al.*, ) | |
| ) | |
| On behalf of R.T., minor, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-0882 (JR) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS JANEY, WILHOYTE, PARKER, GRANT AND HOMESLEY'S MOTION TO VACATE ENTRY OF DEFAULT AND OPPOSITION TO DEFENDANT GRANTS' MOTION TO ENLARGE TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

The individual defendants, by undersigned counsel, reply to the opposition to their motion to vacate entry of default, and defendant Grant's motion to enlarge time to respond to plaintiff's complaint, and state as follows:

Since "strong policies favor the resolution of genuine disputes on their merit," this Court has the discretion to set aside entry of default for "good cause shown." To determine "good cause," the Court should consider three criteria: 1) whether the default was willful, 2) whether a set-aside would prejudice plaintiff, and 3) whether the defendant has presented a meritorious defense. *Capital Yacht Club v. Aviva*, 228 F.R.D. 389 (D.D.C. 2005), citing *Whelan v. Abell*, 48 F. 3d 1247, 1259 (D.C. Cir. 1995). Contrary to plaintiffs' assertion, the "good cause" criteria are met in this case.

As explained fully in the motion to vacate the entry of default as to these defendants, the oversight in failing to timely answer the Complaint was not wilful and was not due to inexcusable neglect. Undersigned counsel began employment with the

Office of the Attorney General on July 23, 2007, and inherited this case from another attorney who had transferred from the Civil Litigation Division. Undersigned counsel formerly worked with the Maryland Attorney General's Office and was unfamiliar with this Court's ECF filing system. On August 6, 2007, undersigned counsel entered her appearance in this matter. By the time undersigned counsel entered her appearance in this matter, defaults had already been entered against defendants Janey, Parker, Wilhoyte, and Homesley. Due to the nuances of the ECF filing system, and in an effort to learn and navigate office policy, and procedure, undersigned counsel was unaware that these entries of default had been entered against the named defendants. Defendant Grant timely sought representation, but the remaining named defendants either did not remember that they had been served, and/or did not realize who they needed to contact to seek representation.

As soon as the Office of the Attorney General realized that entries of default were made, immediate steps were taken to cure the failure to timely answer. Fed. P. Civ. R. 55 provides that "[f]or good cause shown the court may set aside an entry of default…" In reliance upon Rule 55, the motions to vacate the entries of default were filed, and additional time was requested for defendant Grant to answer the Complaint prior to entry of the default against her. See Docket Entry #23. A verified answer was not filed as none was required under Rule 55.

In accordance with LCvR 7.1(g), defendant Parker has filed a verified answer to plaintiff's complaint. Moreover, except for defendant Clifford Janey,[1] who is no longer an employee of the District of Columbia, the remaining individual defendants,

---

[1] Undersigned counsel has been unable to reach defendant Janey to have him sign his verified answer, but will continue efforts to have a verfified answer filed on his behalf. However, the case against defendant should be dismissed in its entirety.

2

contemporaneously with the filing of this Reply, have now filed their verified answer and a motion for judgment on the pleadings as to the ADA and Section 504 claims.

As set forth in these defendants' motion for judgment on the pleadings, plaintiffs do not have meritorious claims under the American With Disabilities Act, and/or the Rehabilitation Act against them in their personal capacities. Under existing law, it is clear that individuals cannot be sued or held personally liable under the ADA or Section 504 of the Rehabilitation Act. *Sindram v. Meriwether*, ___F. Supp.2d ___, 2007 WL 2660258 (D.D.C. Sept.12, 2007)

Lastly, the plaintiffs will in no way be unduly prejudiced by granting a set aside of the entry of default. This case was filed on May 10, 2007, the District of Columbia, the real party in interest, has timely answered the Complaint, discovery has not commenced and the late filed answers will not cause any delay in the case. Therefore, this Court should exercise its discretion to vacate the entry of default in this case against the individual defendants because the failure to timely answer was not willful, the plaintiffs will not be prejudiced in any way, and the claims against the individually-named defendants under the ADA and the Rehabilitation Act are not meritorious.

Dated: September 27, 2007

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General,
        Civil Litigation Division

        /s/
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

                                                                           _____

SALLY L. SWANN[2]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295

---

[2] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR83.2.