UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA TOMONIA, *et al.*, )<br>)<br>On behalf of R.T., minor, )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 07-0882 (JR) |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants William Wilhoyte, Mary Grant and Dennis Homelsey, by and through counsel, hereby submit their partial motion to dismiss plaintiffs' Complaint, and defendant Clifford Janey's motion for judgment on the pleadings pursuant to Fed. P. Civ. R. 12(c). Plaintiffs have failed to state a claim against these defendants under the American With Disabilities Act ("ADA"), and/or Section 504 of the Rehabilitation Act. Moreover, plaintiff's claim against defendant Janey is an official-capacity suit and dismissal is appropriate because the District of Columbia is the proper party defendant in this litigation.

More detailed grounds for this motion are set forth in the attached memorandum of points and authorities in support hereto.

Dated:  September 27, 2007

                                      Respectfully submitted,

                                      LINDA SINGER
                                      Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/
PATRICIA A. JONES [428132 ]
Chief, General Litigation, Section IV



/s/
SALLY L. SWANN[1]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202)724–6519; (202)727-6295

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA TOMONIA, *et al.*, ) | |
| ) | |
| On behalf of R.T., minor, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-0882 (JR) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS**

**Preliminary Statement.**

On May 10, 2007, plaintiffs filed the instant lawsuit against the District of Columbia, former Superintendent Clifford Janey (in his official and personal capacities), Assistant Superintendent William Wilhoyte, and District of Columbia Public School principals Dennis Homesley, Mary Grant and Marcia Parker, in their personal capacities only. Plaintiffs bring the complaint, *inter alia,* pursuant to: 1) Title II of the Americans with Disability Act ("ADA") 42 U.S.C. Sec.1231 *et seq.*, 2) Section 504 of the Rehabilitation Act, 29 U.S.C Sec. 701 *et seq.*, and 3) the District of Columbia Human Rights Act (DCHRA), D.C. Official Code Sec. 2-1403.41, *et seq*.

Plaintiffs allege that the minor plaintiff was denied and excluded from educational services because of his disability, which plaintiffs identify as attention deficit hyperactivity disorder (ADHD) and a history of psychological and behavioral difficulties. Complaint, ¶ 1. Plaintiffs allege that the principals of all three DCPS schools which the

minor child attended, Tacoma EC, Turner ES and Payne ES, violated Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act, and that defendants Janey and Wilhoyte ratified the actions of the defendant principals Grant, Turner and Homesley.  See Complaint at ¶¶ 60, 73.  Plaintiffs seek compensatory damages and punitive damages, and permanent injunctive and declaratory relief from all defendants, and also an order requiring defendants Jamey, Wilhoyte, Grant, Parker and Homesley to pay for educational services for the minor child.

As shown below, these defendants are entitled to dismissal of plaintiffs' claims filed against them under the ADA and the Rehabilitation Act.  Defendant Janey is entitled to dismissal of plaintiff's lawsuit against him in his official capacity because the District of Columbia is the proper party defendant in this litigation.

## ARGUMENT

### I.     Standard of Review for Dismissal of Claims Pursuant to Fed. R. Civ. P. 12(c)

Under Fed. R. Civ. P. 12 (c), after the pleadings are closed, any party may move for judgment on the pleadings. Should the arguments and evidence relied on be limited to the allegations and responses in the pleadings, then the Court must apply the same standard as applied for a motion to dismiss. *Nixon v. Sampson,* 580 F.2d 514 (D.C. Cir. 1978); *Dale v. Executive Office of the President,* 164 F. Supp.2d 22 (D.D.C. 2001). Should the court be presented with and accepts any matters beyond, or "outside the pleadings", then the court shall treat the motion as if filed under Fed. R. Civ. P. 56. *Dale,* 164 F. Supp.2d 22.  The court, however, may consider or take judicial notice of matters in the general public record, including records and reports of administrative bodies and records of prior litigation.  *Haynesworth v. Miller,* 820 F.2d 1245 (D.C. Cir. 1987); *Jane*

4

*Does I v. District of Columbia and MRDDA,* 2002 U.S. Dist. LEXIS 24171 (D.D.C. 2002), *citing Cinel v. Connick,* 15 F.3d 1338 (5th Cir. 1994).

The Complaint must be liberally construed in favor of the plaintiff, and the plaintiff should receive the benefit of all reasonable inferences that can be drawn from thee facts. *E.E.O.C. v. St. Francis Xavier Parochial School,* 117 F.3d 621 (D.C. Cir. 1997).

## II. There is no individual liability under Title II of the ADA or under Section 504 of the Rehabilitation Act.

Individuals cannot be sued in their personal capacity for alleged violations of Title II of the ADA, 52 U.S.C. §12131(1) (2000), or under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). In a recent decision, *Sindram v. Meriwether*, ___ F. Supp 2d ___, 2007 WL 2660258 (D.D.C. September 12, 2007), this Court stated "it is abundantly clear that [the individual plaintiff] cannot be held liable in her personal capacity under Title II of the ADA," and held that plaintiff had failed to state an ADA claim for which relief can be granted. The Court noted that the statutory language of the ADA is directed and limited to a "public entity" which is defined as "any State or local government or any department, agency, special purpose district or other instrumentality of a state of states, or local government." *Id.* at 2, *citing,* 42 U.S.C. §12131(1)(A)-(B). The Court also noted that existing case law holds that neither the ADA or Section 504 of the Rehabilitation Act allows for personal capacity suits *Id.* *See, Williams v. McLemore, 2007 WL 1748146* at 6 (6th Cir. June 19, 2007) (ADA does not provide for personal liability for defendants sued in their individual capacities); *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F. 3d 98, 107 (2d Circ. 2001) (neither Title II of the ADA nor Section 504 of the Rehabilitation Act permit individual capacity suits against State officials); *Alsbrook v.*

5

*City of Maumelle*, 184 F. 3d 999, 1005 n. 8 (8th cir. 1999) (commissioners could not be sued in their individual capacities under Title II of the ADA because it affords disabled individuals redress for discrimination by a "public entity"); *Shebby v. Adams,* 2007 WL 1302744 at 8 (E.D. Cal. May 2, 2007) (individuals cannot be personally sued under Title II of the ADA); *Calloway v. Boro. of Glassboro Dept' of Police,* 89 F. Supp. 2d 543, 557 (D.N.J. 2000) (individual liability is not contemplated under Title II of the Disability Act and Section 504 of the Rehabilitation Act); *Monte v. Roomer,* 32 F. Supp. 2d 1235, 140-41 (D. Colo. 1999) (defendants in their individual capacities are not properly subject to suit under Title II of the ADA).  Moreover, in *Calloway, supra,* the Court was also persuaded by the Eighth Circuit's reasoning in employment discrimination cases in which individuals are personally sued. The Court held there was no liability under Title I of the ADA against individuals who do not otherwise qualify as "employers" under the statutory definition. *See Calloway*, 89 F. Supp 2d at 557.

It is clear, therefore, that under existing law, relief cannot be granted against the individual defendants in their personal capacities. Plaintiffs' redress under Title II of the ADA and Section 504 of the Rehabilitation Act is limited to claims against the District of Columbia.

  **II.**  **The plaintiff's claim against defendant Janey in his official capacity must be dismissed.**

Plaintiff has sued defendant Janey in his official-capacity.  *See* Complaint, generally.  The U.S. Supreme Court has ruled upon the issue of official-capacity suits. They have held that,

> Official-capacity suits..."generally represent only another way of pleading an action against an entity of which an officer is an agent." [Citation omitted.]  As long as the

6

> government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation omitted.] ...the real party in interest is the entity. Thus, ... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham*, 473 U.S. 159 (1985).  Defendant Janey is not a proper defendant in this litigation because the District is already a party defendant in this litigation, and plaintiff must look to the District for his requested relief  Accordingly, dismissal against defendant Janey is appropriate.

## **CONCLUSION**

Plaintiffs' claims seeking relief pursuant to Title II of the Americans with Disability Act, 42 U.S.C. §1231 *et seq*., Section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 701 *et seq*. against the individual defendants in their personal capacities must be dismissed for failure to state a claim for which relief can be granted.  Plaintiffs' claim against defendant Janey in his official capacity must be dismissed because the District of Columbia is the proper party defendant in this case.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/
        PATRICIA A. JONES [428132 ]
        Chief, General Litigation, Section IV

/s/_____
SALLY L. SWANN[2]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202)724–6519; (202)727-6295

---

[2] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

8