UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA TOMONIA, *et al.*, | ) |
| On behalf of R.T., minor, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 07-0882 (JR) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

**ANSWER**

Defendants Clifford Janey, William Wilhoyte, Mary Grant and Dennis Homelsey, by and through counsel, hereby submit their answer to Plaintiffs' Complaint as follows.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

These Defendants respond to the allegations of the Complaint in like-numbered paragraphs, as follows:

Preliminary Statement

No response is required regarding the allegations set forth in the Preliminary Statement to the Complaint since they contain legal conclusions of the pleader. To the extent a response is required, these defendants deny any allegations of constitutional misconduct.

## Jurisdiction

The averments contained in the jurisdiction section of the Complaint are legal conclusions of the pleader to which no response is required.

## Parties

1. These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 1.

2. These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 2.

3. These Defendants admit the allegations in paragraph 3 as to the particular DCPS schools that R. T. attended in the school years 2005 – 2006 and 2006 – 2007. As to the remainder of the allegations in paragraph 3, these Defendants deny the allegations.

4. These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 4 pertaining to the residence of plaintiff Linda Tomonia. The remainder of paragraph 4 does not require a response.

5. These Defendants admit that the District is a municipal corporation and receives federal funds. The remaining allegations of paragraph 5 are legal conclusions to which no response is required.

6. These Defendants deny that Defendant Clifford Janey is currently the superintendent of DCPS, and admit that at one time, he was the superintendent of DCPS. The remaining allegations are legal conclusions to which no response is required.

7. These Defendants deny that Defendant Clifford Janey is currently the superintendent but admit that he formerly was the superintendent of DCPS. These Defendants deny the remaining allegations of paragraph 7.

8. These Defendants admit that Mary Grant is the principal of Takoma EC, and deny the remainder of the allegations of paragraph 8.

9. These Defendants admit that she is the principal of Turner ES, and deny the remainder of the allegations of paragraph 9.

10. These Defendants admit that Dennis Homesley is the principal of Payne ES, and deny the remainder of the allegations of paragraph 10.

11. These Defendants admit that William Wilhoyte is an assistant superintendent of DCPS. These defendants lacks sufficient information as to the remaining allegations of paragraph 11.

12. These Defendants are without sufficient knowledge to admit or deny the allegations in paragraph as to the residence of R. T., and deny the remainder of the allegations of paragraph 12, including the allegations set forth in subsections (a) - (g).

13. These Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 13. To the extent a response is required, these defendants deny the allegations.

14. These Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 14. To the extent a response is required, these defendants deny the allegations.

15. These Defendants deny the allegations in paragraph 15.

16. These Defendants deny the allegations in paragraph 16.

17. These Defendants deny the allegations in paragraph 17, including the allegations set forth in subsections (a) – (f).

18. These Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 18.

19. These Defendants deny the allegations in paragraph 19.

20. These Defendants admit the allegations in paragraph 20.

21. These Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 21. To the extent a response is required, these Defendants deny the allegations.

22. These Defendants deny the allegations in paragraph 22.

23. These Defendants admit that school administrators received correspondence from plaintiff in reference to R.T. Further responding, the letter(s) speaks for themselves.

24. These Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 24.

25. These Defendants admit that school administrators received correspondence from plaintiff Linda Tomonia in reference to R.T. Further answering, the letter(s) speak for themselves.

26. The allegations in paragraph 26 are the conclusions of the pleader to which no response is required. To the extent a response is required, these Defendants deny the allegations.

27. These Defendants deny the allegations in paragraph 27.

28. These Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 28. Further answering, these Defendants deny any and all allegations of wrongdoing and/or constitutional misconduct.

29. These Defendants deny that she initiated actions that were intended to drive R.T., as a student with disabilities of his Due Process Rights, and deprive him of benefits available to DCPS student. Further answering, these Defendants deny that she retaliated against plaintiff for her assertion of those rights  At this time, these Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 29.

30. The allegations in paragraph 30 represent the legal conclusions of the pleader and, as such, require no response.

31. These Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 31.

32. These Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 32.

33. These Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 33.

34. These Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 34.

35. There is no paragraph 35.

36. These Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 36.

37. These Defendants deny the allegations in paragraph 37.

38. These Defendants deny the allegations in paragraph 38.

39. These Defendants deny the allegations in paragraph 39.

40. These Defendants deny the allegations in paragraph 40.

41. These Defendants deny the allegations in paragraph 41.

42. These Defendants deny the allegations in paragraph 42.

43. These Defendants deny the allegations in paragraph 43.

44. These Defendants deny the allegations in paragraph 44.

45. These Defendants deny the allegations in paragraph 45.

46. These Defendants deny the allegations in paragraph 46.

47. These Defendants deny the allegations in paragraph 47.

48. These Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 48. To the extent a response is required, these Defendants deny the allegations.

49. These Defendants deny the allegations in paragraph 49.

50. These Defendants deny the allegations in paragraph 50.

51. These Defendants deny the allegations in paragraph 51.

52. These Defendants deny the allegations in paragraph 52.

## First Cause of Action
## Violation of Section 504

53. These Defendants incorporate their responses to paragraphs 1-52 as if separately set forth herein.

54. The allegations of paragraph 54 represent the legal conclusions of the pleader and, as such, require no response.

55. These Defendants deny the allegations in paragraph 55.

56. The allegations of paragraph 56 represent the legal conclusions of the pleader and, as such, require no response. To the extent a response is deemed required, the allegations are denied.

## Second Cause of Action
## Deprivation of Section 504 Rights under Color of State Law

57. These Defendants incorporate their responses to paragraphs 1-56 as if separately set forth herein.

58. The allegations of paragraph 58 represent the legal conclusions of the pleader and, as such, require no response.

59. The allegations of paragraph 59 represent the legal conclusions of the pleader and, as such, require no response.

60. These Defendants deny the allegations in paragraph 60.

61. These Defendants deny the allegations in paragraph 61.

62. These Defendants deny the allegations in paragraph 62.

## Third Cause of Action
## Violation of ADA Title II

63. These Defendants incorporates their responses to paragraphs 1-62 as if separately set forth herein.

64. The allegations of paragraph 64 represent the legal conclusions of the pleader and, as such, require no response.

65. The allegations of paragraph 65 represent the legal conclusions of the pleader and, as such, require no response.

66. These Defendants deny the allegations in paragraph 66.

67. These Defendants deny the allegations in paragraph 67.

68. The allegations of paragraph 68 represent the legal conclusions of the pleader and, as such, require no response. To the extent a response is deemed required, the allegations are denied.

## Fourth Cause of Action
### Deprivation of ADA Rights under Color of Law

69. These Defendants incorporates their responses to paragraphs 1-68 as if separately set forth herein.

70. The allegations of paragraph 70 represent the legal conclusions of the pleader and, as such, require no response.

71. The allegations of paragraph 71 represent the legal conclusions of the pleader and, as such, require no response.

72. These Defendants deny the allegations in paragraph 72.

73. These Defendants deny the allegations in paragraph 73.

74. These Defendants deny the allegations in paragraph 74.

## Fifth Cause of Action
### Violation of D.C. Human Rights Act Prohibition of Discrimination by An Educational Institution

75. These Defendants incorporates their responses to paragraphs 1-74 as if separately set forth herein.

76. The allegations of paragraph 76 represent the legal conclusions of the pleader and, as such, require no response.

77. These Defendants admit the allegations in paragraph 77.

78. These Defendants deny the allegations in paragraph 78.

79. These Defendants deny the allegations in paragraph 79.

80. These Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 80.

## Sixth Cause of Action
### Violation of D.C. Human Rights Act Prohibition of Discrimination by a D.C. Agency or Office

81. These Defendants incorporate their responses to paragraphs 1-80 as if separately set forth herein.

82. The allegations of paragraph 82 represent the legal conclusions of the pleader and, as such, require no response.

83. These Defendants admit the allegations in paragraph 83.

84. These Defendants deny the allegations in paragraph 84.

85. These Defendants deny the allegations in paragraph 85.

86. The allegations in paragraph 81 represent legal conclusions of the pleader, to which no response is required. To the extent a response is required, these Defendants deny any constitutional misconduct as alleged in paragraph 81.

## Seventh Cause of Action
### Aiding and Abetting Discrimination, in Violation of D.C. Human Rights Act

87. These Defendants incorporates their responses to paragraphs 1-86 as if separately set forth herein.

88. The allegations of paragraph 88 represent the legal conclusions of the pleader and, as such, require no response.

89. These Defendants admit the allegations in paragraph 89.

90. These Defendants deny the allegations in paragraph 90.

91. These Defendants deny the allegations in paragraph 91.

### Eighth Cause of Action
### Retaliation and Interference, in Violation of Title II of the ADA, Section 504 of the Rehabilitation Act and of the D.C. Human Rights Act

92. These Defendants incorporate their responses to paragraphs 1-91 as if separately set forth herein.

93. The allegations of paragraph 93 represent the legal conclusions of the pleader and, as such, require no response.

94. These Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 94.

95. These Defendants deny the allegations in paragraph 95.

96. These Defendants deny the allegations in paragraph 96.

Further answering, these Defendants deny all allegations not specifically admitted herein or otherwise responded to.

### THIRD DEFENSE

These Defendants did not violate plaintiffs' constitutional rights under either the ADA, Rehabilitation Act, and/or the D.C. Human Rights Act, or any other federal or local law.

### FOURTH DEFENSE

These Defendants' actions were taken in good faith and with reasonable belief in their lawfulness, and in accordance with applicable federal and/or local law.

**FIFTH DEFENSE**

These Defendants may be entitled to qualified immunity for their complained about conduct.

**SIXTH DEFENSE**

This Court may lack jurisdiction over this matter.

**SEVENTH DEFENSE**

The actions of these Defendants, if any, were reasonably necessary to effect, maintain, and enforce the laws, statutes, and/or regulations of the United States and/or the District of Columbia.

**EIGHTH DEFENSE**

The statute of limitations and/or the doctrine of laches bar this action in whole or in part.

**NINETH DEFENSE**

Plaintiffs' claims, and portions thereof, may be barred by the doctrines of claim preclusion (res judicata) and issue preclusion (collateral estoppel).

**TENTH DEFENSE**

Plaintiffs' claims may be barred for failure to exhaust their administrative remedies under the Individuals with Disabilities Education Act.

**TWELFTH DEFENSE**

Plaintiffs may have failed to mitigate their damages.

**THIRTEENTH DEFENSE**

Plaintiffs are not entitled to either injunctive nor declaratory relief.

11

**FOURTEENTH DEFENSE**

Plaintiffs may not maintain this lawsuit against defendant Janey in his official capacity because the District of Columbia is the proper party defendant and they must look to the District for their requested relief.

**FIFTEENTH DEFENSE**

There is no individual liability under either the American With Disabilities Act or the Rehabilitation Act.

**JURY DEMAND**

These Defendants demand a trial by jury on all issues so triable by law.

**AMENDMENT**

These Defendants reserve the right to amend their Answer should facts learned in discovery so warrant.

WHEREFORE, having fully answered, these Defendants urge the Court to dismiss the Complaint with prejudice and award costs and attorney's fees to these Defendants .

        Respectfully submitted,

        LINDA SINGER
        Attorney General for District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

/s SALLY L. SWANN_____
SALLY SWANN[1]
Assistant Attorney General, D.C.
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295
sally.swann@dc.gov

---

[1] Appearing under Rule 49(c) (4) of District of Columbia Court of Appeals.

## VERIFICATION

I swear under the penalties of perjury that the foregoing Answer is true and correct.

*Dennis Homesley*
Dennis Homesley

## VERIFICATION

I swear under the penalties of perjury that the foregoing Answer is true and correct.

_____
William Wilhoyte