IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA TOMONIA, et al, | ) |
| | ) |
| Plaintiffs, | ) Civ.Action No 7-CV-0882(JR) |
| | ) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, et al, | ) |
| | ) |
| Defendants. | ) |

## **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT**

On September 27, 2007 Defendants filed their Motion for Judgment on the Pleadings, Docket Doc. No. 31, claiming that (1) Defendant Clifford Janey, in his official capacity, is not a proper party defendant in this action and (2) the individual defendants are not subject to suit in their individual capacities because there is no individual liability under Title II of the ADA or under the Rehabilitation Act. Defendants cite no case law arising under or interpreting D.C. law in support of their claim that Defendant Janey, in his official capacity, is not a proper defendant. As shown below, under D.C. decisional law, the Superintendent of DCPS, in his official capacity, is both a proper and a necessary party. Defendants' second claim ultimately rests on a single

1

case, which neither addresses the language, policy or implementing regulations of the discrimination provisions of either Title II or Section 504, nor the retaliation provisions of either statute.

**I. Defendant Clifford Janey Can Not Be Dismissed, Either in His Personal or Official Capacity**

Defendant Janey, in his official capacity, is both a necessary and a proper party to this action. DCPS is subject to the requirements of the ADA, Section 504 and the D.C. Human Rights Act. Debord v. Bd of Ed of Ferguson Florrisant Sch Dist. 126 F.3d 1102, 1104 (8th Cir, 1997) (ADA "public entity" includes a school district ); 34 C.F.R. § 104.3 (f), (h)("recipient" means any public agency , institution or other entity to which federal financial assistance is extended directly or through another recipient, including any successor, assignee or transferee)("program or activity" means a local educational agency, or other school system); D.C. Code 2.1402.

Because DCPS is not a corporate body directly subject, under D.C law, to suit, Braxton v. National Capital Housing Authority, 396 A.2d 215 (D.C. 1978), it is sued via the Superintendent , in his official capacity. Plaintiffs' Compliant seeks, *inter alia*, injunctive relief. Complaint at 26. Superintendent Janey, therefore can not be dismissed as a Defendant in his official capacity. Tschanneral v. D.C. Bd. of Ed, 594 Fsupp 407,409 (ddc 1984)(D.C. Bd. of Ed. not suable entity; officials named in official

capacity proper Defendants for purposes of injunctive relief and will not be dismissed at Defendants' request ).

Further, Plaintiffs' Complaint alleges that Defendant Janey is the most senior policy-making officer of DCPS and was personally involved in decisions to exclude Plaintiff RT from DCPS programs and activities, in violation of the ADA, the Rehabilitation Act and the D.C. Human Rights Act. Complaint Para. 7. Defendant Janey, in his official capacity, for those reasons, independent of any others, can not be dismissed. See. Save our Schools v. Dist. of Col. Bd. of Ed., 2006 WL 1827654 at * 9 n. 18 (July 3, 2006)(rejecting defendants motion to dismiss individual defendants in official capacity)( because individual's actions may constitute official municipal policy where official has final policy making authority under state law), citing Triplett v. D.C., 108 F.3d 1450, 1453 (D.C.Cir 19970( under 1983 a municipality is liable only for const torts arising from action pursuant to official municipal policy").

Pursuant to FRCP R. 25(d)(1)( substitution of official is automatic when separated from office) Defendant Janey in his official capacity is succeeded by Chancellor Rhee for other purposes.


**II. Defendants' Authority Does Not Establish that Individual Liability is not Available Under Either Title II of the ADA or Section 504 of the Rehabilitation Act.**

Defendants' Motion for Judgment cites only to Sindram v. Merriwether, 06-1348 (D.D.C. Sept. 12, 2007) in support of its claim that

individuals are not subject to suit under either Title II of the ADA or Section 504 of the Rehabilitation Act. Sindram does not establish that proposition.

In Sindram, a serial litigant , Slip Op at 1 n.1, sued an individual defendant alleging violation of title II of the ADA. Defendant filed a 129b)(6) motion asserting that title Ii of the ADA did not permit suits against individual defendants. Slip op at 3. Plaintiff, in turn filed an Opposition to that 12(b)(6) motion, in which he addressed none of the assertions or arguments set forth in the defendant's motion. Slip Op at 5.

Sindram's analysis of the issues is confined to a brief reference to the ADA definition of "public entity", followed by the conclusion that the weight of existing authority holds that individual defendants may not be sued under the ADA. Id at 7. Sindram neither mentions nor analyzes the discrimination prohibition of title ii, Section 12132, or the enforcement section of title Ii, section 12133. Sindram's conclusion rests on string citations to decisions by three district courts and by the Sixth, Second and Eighth Circuit Courts of Appeals in Williams v. McLemorem 2007 WL 1748146 at *6 (6th Cir. June 19,2007), Garcia v. SUNY , 280 F.3d 98, 107 (2d Cir 2001), and Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999).

Two of the three Court of Appeals decisions cited in Sindram adopted, without analysis of Title II, its language, policy, legislative

4

history or of the regulations promulgated to implement it, the decisions of other courts. See Williams, 2007 WL 1748`46 at *6 (relying on Walker v. Snyder, 213 F3d 344, 346 (7th Cir. 2000); Garcia v. SUNY, 280 F. 3d at 107 (relying exclusively on Walker and Alsbrook). Alsbrook, in turn, relied without statutory or other analysis on Heubschen v. Dept of Health, 716 F.2d 1167, 1170 (7th Cir. 1983), which itself did not address Title II of the ADA, but employment discrimination actions under Title Vii of the Civil Rights Act. In Walker, the Seventh Circuit referred in passing to Fifth and 6th Circuit Court decisions holding or assuming that individuals are proper defendants in ADA actions. 213 F3d at 346. The Walker Court then stated its view that the ADA "addresses its rules to employers, places of accommodation and other organizations, not to individuals. Id. Without further discussion stated its agreement with the Eight Circuit's decision in Alsbrook, that Title II does not permit personal liability.

**III. Individual Defendants Are Liable under Title II of the ADA**

Title II of the ADA prohibits the exclusion of a qualified person with a disability from participation in their programs or services of a public entity, prohibits the denial to a qualified person with a disability of the benefits of services , programs or benefits provided by a public entity,

5

and prohibits discrimination by a public entity. Section 12132 of Title II states:

> "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation is or be denied the benefits of services programs or activities of a public entity, or be subjected to discrimination by any such entity."

The language of Section 12132 clearly and plainly states that it extends to instances in which an individual is denied access to public programs, services or benefits. It nowhere states that it covers only denials of access made by the public entity itself.

None of the cases relied upon by Sindram, or the cases that they in turn rely on, allude to, much less discuss case law that has interpreted the discrimination sections of the ADA or of Section 504 to permit individual liability. See, e.g. Schallehn v. central trust and Savings bank, 877 F.Supp 1315,1328-29,(N.D. Iowa 1995) citing Jendusa v. Cancer Treatment Center, 868 F.Supp 1006,1009 n.11  (N.D. Ill 1994)(10 decisions within Northern District holding no individual liability for supervisory employees or officers of a company, or no individual liability at all under Title vii, ADEA or ADA, and 13 holding that individual liability may be upheld under these antidiscrimination statutes as to supervisory or decision-making employees.)(also noting split among courts of appeals with 4th and 6th Circuits holding that individual liability may be imposed). Walker and its progeny merely assert that individual liability does not exist, they do not demonstrate that the statutes or

regulations implementing those statutes do not permit individuals to be held liable for actions that they took that violated the rights of a disabled child.

Individual defendants in public school systems are liable, under title II of the ADA for violation of children's ADA rights. Roe v. Nevada, 332 F. Supp. 2d 1331, 1344-1347 (D.Nevada 2004)(denying motion to dismiss)(because defendants had notice of abuse of child and yet failed to act, plaintiffs establish claim for compensatory damages under Title II of ADA and under Section 504)(denying claim for qualified immunity); McCachren v. Blacklick Valley Sch. Dist., 217 F. Supp 2d 594 (W.D. PA 2002)(Smith, Chief J.)(awarding compensatory damages to plaintiffs as against individual defendants under Title II of the ADA).

### IV. Individual Defendants Are Liable for Retaliation under Title II of the ADA

The ADA prohibits any person from engaging in retaliatory conduct and from interfering with the exercise of rights created by the ADA. It states:

> (a) Retaliation
>
> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
>
> (b) Interference, coercion, or intimidation
>
> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account

> of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

42 U.S.C. §12203. The ADA states that " person" includes "one or more individuals". 42 U.S.C.§ 12111(7)( incorporating 42 U.S.C § 2000 e(a)). The Department of Justice, when promulgating final regulations implementing Section 12203 , codified at 28 CFR 35. 134, effective January 26, 1992, expressly stated that the retaliation section applies "<u>to persons acting in an individual capacity</u>."www.usdoj.gov/crt/ada/reg2.html.at 27.

The Eleventh Circuit Court of Appeals, in an exhaustive analysis of Section 12203, its legislative history, regulations, prior decisions construing it, and applicable Supreme Court decisions, found that Section 12203 creates a cause of action against individual defendants for retaliation in violation of that section. <u>Shotz v. city of Plantation 344 </u>F3d 1161, 1164-1170 (11th cir 2003)

### V. Individual Defendants Are Liable under Section 504 of the Rehabilitation Act

  A. **Liability for Discrimination and Exclusion**

Section 504 prohibits exclusion from participation in any program or activity receiving federal financial assistance, prohibits the denial of the benefits of any program or activity receiving federal financial

assistance, and prohibits discrimination "<u>under</u>" any program or activity receiving federal financial assistance. It states:

> " No other wise qualified individual with a disability in the United States , as defined in Section 705(20) shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity that receiving federal financial assistance."

29. U.S.C § 794. Regulations imp0lementing Section 504, define a "recipient" of federal financial assistance as :

> "any State or its political subdivisions , any public or private agency, institution, organization, or other entity or any person to which federal financial assistance is extended directly or through another recipient , including any successor, assignee, or transferee of a recipient, but excluding the ultimate beneficiary of assistance."

34 C.F.R. §104.3 (f). As amended Section 504 incorporates the remedies, procedures and rights set forth in Title VI of the Civil Rights Act of 1964. 29 U.S.C.§ 794a(2).

Section 504 and the accompanying regulations require a showing that the discrimination took place under a federally funded program, but permit a suit against the individuals responsible for that discrimination, as well as angst the entity receiving federal funds. <u>Chaplin v. Consolidated Edison</u>, 587 F.Supp 519, 520 -521 (SD.NY 1984), <u>citing</u> <u>Pomerantz v. Co of Los Angeles,</u> 674 F.2d 1288,1291 (9th cir 1982), <u>Tatro v. texas</u>, 516 F.Supp 968, 973-74 (N.D. Texas 1981), affm'd 703 F.2d 823 (5th Cir. 1983),cert granted 104 S.Ct. 523(1983) as assuming that

9

individual liability exists. See Di pompo v. West Point, 708 F.Supp 540 (sd ny 1989)(504 employment discrimination action angst federal employer)( citing Chaplin for proposition that individuals may be liable for discrimination in non-federal employment setting ); Yoder v. Gross, 1991 WL 237831 at 2 n.1 (N.D. Ill Nov. 5, 1991(holding individual liable under Section 504 in reliance on Chaplin analysis ); Johnson v. NY Hospital, 897 F Supp 83, 86 (SD NY 1995)(citing Chaplin, holding that individuals who are responsible for discrimination under Section 504 are liable). See also  Mennine v. Gordon, 889 F.Supp 53,56 (D. Conn. 1995)(approving and adopting Chaplin analysis of statutory language)( holding that" under any education program or activity" language of Title IX does not restrict the potential class of defendants based on their nature or identity, but demands that an individual  defendant must exercise some level of control over the program or  activity that the discrimination occurs under.").

Courts have held individual defendants liable under Section 504 in a variety of contexts. See Lee v. Trustees of Dartmouth College, 958 F. Supp 37 (D.NH 1997)( individuals liable for terminating participation in medical residency); Robinson v. Gorman, 145 F.Supp 2d 201, 205-206 (D.Conn 2001)(Defendant landlords who participated in HUD programs held individually liable for discrimination when refused to permit disabled tenant to hire live in aide); Lamirande v. Resolution trust corp, 834 F. Supp. 526,527-28(D. NH 1993) (holding individual employees

liable in employment setting ); Schallehn v. Central Trust and Savings Bank, 877 F.Supp 1315,1328-29, 1331- 33, 1335-36(N.D. Iowa 1995)(holding that supervisory employees are employers)(relying on plain meaning of Section 504, Congressional intent )(analogizing to individual liability under related civil rights statutes where individuals held personally liable for violations they commit while working as agents of larger institutions, provided that their individual liability is based on individual acts distinct from institutional policy set by their superiors), citing, inter alia, Strzelecki v. Schwartz Paper co.,824 F.Supp 821(N.D.Ill 1993)(age discrimination );Al-Khazzraji v. St. Francis College, 784 F.2d 505, 518-19 (3d Cir 1986), affmd 481 U.S. 604 (1987)(Section 1981); Muiskiwamba v. ESSI,inc, 760 F.2d 740,753 (7th Cir 1985)(Section 1981);

      In the education context courts have both assumed and held that individual defendants can be held liable for violations of a child's Section 504 rights. See Roe v. Nevada, 332 F Supp. 2d 1331, 1344-1347 (D.Nevada 2004)(denying motion to dismiss)(because defendants had notice of abuse of child and yet failed to act, plaintiffs establish claim for compensatory damages under Title II of ADA and under Section 504)(denying claim for qualified immunity) affmd on other grounds, _____; McCachrenv. Blacklick Valley Sch. Dist., 217 F Supp 2d 594 (W.D. PA 2002)(Smith, Chief J.). In Mcachren, the Court held that because Section 505 of the Rehabilitation Act , imports the remedies

11

and procedures of Title vi of the Civil Rights Act, 42 USC 2000a et seq, and extends them to all persons protected under Section 504, individual defendants are liable for discrimination. <u>Id</u> at 600. The Court awarded damages against the individual defendants.  Id. at 602.

**B. Liability for Retaliation**

Section 504 regulations prohibit retaliation. They do so in terms that expressly apply to individual actors. They state:

> "No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by Section 601 of [the Civil Rights] Act or this part, or because he has made a compliant, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part."

34 CFR § 100.7 ©. This applies to any right or privilege secured by the Rehabilitation Act. 34 CFR 104.61.  This  broadly protective anti-retaliation regulation is firmly grounded in the enforcement provision of Title VI and the Rehabilitation Act.  <u>Weber v. Cranston</u>, 212 F3d 41, 48. (1st Cir. 2000). <u>See also</u> <u>Shotz v. City of Plantation</u>, 344 F3d 1161, 1164-1170 (11th Cir. 2003)(analyzing similar language of ADA retaliation provision and hilding that it creates individual liability ).

        Respectfully submitted,

        Karen D. Alvarez
        DC Bar No. 423186
        1442 Foxhall Road, NW
        Washington, DC 20007

(202)333-8553