UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINDA TOMONIA,** *et al.*, ) | |
| ) | |
| On behalf of R.T., minor, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-0882 (JR) |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## THE PARTIES' RULE 16.3 REPORT

Pursuant to Fed. R. Civ. P. 16 and LCvR 16.3, the parties, by and through undersigned counsel submit the following report:

### AGREEMENTS OF THE PARTIES AND DISCOVERY PLAN:

1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Defendants agree that the case, with respect to the individuals named in their personal capacities, is likely to be disposed of by dispositive motion. The individual defendants have filed their first dispositive motion for judgment on the pleadings asking the court to dismiss the ADA and Section 504 of the Rehabilitation Act claims against them because individuals cannot be sued in their personal capacities. Defendants anticipate filing further dispositive motions.

2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

The parties agree that any other parties should be joined and/or the pleadings amended by January 1, 2008.

3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties agree that the case should not be assigned to a magistrate judge for all purposes. The parties agree that a magistrate judge should be assigned to resolve any discovery matters. Plaintiffs do not agree to have a magistrate judge conduct mediation in this case.

4. Whether there is a realistic possibility of settling the case.

It does not appear at this time that settlement is a realistic possibility.

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The parties agree that settlement does not appear to be a realistic possibility at this time. Plaintiffs do not agree to ADR . Defendants would be willing to participate in ADR with a magistrate judge at a later date.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Defendants believe that there is a possibility that the case can be resolved by summary judgment**.** Plaintiffs consider that motions for summary judgment may resolve some issues in this case. The parties agree that the deadlines for dispositive motions should be as follows:

    a. Dispositive Motions: February 14, 2008

    b. Oppositions: March 4, 2008

    c. Replies: March 14, 2008

7. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties agree to dispense with the initial disclosures required by Fed. R. Civ. 26(a)(1).

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date

for the completion of discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

(a) Plaintiffs and defendants anticipate propounding interrogatories, requests for production of documents and requests for admissions, and taking depositions.

(b) Plaintiffs and defendants propose the following discovery deadlines:

    (i) Submission of Interrogatories and Production of Documents: by October 31, 2007;

    (ii) Responses: by December 5, 2007;

    (iii) Requests for Admissions : by December 11, 2007;

    (iv) Responses to Request for Admission: by January 15, 2008;

    (v) Close of fact discovery, including answers to interrogatories, document production, admissions and depositions: by January 31, 2008.

(c) Discovery Limits:

    (i) The number of interrogatories to be limited to 60 per side, but no more than 30 directed to any one party.

    (ii) The number of depositions to be limited to 10 per side

    (iii) The duration of each deposition to be limited pursuant to LCvR 26.2(c).

The defendants reserve their right to move for a protective order governing the disclosure of confidential information if necessary.

9. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

The parties agree that expert witness reports and information should be exchanged and expert discovery should occur as follows**:**

    a. Plaintiff's Expert Report:    December 11, 2007

    b. Defendants' Expert Report:    January 15, 2008

  c. Close of Expert Discovery: February 13, 2008

10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

11. Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.

The parties agree that bifurcation of the trial and/or discovery is not necessary at this time. However, defendants reserve the right to move to bifurcate the trial and/or discovery if the need should arise.

12. The date for the pretrial conference in this case is March 31, 2008.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the pretrial conference.

The Court has scheduled the trial in this case for April 7, 2008.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

  a. The parties agree that Pre-Trial Statements will be submitted on March 24, 2008.

  b. The parties agree that evidentiary motions will be submitted on March 17, 2008.

      Respectfully submitted,


      LINDA SINGER
      Attorney General for the District of Columbia

      GEORGE C. VALENTINE
      Deputy Attorney General, Civil Litigation Division

   /s/
PATRICIA A. JONES [428132 ]
Chief, General Litigation, Section IV


   /s/
SALLY L. SWANN[1]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202)724–6519; (202)727-6295
sally.swann@dc.gov


   /s/
KAREN D. ALVAREZ, ESQ.
D.C. Bar No. 423186
1442 Foxhall Road, NW
Washington, D.C. 20007
(202) 333-8553

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

5

UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA TOMONIA, *et al.*, | ) <br> ) <br> ) |
| On behalf of R.T., minor, <br> Plaintiffs, | ) <br> ) <br> ) |
| v. | ) Civil Action No. 07-0882 (JR) |
| DISTRICT OF COLUMBIA, *et al.*, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**PROPOSED SCHEDULING ORDER**

UPON CONSIDERATION of The Parties' LCvR 16.3 Report and the entire record herein, it is this _____ day of _____, 2007, hereby ordered that:

1. The parties need not exchange the initial disclosures required by Fed. R. Civ. 26(a)(1).

2. Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed by January 31, 2008.

3. The number of interrogatories is to be limited to 60 per side, but no more than 30 directed to any one party.

4. The number of depositions is to be limited to 10 per side.

5. The duration of each deposition is to be limited pursuant to LCvR 26.2(c).

6. Plaintiff's expert report(s) and information shall be served no later than December 11, 2007.

7. Defendants' expert report(s) and information shall be served no later than January 15, 2008.

8. All discovery on the parties' experts shall close no later than February 13, 2008.

9. All dispositive motion shall be filed not later than February 14, 2008.

10. Memoranda of points and authorities in opposition to any dispositive motions shall be filed no later than March 4, 2008.

11. Reply memoranda shall be filed no later than March 14, 2008.

12. A pretrial conference shall be scheduled for March 31, 2008.

13. The trial date shall be scheduled for April 7, 2008.

_____         _____
Date                                                                            JAMES ROBERTSON
                                                                                United States District Judge
                                                                                for the District of Columbia


cc:

Sally L. Swann
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

Karen D. Alvarez, Esquire
1442 Foxhall Road, NW
Washington, D.C. 20007

7