## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LINDA TOMONIA, et al,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No 7-CV-0882(JR)** |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ......................................................) | | |

### PLAINTIFFS' MOTION FOR CLARIFICATION AND CORRECTION OF THE COURT'S ORDER OF OCTOBER 19, 2007 REGARDING STATUS OF INDIVIDUAL DEFENDANTS OR, IN THE ALTERNATIVE, FOR RECONSIDERATION OF THAT ORDER

Plaintiffs move, pursuant to Rules 7(b) (1) and 60(a) of the Federal Rules of Civil Procedure, for clarification of the Court's Order of October 19, 2007, regarding the status of the individual defendants in this action, and correction thereof. In the alternative Plaintiffs move for reconsideration of that Order, pursuant to Rules 7(b) (1) and 59(e) of the Federal Rules of Civil Procedure.

The grounds for Plaintiffs' Motions are more fully set forth in the accompanying memorandum of points and authorities.

Respectfully submitted,

Karen D. Alvarez
D.C. Bar No. 423186
1442 Foxhall Rd., N.W.
Washington, D.C. 20007

(202) 333-8553

October 29, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA TOMONIA, et al,                    )
                                         )
                                         )
                                         )
         Plaintiffs,                     )     Civil Action No 7-CV-0882(JR)
                                         )
                                         )
         v.                              )
                                         )
DISTRICT OF COLUMBIA, et al,             )
                                         )
         Defendants.                     )
......................................................)


MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFFS' MOTION FOR CLARIFICATION OF THE COURT'S
ORDER OF OCTOBER 19, 2007 REGARDING STATUS OF
INDIVIDUAL DEFENDANTS OR, IN THE ALTERNATIVE, FOR
RECONSIDERATION OF THAT ORDER


         Plaintiffs move for clarification and correction of the Court's October

19, 2007 Order, Docket No. 36, with respect to the individual defendants

named in Plaintiffs' Complaint in their personal capacities, pursuant to

Rule 60(a). In the alternative, Plaintiffs move for reconsideration of that

Order, on the grounds that Plaintiffs had no notice that the Court would

consider and decide issues not raised by Defendants' Motion for

3

Judgment on the Pleadings, and had no opportunity to respond to the issues decided in the Court's October 19, 2007 Order.

The Court's Order responded to and granted Defendants' motion for partial judgment on the pleadings, Docket No. 31 (filed Sept. 27, 2007). In relevant part, the Order states:

> "<u>Defendants' Motion for judgment on the pleadings is…</u>
> <u>granted</u> without prejudice as to the remaining individual
> defendants, who will not be required to respond to plaintiffs'
> claims until and unless plaintiffs can allege facts that would
> give rise to their liability in their personal capacities."

Emphasis added.

It is unclear to Plaintiffs whether the Court intended, in its Order, to reach all the claims asserted against the individual defendants in Plaintiffs' Complaint, or, only those stated under Title II of the ADA and Section 504 of the Rehabilitation Act.

As set forth below, Defendants' motion for partial judgment on the pleadings sought judgment solely as to Plaintiffs' claims under Title II of the ADA and Section 504 of the Rehabilitation Act. Defendants' motion did not seek judgment as to Plaintiffs' Section 1983 claims or DCHRA claims. Defendants' motion did not address the elements of any claim for relief asserted in Plaintiffs' Complaint or the factual predicates thereof. Defendants' motion raised solely the legal issue of whether Title II and Section 504 permitted an action against individual defendants, in their personal capacities, as opposed to "entity" defendants.

# FACTS

### 1. Plaintiffs' Complaint States Claims Under Four Statutes

Plaintiffs' Complaint in this action asserts claims against the individual Defendants in their personal capacities under: (1) Title II of the ADA[1]; (2) Section 504 of the Rehabilitation Act[2]; (3) Section 1983 of the Civil Rights Act of 1871[3] (Section 1983); and (4) the District of Columbia Human Rights Act[4] (DCHRA).

### 2. Defendants Moved Only for Partial Judgment on Pleadings

On September 27, 2007, Defendants filed their motion for partial judgment on the pleadings. Docket No. 31.  Defendants' Motion sought partial judgment on the pleadings as to Plaintiffs' claims against the individual Defendants, in their personal capacities, under Title II of the ADA and Section 504 of the Rehabilitation Act. Docket No. 31 at 1(defendants submit "partial motion to dismiss") (asserting that Complaint fails to state a claims as to individual defendants under ADA or Section 504); id.at 4 (individual defendants sued in personal capacity entitled to dismissal of claims under ADA and Rehabilitation Act.) The individual Defendants' argument addressed exclusively Plaintiffs' ADA and Section 504 causes of action. Id.at 6 ("Plaintiffs' redress under Title

---

[1] Third Cause of Action, Complaint at 20; Eighth Cause of Action, Complaint at 24.
[2] First Cause of Action, Complaint at 19; Eighth Cause of Action, Complaint at 24.
[3] Second and Fourth Causes of Action, Complaint at 19, 21.
[4] Fifth, Sixth, Seventh and Eighth Causes of Action, Complaint at 22-25.

II of the ADA and Section 504 of the Rehabilitation Act is limited to claims against the District of Columbia.").

### 3. Defendants' Motion Did Not Seek Judgment as to Plaintiffs' Section 1983 or DCHRA Claims

The individual Defendants, in their personal capacities, did not move for judgment on the pleadings as to any other of the causes of action stated against them in Plaintiffs' Complaint. See Docket No. 31. (not referring to or addressing Section 1983 or DCHRA claims). Defendants' motion did not address Plaintiffs' claims under Section 1983 or the DCHRA.

## THE OCTOBER 19, 2007 ORDER SHOULD BE CORRECTED OR RECONSIDERED

### 4. Standard for Correction of Oversight or Omission

Rule 60(a) permits correction of clerical mistakes in judgments and orders and errors arising from oversight or omission at any time, by the court on its own initiative or on the motion of any party. It states:

> "Clerical mistakes in ...orders...or errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

Fed. R. Civ. P. 60(a).

Accordingly, if the language cited in the Court's Order resulted from a mere oversight, from the assumption that the Defendants' Motion

for Judgment on the Pleadings in fact sought judgment as to all claims in Plaintiffs' Complaint, then Plaintiffs request that the Order be corrected to make it clear that the individual defendants are released only as to Plaintiffs' ADA and Section 504 claims.

### 5. Plaintiffs Had no Notice that Court Would Decide Claims not Addressed by Defendants' Motion for Partial Judgment on the Pleadings

Neither Defendants' motion for judgment on the pleadings, nor Defendants" motion to vacate entry of default, put Plaintiffs on notice that the Court would decide the viability of Plaintiffs' 1983 claims or DCHRA claims.

As already demonstrated, Defendants' motion for judgment on the pleadings expressly limited itself to Plaintiffs' ADA Title II and Section 504 claims.  The only  motions, other than motions to enlarge, filed by Defendants in this action were their motions to vacate entry of default. In those motions, Docket No. 23, 25,  Defendants made cursory assertions and allegations to the effect that they had a meritorious defense to Plaintiffs' claims.  Those assertions were superfluous under Rule 55 (c): because no motion for default judgment was pending, there was no requirement that defendants demonstrate a defense in order to vacate entry of default, and consequently, no reason for the Court to rule upon, or for Plaintiffs to respond to, any defenses that Defendants hazarded might be available to them. See Docket (July 31, 2007)("Notice

of Corrected Docket Entry: 10, 11, 12, 13 Motions for Default Judgment were changed to Affidavits for Default by the Court pursuant to FRCP 55(a),(c)". <u>See also</u> Fed. R. Civ. P. 55(c) (court may set aside entry of default for good cause shown).

### 6. Jurisdiction over Plaintiffs' ADA and Section 504 Claims Remains Undisputed

Defendants have not disputed Plaintiffs' claims against the District of Columbia for violation of Plaintiffs ADA and Section 504 claims. The Court has not held that those claims are inadequate to state a claim for relief.

### 7. The Court Has Jurisdiction over Plaintiffs' DCHRA Claims against the Individual Defendants

### (a) Individual Defendants Are Liable in Personal Capacity under DCHRA

Under the D.C.HRA individual defendants are liable in their personal capacity for violations of DCHRA rights. <u>Bowers v. Janey</u>, 468 F.Supp.2d 102 (D.D.C. 2006) (plaintiff can sue individual defendants in personal capacity under DCHRA ), <u>citing</u> <u>Wallace v. Skadden Arps</u>, 715 A.2d 873, 887-89(D.C. 1998); <u>Lance v. United Mine Workers</u>, 400 F.Supp.2d 29,31-32 (D.D.C. 2005); <u>MacIntosh v. Building Owner and Managers Assn</u>, 355 F.Supp.2d 223, 227-228 (D.D.C. 2005).

### (b) Court of Appeals Guidelines Require The Exercise of Supplemental Jurisdiction over Plaintiffs' DCHRA Claims

Plaintiffs' DCHRA claims against the individual defendants and the District of Columbia arise out of the very same nexus of facts as do Plaintiffs' ADA and Section 504 claims against the District of Columbia. In fact, Plaintiffs' claims against the District of Columbia exist by virtue of the acts taken by the individual defendants that Plaintiffs claim independently violated the DCHRA. See Complaint at 23-25.

This Court has original jurisdiction over Plaintiffs' ADA and Section 504 claims against the District of Columbia, and therefore has supplemental jurisdiction over Plaintiffs' DCHRA claims against the District of Columbia and the individual defendants in their personal capacity. 28 USC §1367(a). When the trial court has supplemental jurisdiction over state law claims and original jurisdiction over federal claims remains, a court must be guided by the factors enumerated in 28 USC §1367(c) in determining whether to dismiss pendent claims. Shekoyan v. Sibley Intl, Inc, No. 04-7040 at 15, 409 F3d. 414 (D.C. Cir. 2005), citing Edmondson & Gallaher v. Albans Tower Tenants Assn, 48 F3d 1260, 1266 (DC Cir 1995).

Plaintiffs DCHRA claims include both claims against DC and the individual defendants. Complaint at 23-25. Plaintiffs' DCHRA claims, whether against the District of Columbia ---which the Court's Order does not dismiss---or the individual defendants arise from the same conduct that gives rise to the District of Columbia's liability under Plaintiffs' on-going ADA and Section 504 claims. None of Plaintiffs' DCHRA claims

present any of issues or concerns that Section 1367 (c) recites as reasons for declining to exercise supplemental jurisdiction.

Under <u>Edmondson & Gallaher</u>, Plaintiffs' DCHRA claims against the individual defendants may not be dismissed. <u>See</u> <u>Mitchell v. Yates</u>, supra, 402 F. Supp.2d at 235 (trial court must exercise jurisdiction over supplemental state law claims where it retains original jurisdiction over federal claims)

## 8.   This Court of Appeals Has Not Decided That Section 1983 Claims Can Not Be Founded on ADA or Section 504

Plaintiffs' Complaint asserts Section 1983 claims against the individual defendants , based upon Title II of the ADA and Section 504. The Court's Order dismisses these claims against the individual Defendants.

This Court of Appeals has not ruled that individual defendants may not be sued under Section 1983 for violations of ADA and Section 504 rights. <u>See</u> <u>Mitchell v. Yates</u>, 402 F. Supp. 2d 222,  230 n.7 (DDC 2005) (declining to decide Defendants' motion to hold that 1983 action may not be premised on ADA violations)(noting split among circuits, and citing decisions of 6th and 7th circuits holding that 1983 action may be based on violations of ADA).

## 9.   At Minimum, Notice and Opportunity to Defend Are Required Before Court May Dismiss Sua Sponte under Rule 12(c).

A litigant is entitled to reasonable notice that the sufficiency of his claim will be in issue. <u>Portsmouth Square, Inc. v. Shareholders Protective Committee</u>, 770 F.2d  866, 869  (9th Cir. 1985). Reasonable notice implies adequate time to develop the facts on which the litigant will depend. <u>Id</u>.  A court may not sua sponte dismiss claims, without providing notice and an opportunity to defend.  <u>See</u> <u>Toma v. Columbia Co</u>. , 2007 WL 1221317 at *1 (S.D. Ga. April 20, 2007)(notice and opportunity to respond provided before court dismissed federal claims and before court determined whether it would decline the exercise of supplemental jurisdiction);   <u>See also</u>, <u>Mc Bride v. Merrell Dow, Inc</u>. 800 F.2d 1208,1212 (D.C. Cir. 1986)(while trial courts possess authority  to enter judgment sua sponte, that authority may only be exercised where the losing party was on notice that it had to come forward with evidence) <u>Stewart v. Credit Bureau, Inc</u>. 734 F.2d.47,53 n. 10 (D.C. Cir. 1984) (sua sponte summary judgments are justified only after the party against whom the judgment will be entered was given adequate notice and an opportunity to demonstrate why summary judgment should not be granted).

**10.        Standard for Motion for Reconsideration**

Motions for reconsideration are committed to the sound discretion of the trial court. <u>See</u> <u>Firestone v. Firestone</u>, 76 F3d 1205, 1208 (D.C. Cir. 1996). Rule 59(e) permits relief upon a demonstration of

"an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error to prevent manifest injustice." Fed. R. Civ. P. 59(e).

Here, Plaintiffs do not attempt to re-argue facts or theories which they previously have argued, or had an opportunity to argue. Plaintiffs seek reconsideration of the Court's October 19th Order which apparently dismissed all claims against the individual Defendants, including DCHRA claims and Section 1983 claims, although those claims were not disputed by Defendants' motion for judgment. A court, sua sponte dismissing claims under Rule 12(c), must provide the non-moving party with notice and an opportunity to defend. Because the Court did not provide Plaintiffs notice or an opportunity to defend before dismissing these claims, it was clear error to dismiss them. Dismissing Plaintiffs' DCHRA claims against the individual defendants works a manifest injustice. Plaintiffs request that the Court, in accordance with Rule 59(e), reconsider its Order of October 19, 2007.

For all of the foregoing reasons, Plaintiffs submit that the Court's Order of October 19, 2007 should be corrected or reconsidered.

Respectfully submitted,

Karen D. Alvarez
D.C. Bar No. 423186

1442 Foxhall Rd., N.W.
Washington, D.C. 20007
(202) 333-8553