IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA TOMONIA, *et al..*, <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al,* <br><br> Defendants. | Civil Action No. 07-CV-0882(JR) |

**DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT**

Defendant District of Columbia (hereinafter "the District"), by and through counsel, opposes Plaintiffs' Motion for Leave to Amend Their Complaint and states as follows:

1. On or about May 10, 2007, Plaintiffs filed the instant action against defendants District of Columbia, Clifford Janey, former Superintendent of the D.C. Public Schools, Mary Grant, Principal of Takoma EC, Marcia Parker, former principal of Turner ES, Dennis Parker, principal of Payne ES and William Wilhoyte, Assistant Superintendent of the D.C. Public Schools, under the American With Disabilities Act, Section 504 of the Rehabilitation Act, and the D.C. Human Rights Act.

2. On September 27, 2007, the named defendants moved for judgment on the pleadings on the basis that Plaintiffs cannot maintain an action against them under the American With Disabilities Act and Section 504 of the Rehabilitation Act. Additionally, defendant Janey also asserted that the lawsuit against him was an official-capacity lawsuit, and that the District is the proper party defendant. See Docket Entry #31.

3.      By Order, dated October 19, 2007, the Court dismissed the action against defendant Janey with prejudice, and against the remaining defendants without prejudice. See Docket Entry #36.

4.      Plaintiffs now move to amend the Complaint against all named defendants. See Docket Entry # 38.   Plaintiffs still seek to proceed against the named defendants under the American With Disabilities Act and Section 504 of the Rehabilitation Act. See Docket Entry # 38 annexed as attachment # 2.  Allowing Plaintiffs to amend their Complaint to add facts to support a cause of action under the ADA and/or the Rehabilitation Act is futile since there is no individual liability under either Act.  *See Sindram v. Meriweather*, ___ F.Supp.2d ___, 2007 WL 2660258 (D.D.C. Sept. 2007), holding an individual defendant cannot be held liable in her personal capacity under the ADA; *see also, Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn,* 280 F.2d 98, 107 (2d Cir. 2001), holding neither the ADA nor Section 504 of the Rehabilitation Act permit individual capacity suits against State officials).  Moreover, because the action against defendant Janey has been dismissed with prejudice, plaintiff is precluded from pursuing any claim against him.

5.      Plaintiffs also seek to assert a new cause of action against the District defendants in this matter for allegedly violating their Fifth Amendment Rights under color of state law, in violation of 42 U.S.C. 1983 (hereinafter referred to as "Sec. 1983"). See Amended Complaint, at Docket Entry #38 annexed as attachment #2**.**  While the District is well aware that leave to amend a complaint should be freely granted pursuant to F. Rule of Civ P. 15(a), the District respectfully requests that the court deny plaintiffs'

2

motion to add a cause of action under section 1983 as the plaintiffs has failed to properly plead their Sec. 1983 action.

6.  To maintain a Section 1983 claim, a party is required to both plead that that an official policy or custom caused a deprivation of constitutional or federal rights *Miller v. Barry,* 698 F.2d 1259, 1261 (D.C. Cir. 1983); *Batista v. Rodriguez,* 702 F.2d 393, 397 (2nd Cir. 1983); *Harris v. District of Columbia*, 1989 U.S. Dist. LEXIS 4868 (D.D.C. May 4, 1989).  In the plaintiffs' amended complaint, they fail to demonstrate any official custom or policy of the defendant that deprived them of their constitutional or federal rights.  See Amended Complaint, generally.  Instead, plaintiffs assert self serving allegations of tortious conduct by District employees.  However as this court is aware, the District of Columbia cannot be held liable under Sec. 1983 for constitutional violations of its employees simply because it employed one or more tortfeasors. *Harris,* 1989 U.S. Dist. LEXIS at 6.

Wherefore, the District respectfully submits that the plaintiffs' motion for leave to amend their complaint should be denied.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE VALENTINE
        Deputy Attorney General
        General Litigation Division

        _____/s/_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation Section IV

4

                                                                /s/
                                              ERIC S. GLOVER[1]
Assistant Attorney General
441 4th Street, N.W.
Washington, DC 20001
(202) 442-9754; (202) 7272-6295

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals and LCvR 83.2.