IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


LINDA TOMONIA, et al,                    )
                                         )
                                         )
                                         )
        Plaintiffs,                      )    Civ.Action No 7-CV-0882(JR)
                                         )
                                         )
             v.                          )
                                         )
DISTRICT OF COLUMBIA, et al,             )
                                         )
        Defendants.                      )
……………………………………………)

**NOTICE OF FILING**

Plaintiffs file herewith Exhibits II-A through II-G to Plaintiffs' Motion for
Summary Judgment.




                        Respectfully submitted,


                        Karen D. Alvarez
                        D.C. Bar No. 423186
                        1442 Foxhall Rd, N.W.
                        Washington, D.C. 20007
                        (202) 333-8553
                        202-333-1546(Fax)

# Multicultural Community Service



*Josephine Butler Parks Center*
2437 15th Street, N.W.
Washington, D.C. 20009
Tel: (202) 238-9355 Fax: (202) 299-9207
Email: info@mcsdc.org

Date _3·15·08_

To _Ted Alvarez_  From _Johnnie Hoang_

Company _____  Telephone _202-552-7162_

Fax _202-333-1546_  Pages *(including cover sheet)* _3_

☐ Urgent  ☐ For Review  ☐ Please Comment  ☐ Please Reply

Re: _C. Tomonia_  CC: _____

☐Message:

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LINDA TOMONIA, et al, )
)
)
)
    Plaintiffs, ) Civil Action No 7-CV-0882(JR)
)
)
    v. )
)
DISTRICT OF COLUMBIA, et al, )
)
    Defendants. )
.................................................... )

## DECLARATION OF KAREN WILLS- HENRY

I, Karen Wills-Henry, declare as follows:

1. I am a resident of the District of Columbia over the age of eighteen.

2. In spring 2006 I was employed in the DCPS Special Education Service Center.

3. Sometime in or about April 2006 I responded to a call from Ms. Linda Tomonia, who was seeking assistance on behalf of her son R.T., then a student at Takoma EC.

4. Ms.Tomonia described R.T. as a student with ADHD who was frequently suspended at Takoma. She wanted Takoma EC to evaluate him for special education services.

5. Ms. Tomonia stated that Takoma EC was telling her that R.T. could not come back to school for stated periods, but that Takoma told her that these were not "suspensions."

6. I called Principal Mary Grant at Takoma to discuss Ms. Tomonia's concerns. I told Dr. Grant that (a) Takoma was free to initiate evaluations immediately and (b) that DCPS policy required that a notice of suspension be issued whenever a student was excluded from school.

7. I was not able to resolve Ms. Tomonia's concerns.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE

AND CORRECT.

Date   February 12, 2008

Karen Wills-Henry

202 338-1546



## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## NOTICE OF STUDENT DISCIPLINARY ACTION

### SUSPENSION LEVEL I

__Takoma Educational Center__
**School**
___(202) 576-6127___
**Telephone**

_Mary Q. G. . . ._
Signature of Principal
___5/1/2006___
**Date of Delivery**
[ ] Certified Mail
[X] Hand Delivery

Student ____Reginald Timonia____         Date of Birth ____1/3/1995____

Student's Grade ___5___         Male [X] Female [ ]         Ethnicity Code___Black___

Sp. Ed. Student: Yes [ ] No [X]    Disability Code _____    LRE/Educational Setting _____

Parent/Guardian __Mrs. Tomonia_____

Address____6817 Georgia Ave. NW  Apt# 421  Washington, DC  20012_____

Home Telephone ___(202) 723-7634___         Work Telephone _____(301) 402-0607_____

Dear __Mrs. Tomonia_____:
         Name of Parent/Guardian

    Please be advised that pursuant to the __Rules of the Board of Education__, Section 2500, your son/daughter is being disciplined for violating the following section(s) of the Board Rules;
__2503.1 (b)_____

_____

_____

**Brief description of incident:**
__Reginald has been repeatedly disrespectful to adults._____

_____

_____
(State each section individually)

Page 1 of 4
SHO 101
August 2000

FROM :                    FAX NO. :3018275477           Nov. 08 2006 02:28PM  P2

Reginald Tomonia
**Name of Student**

I am notifying you, in accordance with Board Rule Section 2505.3, that
_____Reginald Tomonia_____ is to be suspended for _____5_____ days, from 5/1/2006
(Name of Student)
through _____5/ 5/2006_____.

[ X ] A conference was held on _____5/1/2006_____ with __Reginald Tomonia__.
                                        Date                              Name of Student

[  ] A conference has been scheduled on_____ at _____ , in the school
                                               Date              Time

office.

Contact _____ on _____ to confirm attendance.
           (Name of Contact Person)        (Telephone Number)

## CHECK WHERE APPROPRIATE

[  ]  During this disciplinary time period the student must report to this school for in school suspension.

[ ] During this disciplinary time period the student must report to the following alternative educational placement: _____, located at _____

_____.

The telephone number is _____.

[X]  Because of the seriousness of the offense and potential harm to your child and others, I am initiating a home suspension in accordance with the Board Rules. During this disciplinary time period, the student shall be placed on home suspension for __5__ days. An educational packet will be provided to the student. This office will provide further instructional information. If your child does not receive this information within (4) school days of receipt of this notice, please call:

__Dr. Mary O. Grant__                    _____(202) 576-6127_____
        Name                                    Telephone Number

This suspension will not be made a part of the student's permanent record. The principal has informed the Student Hearing Office of this suspension.

A copy of Chapter 25 of the Board Rules is attached.

August 2000

# SUMMARY OF DISCIPLINARY PROCEDURES

1. The decision to effect a disciplinary action shall be made by the principal or principal's designee and may be made upon the recommendation of a teacher or other D.C. Public School employee.

2. Notice of all exclusions or home suspensions shall be in writing to an adult student or minor student's parent or guardian.

3. The student shall be given a conference with the school official responsible for making or approving the disciplinary action.

4. An adult student or minor student's parent or guardian shall be informed in writing of the alleged infraction by certified mail or hand delivery at least twenty four (24) hours prior to this conference.

5. The conference may include the parent or guardian, witnesses and/or legal representative but participation by such parties shall not be required.

6. The conference shall precede the disciplinary action except that immediate disciplinary action may be taken by the principal or designee due to emergency circumstances related to school safety and security.

7. Findings and recommendations regarding disciplinary actions shall be forwarded to the Superintendent or designee who may intervene to modify the action in the interest of fairness or uniformity.

8. The adult student or minor student's parents, guardian, may request a hearing by contacting the D.C. Public Schools Hearing Office within two (2) school days of the receipt of notice of the findings and recommendations of the formal administrative conference. The telephone number of the Hearing Office is 442-5550 or 442-5557.

9. The hearing shall be held not more than four (4) school days after a written notice is given to the adult student or minor student's parent or guardian except that the hearing may be postponed for not more than five (5) school days upon the request of the adult student, minor student's parent or guardian.

10. The hearing officer shall determine that all due process procedures have been followed or waived. The hearing officer may question any witness or party upon the conclusion of direct or cross examination testimony and shall examine all documentary evidence.

11. The hearing officer shall ensure that the hearing is conducted in fair and orderly manner and shall have the authority to exclude any party or other person from the hearing on the grounds of substantial interference or obstruction of the orderly hearing process.

12. An official electronic tape recording of the hearing shall be made by the hearing officer and shall constitute the official record of the hearing.

13. If no hearing is requested, the principal or other school official making the disciplinary action may impose or continue the action.

# LEGAL SERVICES WHICH MAY PROVIDE FREE
## OR LOW COST REPRESENTATION

**D.C. School of Law**
719 13th Street, N.W.
Washington, D.C. 20009
727-5225

**Office of Bar Counsel**
515 5th Street, N.W.
Suite 127
Washington, D.C. 20005
638-1501

**Legal Aid Society of the District of Columbia**
666 11th Street, N.W.
Suite 300
Washington, D.C. 20001
628-1161

**Young Lawyers of the D.C. Bar Association**
1819 H Street, N.W.-12th Floor
Washington, D.C. 20006
223-6600 or 223-1482

**Neighborhood Legal Services Program**
**Branch Offices:**
1337 H Street, N.E.              399-6431
1213 Good Hope Road, S.E.        678-2000
3616 ½ 14th Street, N.W.         726-1400
1130 6th Street, N.W.            289-5200



### DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### NOTICE OF STUDENT DISCIPLINARY ACTION

#### SUSPENSION LEVEL I

__Takoma Educational Center__
School

___(202) 576-6127___
Telephone

Signature of Principal

___5/15/2006___
Date of Delivery
[ ] Certified Mail
[X] Hand Delivery

Student ____Reginald Timonia____          Date of Birth ____1/3/1995____

Student's Grade ___5___          Male [X] Female [ ]          Ethnicity Code____Black____

Sp. Ed. Student: Yes [ ] No [X]     Disability Code _____     LRE/Educational Setting _____

Parent/Guardian __Mrs. Tomonia__

Address____6817 Georgia Ave, NW   Apt# 421  Washington, DC  20012____

Home Telephone ___(202) 723-7634___     Work Telephone ____(301) 402-0607____

Dear ___Mrs. Tomonia___          :
         Name of Parent/Guardian

         Please be advised that pursuant to the Rules of the Board of Education, Section 2500,
your son/daughter is being disciplined for violating the following section(s) of the Board Rules
___2503.1 (b),(h)___

Brief description of incident:
_____Reginald continues to disrupt the instructional program causing students to miss important assignments.
_____In addition Reginald left the school property having the school to make contact with the MPD to search
for him; parent was contacted.

(State each section individually)

Page 1 of 4

SHO 101
August 2000

_____Reginald Tomonia_____
Name of Student


I am notifying you, in accordance with Board Rule Section 2505.3, that
_____Reginald Tomonia_____ is to be suspended for _____10_____ days, from 5/11/2006
　　　　(Name of Student)
through _____5/ 25/2006_____.

[ ] A conference was held on _____ with _____.
　　　　　　　　　　　　　　　　　　　Date　　　　　　　　　　　Name of Student

[X] A conference has been scheduled on_____5/17/06_____ at _____9:30am_____ , in the school
　　　　　　　　　　　　　　　　　　　　　Date　　　　　　　　　Time

office.

Contact _____Mary Q. Grant_____ on _____(202) 576-6127_____ to confirm attendance.
　　　　　　(Name of Contact Person)　　　　(Telephone Number)


## CHECK WHERE APPROPRIATE

[ ]  **During this disciplinary time period the student must report to this school for in school
suspension.**

[ ] **During this disciplinary time period the student must report to the following alternative
educational placement: _____, located at _____.
_____.
The telephone number is _____.**

[X] **Because of the seriousness of the offense and potential harm to your child and others, I am
initiating a home suspension in accordance with the Board Rules. During this disciplinary time
period, the student shall be placed on home suspension for __10__ days. An educational packet
will be provided to the student. This office will provide further instructional information. If
your child does not receive this information within (4) school days of receipt of this notice,
please call:**

　　**Dr. Mary Q. Grant**_____　　　　　_____(202) 576-6127_____
　　　　　　　Name　　　　　　　　　　　　　Telephone Number

　　　This suspension will not be made a part of the student's permanent record. The
principal has informed the Student Hearing Office of this suspension.

　　　A copy of Chapter 25 of the Board **Rules** is attached.

**St. Ann's Infant and Maternity Home**

4901 Eastern Ave.

Hyattsville, MD 20782

# FAX

**Date:** 1/24/07

**Number of pages including cover sheet:** 3

**Attn:**

Karen Alvarez

**Cc:**

**Phone:** 202/333-8553

**Fax phone:** 202/333-1546

**From:**

Liz Norell, LGSW

St. Ann's Social Worker

**Phone:** 301/559-5500 x161

**Fax phone:** 301/559-4862

Ms. Alvarez,

Please find enclosed Unusual Incident Report dated 5/25/06 stated RT was suspended until Tuesday May 30, 2006.

Liz Norell, LGSW
St. Ann's Infant and Maternity Home
Hyattsville, MD   20782
301-559-5500-ext 161

**REMARKS:**    ☐ Urgent    ☒ For your review    ☐ Reply ASAP    ☐ Please comment

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## CHILD AND FAMILY SERVICES
### UNUSUAL INCIDENT (UI) REPORT

**PART I-REPORTED BY:**
1.  Person first Reporting Incident: Stephanie Brown
    a. Name of Facility: St.Ann's Infant and Maternity Home
    b. Title/Position: Child Care Worker/Senior Staff
    c. Date Reported: 5/25/06
2.  Person/Reporting Incident to: Jeanette Chittams
    a. Title/Position: Program Director
    b. Date Reported: 5/25/06
3.  Program Director Receiving Report: Jeanette Chittams
    a. Date Reported: 5/25/06

Telephone #: (301) 559-5500
Time: 8:30AM

Time: 9:05AM
Telephone #: (301) 559-5500
Time: 9:05AM

**PART II-TYPE OF INCIDENT:**
4. Child (ren)'s Name: Reginald Tomonia
5. Type of Incident: Absconded from St. Ann's Mini Van
6. Date of Incident: 5/25/06
7. Facility Name/Location/Place of Incident: Georgia Avenue North West Washington, DC
8. Person(s) Involved: Joan Wynn, Child Care Worker; Stephanie Brown, Child Care Worker/Senior Staff; Reginald Tomonia; Client.
9. Date of Birth of Person(s) Involved: 1-3-95
10. Gender of Person(s) Involved: __Female (s)   _x_ Male
11. Race:   x_ African American      White      Hispanic    Other (Specify):

**PART III-DETAILS OF INCIDENT –** *If necessary attach a separate sheet for additional information.*
**What happened (What, When, How, Why)**

Reginald Tomonia was taken to school (Takoma Park Educational Center) where staff were informed that he was not to return to school until Tuesday, May 30, 2006. Reginald Tomonia was suspended for ten days. After leaving Takoma Park Educational Center, Stephanie Brown who was the staff person driving the mini- van stopped at a red light on Georgia Avenue, North West Washington, DC. When Ms. Brown stopped at the red light, Reginald Tomonia jumped out of the mini-van ran across the street to an apartment building which later was discovered to be the apartment building that he lives in. Ms. Brown and Mrs. Wynn saw a lady he was talking to run through the alley to informed them that they needed to come with her. Reginald ran through the alley and Ms. Brown went the way the lady was pointing to indicate that Reginald had gone in that direction.

Mrs. Joan Wynn and three people stopped, looked around for him and saw him hiding behind a car in the back of the apartment building that he lived in. Reginald saw them and ran inside of the apartment building and one of the maintenance workers who works for the apartment complex went inside of the apartment building and about five minutes later, the maintenance worker came from the apartment building carrying Reginald Tomonia. Ms. Brown called his Social Worker at St. Ann's Sr. Mary Shae. Reginald Tomonia was put into the mini-van by the maintenance person. While Reginald Tomonia was in the mini-van, he began using profanity and fussing at the man. Ms. Brown placed the child lock on the door after the child lock was place on the door, Reginald immediately tried to open the other doors.

He was driven back to St. Ann's by Ms. Brown(Mrs. Wynn was also in the mini-van) and when they returned back to St. Ann's, Jeanette Chittams, Program Director was waiting for the staff and Reginald Tomonia.

Mrs. Chittams spoke with Reginald for a period of time. Reginald Tomonia was assigned to Mrs. Joan and he refused to do any home work or activities. Reginald Tomonia began using profanity and ran off the unit where he was found on the third floor by Sr. Mary Shae, his Social Worker at St. Ann's.

Reginald Tomonia was seen by Dr. Alberta Vallis, Psychiatrist on 5-25-06 at 12 noon, Dr. Vallis reported to Mrs. Rhonda G. Bethea Smith, Program Supervisor that she has evaluated Reginald Tomonia, and she found him as being "very angry and dangerous", and Dr. Vallis stated that if there is one incident with him, he is to be immediately sent to Children's Hospital. Dr. Vallis prescribed for Reginald Tomonia Respiradol and Atteral Psychotropic drugs.

## RECOMMENDATION

**Reginald Tomonia should be placed in an environment that is more suitable for him due to issues with anger and being a danger to himself and to others.**

*Persons contacted/faxed, i.e. House Manager; Director; Social Worker, Monitor, Inspector, Police's name, badge & report #; Hotline, Guardian Ad Litem, etc.*

2.) The following persons were notified: Jeanette Chittams, Program Director; Sr. Mary Shae, Social for Reginald Tomonia at St. Ann's; The report was faxed to Moses Ogokei, CFSA Monitor, Rula Swann and Mrs. Barclay. CFSA Hotline notified.

**PART V-(FOR ITNERNAL AFFAIRS DIVISION USE):**

3. Investigator Receiving Report

4. Reviewed By:                                                    UI#:

5. Reported To:  Director:                                Deputy Director:

   Through (specify names(s)) :

6. Date/Time Reported:

_Stephani Brown, Sr. CCW_  5/25/06                _Jeanette Chittams Prog Dir_

Staff Reporting Incident Title Date                 Program Director/House Manager Reviewing Incident/Title

REV. CFSA-1243 (9-27-02)

| | |
|---|---|
| Subj: | **FW: Takoma, 05-06, notes** |
| Date: | 3/12/2007 3:30:01 PM Eastern Standard Time |
| From: | TomoniaL@OD.NIH.GOV |
| To: | KDAlvarez@aol.com |
| *Sent from the Internet (Details)* | |

FYI

---

**From:** Davidson, Donna (OASUP) [mailto:Donna.Davidson@k12.dc.us]
**Sent:** Monday, March 12, 2007 4:29 PM
**To:** Tomonia, Linda (NIH/OD) [E]
**Subject:** FW: Takoma, 05-06, notes

I did check the database where you left your home number on March 24 with our office.  I am not sure who took the message and when it was given to me…I usually take the date off of a note and put it into the computer.  I do not have notes indicating that I spoke to you prior to May.  The turn around time for getting back to parents is 24 to 48 hours.

---

**From:** Davidson, Donna (OASUP)
**Sent:** Monday, March 12, 2007 4:13 PM
**To:** 'tomonial@od.nih.gov'
**Subject:** FW: Takoma, 05-06, notes

---

**From:** Davidson, Donna (OASUP)
**Sent:** Monday, March 12, 2007 12:02 PM
**To:** 'temonial@od.nih.gov'
**Subject:** Takoma, 05-06, notes

Ms. Temonia,

This e-mail serves as confirmation that we did speak on May 2, 2006 regarding your son Reginald.  According to the notes, it states that Reginald is a child with ADHD.  It was not clear who made the determination.  He has been suspended several times (at least 20 days thus far this school year) for inappropriate behavior.  The parent says the principal stated "he is not experiencing academic problems."  This may have been based on observations of or one on one instructional support for Reginald.  However, the student is now failing.  The teacher is Ms. Salters – the student received straight F's.  It was unclear when the concerns were first raised to the school…..follow-up with the Office of Special Education.

These are all the notes I have at this time.  Normally I ask the parent who they are working with in the school.  I also ask when the student started experiencing problems, etc…  I do not recall the mention of a 504 plan from the previous school.  I am not sure why we did not talk longer or whether there were any subsequent phone calls.

Do you remember what specific issues Reginald was suspended for last year?

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

..................................................

**LINDA TOMONIA,** *et al.,*  )
  )
     **Plaintiffs,**   ) **Civ. Action No 7-CV-0882(JR)**
  )
       **v.**    )
  )
**DISTRICT OF COLUMBIA,** *et al.,*  )
  )
     **Defendants.**   )
..................................................)

### DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

TO:   Karen D. Alvarez, Esq.
    1442 Foxhall Road, N.W.
    Washington, D.C. 20007
    Counsel for Plaintiff

Pursuant to Rule 36 of the Fed. R. Civ. P., defendants District of Columbia, Mary Grant, Marcia Parker, Dennis Homesley and William Wilhoyte's respond to plaintiffs' Request for Admissions, and state as follows:

### General Objections

Defendants object to the request for production of any documents or information, which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, defendants object to any part of the plaintiffs' instructions which seek to impose any discovery requirements outside the scope of the rules, especially any obligation to produce

1

information not in the defendants' control or not currently known to them after reasonable inquiry.

## REQUESTS AND RESPONSES

1.    Plaintiff R.T.'s ADHD, severe emotional disturbance, auditory processing and visual-motor integration disorders substantially limit his ability to perform the major life activity of learning.

**RESPONSE: Objection as the allegations asserted in paragraph 1 are medical and/or legal conclusions that do not require a response from these defendants. Further objection as to the form of the request is compound. These defendants are without information to either admit or deny these allegations. To the extent a response is required, these defendants deny the requests and seek strict proof.**

2.    When RT, in school year 2005-2006, attended Takoma EC, Takoma EC was his attendance-zone school.

**RESPONSE: Objection as vague and ambiguous. The defendants do not possess the information to either admit of deny this request as plaintiff, Linda Tomonia, failed to provide the staff at Takoma EC any documentation demonstrating that Takoma EC was the infant plaintiff's attendance-zone school.**

3.    Defendants did not convene a Section 504 meeting between:

     a)  8/1/05 and 11/6/06;

     b) 2/23/07 and 6/20/07.

**RESPONSE: Objection as to relevance. The defendants admit that while the infant plaintiff attended Takoma EC, during the 2005 through 2006, school year, a Section 504 meeting was not convened as plaintiff, Linda Tomonia, failed to inform staff at**

2

Takoma EC, that the infant plaintiff required special services and failed to allow the staff at Takoma, EC to evaluate the infant plaintiff for special services. Further answering, while the infant plaintiff was attending Turner ES, a Section 504 meeting was convened on November 7, 2006. Additionally, defendants admit that a that from 2/23/07 and 6/20/07a Section 504 meeting was not convened, however during that time period a Section 504 plan was being implemented for the infant plaintiff, based on the November 7, 2006, Section 504 meeting.

4.     Defendants did not convene a Manifestation Determination Meeting for RT between 8/1/05 and 6/20/07.

RESPONSE: Objection as to relevance. Further answering, the defendants deny this request. A Manifestation Determination Meeting was scheduled for December 20, 2006, at Turner ES, however plaintiff, Linda Tomonia, called the staff at Tuner ES and informed them that she would not be attending the meeting.

5.     Defendants did not conduct evaluations of RT in connection with any student disciplinary action taken between 8/1/05 and 6/20/07.

RESPONSE:  Objection as to relevance, and as vague, ambiguous and overly broad. Notwithstanding, defendants assert that they can neither admit nor deny this request as plaintiffs have failed to specify which disciplinary action they are referring.

6.     Defendants did not implement a Section 504 Plan for RT between 8/1/05 and 11/06/06.

RESPONSE:  Objection as to relevance. The defendants admit that while the infant plaintiff attended Takoma EC, during the 2005 through 2006, school year, a

**Section 504 plan was not implemented as plaintiff, Linda Tomonia, failed to inform**

**staff at Takoma EC, that infant plaintiff required special services and failed to allow**

**the staff at Takoma, EC to evaluate the infant plaintiff for special services.**

**However, the staff at Takoma, EC provided the infant plaintiff special services to**

**assist with his educational needs.  Further answering, a Section 504 Plan was**

**implemented for the infant plaintiff while he attended Turner EC on or about**

**November 14, 2006.**

7.    Defendants did not implement a Section 504 Plan for RT between 3/1/07 and

6/20/07.

**RESPONSE:  Objection as to relevance.  Furthering answering, the defendants**

**deny the requests.**

8.    Defendants took disciplinary actions against RT on, among others, the following

dates without (a) issuing to his mother a Form SHO 101 Notice of Student Disciplinary

Action [ "NSDA"], or [b] including her in a disciplinary conference or [c] informing her

that they would be taking a disciplinary action against RT on or about:

2/5/07

2/7/07

2/8/07

2/9/07

2/12/07

3/19/07

6/4/07

**RESPONSE: Objection as to relevance. The defendants admit the requests. Further answering, NSADs were forwarded to the infant plaintiff's legal guardians, and plaintiff, Linda Tomonia, was notified regarding disciplinary actions taken against the infant plaintiff.**

9.    Defendants Grant and Parker took disciplinary actions against RT, between 8/1/05 and 5/1/06, 8/1/06 and 11/6/07 and 2/7/07 and 3/1/07, without issuing an NSDA.

**RESPONSE: Objection as to relevance. The defendants deny the requests.**

10.    Defendant Grant suspended RT without notifying plaintiffs of his due process rights under DCPS disciplinary regulations or under Section 504.

**RESPONSE: Objection as to relevance, and because it seeks a legal conclusion to which no response is required. As plaintiff, Linda Tomonia had not consented to allow a Section 504 meeting to be held on behalf on infant plaintiff while at Takoma EC, infant plaintiff was not designated a "Section 504 student" and as such did not have any due process rights under Section 504. Further answering, the defendants deny that plaintiffs' due process rights under the DCPS disciplinary regulations were violated.**

11.    Defendant Grant did not notify plaintiffs of their Section 504 due process rights when she suspended RT on 5/1/06, 5/11/06 or 5/19/06.

**RESPONSE: Objection as to relevance, and because it seeks a legal conclusion to which no response is required. Notwithstanding the objections, as plaintiff, Linda Tomonia had not consented to allow a Section 504 meeting to be held on behalf on infant plaintiff while at Takoma EC, infant plaintiff was not designated a "Section 504 student" and as such did not have any due process rights under Section 504.**

12.    During 2005-2006, Takoma EC offered an after-school care program.

**RESPONSE: The defendants admit this request.**

13.    RT enrolled in the Takoma EC after school care program.

**RESPONSE: The defendants admit this request.**

14. RT was removed from the Takoma EC after school program because of his behavior

care program.

**RESPONSE:  Objection as vague and ambiguous.  Notwithstanding the objections,**
**the defendants admit that the infant plaintiff was removed from the Tacoma EC**
**after school program because of his behavior while in the program.**

16.    Principal Grant informed Plaintiffs that RT would not be permitted to enroll in

Takoma EC for school year 2006-2007 in May 2006.

**RESPONSE: The defendants deny the request.**

17.    DCPS attendance and disciplinary records show that Defendant Grant suspended

RT for some 51 days during the Third and Fourth Advisories of school year 2005-2006.

**RESPONSE: The documents would speak for themselves.  However, defendants do**
**not possess information to admit or deny the requests.  However, to the extent that a**
**response is required, the defendants deny the requests and seek strict proof.**

18.    During March, April and May 2006 DCPS took no action to (a)

prevent Defendant Grant from suspending RT or (b) notify plaintiffs of their rights.

**RESPONSE:  Objection as ambiguous and vague, and seeks a legal conclusion.  To**
**the extent a response is required, these defendants deny the requests.**

19.    Defendants took no action to prevent Defendant Parker from suspending RT or

excluding him from class during the period 8/1/06 through 3/1/06.

**RESPONSE:  See Response 18.**

20.    When RT was suspended from Payne ES on March 19, 2007,

Defendants declined to provide Ms. Tomonia with a copy of the NSDA or with

information concerning that suspension.

**RESPONSE:  The defendants admit to the request, as she was not the legal**

**guardian at that time.**

21.    Following RT's suspension on March 19, 2007 by Defendant Homesley, none of

the following persons took any action to rescind, revoke or modify that suspension:

     a) Defendant Superintendent Clifford Janey;

     b) Defendant Assistant Superintendent William Wilhoyte;

     c)  Linda Roberts;

     d) Jennifer Finch;

     e) Timothy Williams.

**RESPONSE:  The defendants object to this question and are unable to respond as it**

**is ambiguous and unduly vague, and seeks a legal conclusion.  To the extent a**

**response is required, these defendants deny the requests.**

22.    None of those persons responded to letters from Ms. Tomonia concerning that

suspension.

**RESPONSE: The defendants do not possess information to either admit or deny the**

**requests. To the extent a response is required, the defendants deny the request.**

23.    Defendants did not respond to Plaintiffs' letters of March 19-21 requesting that

DCPS withdraw its March 19, 2007 motion to dismiss MS. Tomonia's due process

complaint for lack of jurisdiction.

**RESPONSE: Objection as overly broad and as to relevance.**

24.     The "grievance procedure" asserted in Defendants' March 26,

2007 memorandum in support of its motion to dismiss Plaintiffs' due process complaint

did not exist prior to March 19, 2007.

**RESPONSE: Objection as overly broad.  Further answering, the defendants made a**

**good faith effort to obtain requisite information to respond to the request.  However**

**defendants were unable to obtain said information.  T to the extent a response is**

**required, the defendants deny the request.**

25.     No notice of the "grievance procedure" asserted in Defendants' March 26, 2007

memorandum was given Plaintiffs prior to March 19, 2007.

**RESPONSE: Objection as overly broad.  Further answering, the defendants made a**

**good faith effort to obtain requisite information to respond to the request.  However**

**defendants were unable to obtain said information.  T to the extent a response is**

**required, the defendants deny the request.**

26.     The DCPS website contained no reference to the "grievance procedure" asserted

by Defendants' memorandum of March 26, 2007, as of March 19, 2007.

**RESPONSE: The website speaks for itself.  These defendants lack information to**

**respond to the request.  To the extent a response is required, the defendants deny**

**the request.**

27.     Defendants declined to provide Ms. Tomonia copies of incident reports prepared

by Defendant Homesley and/or other Payne ES staff onor about May 5, 2007, on or about

May 31, 2007, and on or about June 1, 2007.

**RESPONSE: Objection as to form. Further answering, the defendants deny the request.**

28.     Defendants did not notify Ms. Tomonia that Defendant Homesley had filed a criminal complaint against her son on or about June 1, 2007.

**RESPONSE:  Objection as overly broad, and as to relevance.  These defendants lack information that a criminal complaint was filed against the infant plaintiff.  To the extent a response is required, these defendants deny the request.**

29.     DCPS staff attorneys directed Defendant Homesley to deny Ms. Tomonia information concerning disciplinary actions that he took.

**RESPONSE:  Objection to the request as it violates the attorney-client privilege.**

30.     Defendant Homesley provided NSDAs, incident reports and criminal reports to Tammy and Daryl Drayton.

**RESPONSE:  Objection as the non-disclosure of the requested information is protected by statute, privacy and/or confidentiality laws.**

31.     Defendant Homesley invited Tammy and Daryl Drayton to attend disciplinary conferences on behalf of RT.

**RESPONSE: Objection as the non-disclosure of the requested information is protected by statute, privacy and/or confidentiality laws.**

32.     Defendant Parker provided NSDAs to Carolyn Curtis or Julia Holzhauer.

**RESPONSE: Objection as the non-disclosure of the requested information is protected by statute, privacy and/or confidentiality laws.**

33.     Tammy and Daryl Drayton did not give Defendants a copy of a court order that granted them legal custody of RT.

**RESPONSE: Objection as the non-disclosure of the requested information is protected by statute, privacy and/or confidentiality laws. To the extent a response is required, these defendants deny the request.**

34.    Tammy and Daryl Drayton did not give Defendants a copy of a court order authorizing them to make educational decisions on behalf of RT.

**RESPONSE: Objection as the non-disclosure of the requested information is protected by statute, privacy and/or confidentiality laws. To the extent a response is required, these defendants deny the request.**

35.    Julia Holzhauer did not give Defendants a copy of a court order that granted her legal custody of RT.

**RESPONSE: Objection as the non-disclosure of the requested information is protected by statute, privacy and/or confidentiality laws. To the extent a response is required, these defendants deny the request.**

36.    Julia Holzhauer did not give Defendants a copy of a court order authorizing her to make educational decisions on behalf of RT.

**RESPONSE: Objection as the non-disclosure of the requested information is protected by statute, privacy and/or confidentiality laws. To the extent a response is required, these defendants deny the request.**

37.    Julia Holzhauer provided Defendants Homesley and Parker a letter stating that RT was residing in a foster home organized by Seraaj Family Homes, Inc.

**RESPONSE: Objection as the non-disclosure of the requested information is protected by statute, privacy and/or confidentiality laws. To the extent a response is required, these defendants deny the request.**

38.    The Draytons told Defendant Homesley that RT had not resided in their foster home before March 2007.

**RESPONSE: Objection as the non-disclosure of the requested information is protected by statute, privacy and/or confidentiality laws. To the extent a response is required, these defendants deny the request.**

39.    On May 19, 2007, Defendant Homesley refused Ms. Tomonia permission to review RT's educational records at Payne ES.

**RESPONSE: The defendants deny the request.**

40.    Carolyn Curtis did not provide Defendant Parker a copy of a court order stating that she held legal custody of RT.

**RESPONSE: Objection as overly broad, and as to relevance. Further objection as the non-disclosure of the requested information is protected by statute, privacy and/or confidentiality laws. To the extent a response is required, these defendants deny the request.**

41.    Carolyn Curtis did not provide Defendant Parker a copy of a court order authorizing her to make educational decisions on behalf of RT.

**Response: Objection as overly broad, and as to relevance. Further objection as the non-disclosure of the requested information is protected by statute, privacy and/or confidentiality laws. To the extent a response is required, these defendants deny the request.**

42.    Neither the Draytons, nor Carolyn Curtis, gave Defendants sworn declarations stating that they were RT's legal custodians or legal guardians.

**RESPONSE: Objection as overly broad, and as to relevance. Further objection as the non-disclosure of the requested information is protected by statute, privacy and/or confidentiality laws. To the extent a response is required, these defendants deny the request.**

43.    Until on or about June 14, 2007 Defendant Janey was the most senior policy-making officer of DCPS.

**RESPONSE: Objection as to ambiguous, vague and relevance, and seeks a legal conclusion. Further objection as Clifford Janey is no longer a defendant in this action. Notwithstanding the objections, the defendants admit that on or about June 14, 2007, Clifford Janey was Superintendent of DCPS.**

Respectfully submitted:

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

ERIC S. GLOVER [83200]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 442-9754; (202) 724-6295
(202) 727-3625 (fax)
E-mail:  eric.glover@dc.gov

12

 TAKOMA EDUCATIONAL CENTER

May 11, 2006

Dear Parent:

    Parents and Teachers at this time have communicated with one another regarding your child's progress. It appears that your son/daughter, _Reginald Tomonia_ in grade _5_ has not performed as well as expected and will be retained for the school year 2005-2006.  Your child performed unsatisfactory work in the following areas:

|   |   |
|---|---|
|   | Computer Tech |
| ✓ | Mathematics |
|   | Physical Education |
| ✓ | English/Reading |
|   | Science |
|   | Social Studies |
|   | Spanish |

    Please review earlier documentation provided to you regarding your child's academic performance i.e. (report cards, progress reports, etc.).

                                    Sincerely,

                                    Dr. Mary Q. Grant
                                    Principal

Teacher _Mrs. Salters_

FROM :                    FAX NO. :3018275477          Nov. 08 2006 02:30PM P9

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### STUDENT REPORT CARD
#### Fifth Grade
#### TAKOMA EDUCATIONAL CENTER
SY 2005-2006

Student _Reginald Tomonia_                ID# _9209703_

Teacher _Ms. Salters / Ms. Rush_          Grade _5_

Entry Date _8-29-05_                       Exit Date _6-14-06_

☐ ELL (English Language Learner)   ☐ Special Education   ☐ Reading/Math Resource

| A | Advanced | 100-90 |
|---|---|---|
| B | Proficient | 89-80 |
| C | Basic | 79-70 |
| D | Below Basic | 69-60 |
| F | No Mastery | 59-0 |
| P | Progressing | |
| NP | Not Progressing | |

### Instructional Level

| Reading | Above Level | On Level | Below Level |
|---|---|---|---|
| Adv 1 | | ✓ | |
| Adv 2 | | ✓ | |
| Adv 3 | | ✓ | |
| Adv 4 | | | |

| Mathematics | | | |
|---|---|---|---|
| Adv 1 | | ✓ | |
| Adv 2 | | ✓ | |
| Adv 3 | | ✓ | |
| Adv 4 | | ✓ | |

### Language Arts

| Advisory | 1 | 2 | 3 | 4 | Final |
|---|---|---|---|---|---|
| Reading | C | F | F | F | F |

### Language Arts

| Advisory | 1 | 2 | 3 | 4 | Final |
|---|---|---|---|---|---|
| Writing | C | F | C | D- | D |

### Language Arts

| Advisory | 1 | 2 | 3 | 4 | Final |
|---|---|---|---|---|---|
| Spelling | C | D | F | F | F |

### Mathematics

| Advisory | 1 | 2 | 3 | 4 | Final |
|---|---|---|---|---|---|
| | C | C | F | F | F |

### Social Studies

| Advisory | 1 | 2 | 3 | 4 | Final |
|---|---|---|---|---|---|
| | C | F | F | F | F |

### Science

| Advisory | 1 | 2 | 3 | 4 | Final |
|---|---|---|---|---|---|
| | C | F | F | F | F |

### Music

| Advisory | 1 | 2 | 3 | 4 | Final |
|---|---|---|---|---|---|
| | C- | C | D | F | D |

Teacher: Mrs. J. Alford

### Physical Education/ Health

| Advisory | 1 | 2 | 3 | 4 | Final |
|---|---|---|---|---|---|
| | D | C- | C | D | D |

Teacher: Mr. J. Jackson