## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**LINDA TOMONIA,** *et al.,*            )
                                        )
    **On behalf of R.T., minor,**    )
                                        )
        **Plaintiffs,**    )
                                        )
        **v.**    )      **Civil Action No. 07-0882 (JR)**
                                        )
**DISTRICT OF COLUMBIA,** *et al*.,     )
                                        )
        **Defendants.**    )
_____)


### DEFENDANTS' RESPONSES TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

      Plaintiffs have heavily relied upon the DCPS' Hearing Officer's Order in support of their entitlement to summary judgment. There is no evidence that any of the witnesses at the hearing were sworn in, or that the Hearing Officer relied upon competent, admissible evidence. Therefore, this Court should not credit the Order in deciding plaintiffs' Motion for Summary Judgment. To the extent the Order is credited, as shown below, it is insufficient to support plaintiffs' entitlement to relief. Additionally, in many instances, plaintiffs' statements do not comply with LCvR 7(h), which provides that "[a]n opposition to [a motion for summary judgment] **shall** be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issues necessary to be litigated, which **shall** include references to the parts of the record relied on to support the statement…." (Emphasis added). Therefore, the Court should not consider those statements which violate Rule 7(h).

<u>PLAINTIFFS' STATEMENTS AND THE DEFENDANTS' RESPONSES</u>

1.    RT is a handicapped student otherwise qualified to participate in DCPS programs services and was determined to require Section 504, accommodations in 2002. Ex. I-A at 4 No. 10 (hearing officer's determination); See also Ex. I -B at 7, findings 6, 7.8 (hearing officer's determination).

**RESPONSE: This statement is a legal and medical conclusion and is not supported by the facts.   Plaintiffs have failed to provide any uncontroverted expert opinions that establish that the minor plaintiff is handicapped as defined by Section 504 of the Rehabilitation Act and whose disability affects a major life activity. These defendants deny the legal and medical conclusions.  See Ex. 1-A and I-B.**

2.    RT's disabilities include Attention Deficit Hyperactivity Disorder, [ADHD] which makes it difficult for him to focus on classroom presentations, understand and follow directions, sit still for prolonged periods, recall instructions for classroom and homework assignments, and complete those assignments ; in addition to his ADHD, Psychiatric evaluations performed in June 2006 and July 2007 found R.T. to be severely emotionally disturbed; and Auditory Processing and Occupational Therapy evaluations performed in Summer 2007 found R.T. to have auditory processing and visual-motor integration disorders. These problems substantially limit his ability to perform a major life activity of learning. R.T., therefore, individual a disability under the ADA, 42 U.S.C. § 12102, Section 504, 29 U.S.C. § 705(20), and the D.C. Human Rights Act, D.C. Code § 2--A; Ex. 140102(5A); Ex. I-B.

**RESPONSE: These statements are legal and medical conclusions are not supported by the facts and/or uncontroverted medical opinions. These defendants deny the legal and medical conclusions. See Ex. I-B, which does not evidence that the witnesses were sworn under oath, and/or that the hearing officer considered authenticated, admissible evidence in making her ruling. Moreover, the expert testimony included in I-B is conclusory and/or contradictory.**

6.     Defendant Clifford Janey is Superintendent of DCPS, a public educational institution and independent agency within the District of Columbia government, which receives Federal educational and other funds. DCPS provides educational services, activities and programs through its own public schools and public charter schools.

Ex. I-C at 4 (Janey, Highlights of the Proposed FY 2006 operating budget for DCPS)(projected budget includes $173.3 million in US funds) As superintendent, Defendant Janey is responsible for implementing policies, plans and procedures that conform with the requirements of Federal and D.C .Law, including the Individuals with Disabilities Education Act, as amended ( IDEA) Section 504 the ADA, and the District of Columbia Human Rights Act.

**RESPONSE:  Clifford Janey is not a proper party in this litigation, and the Court dismissed him from this action with prejudice.  Further answering, Mr. Janey is no longer the Superintendent of the D.C. Public Schools.  DCPS is not an independent agency.  Its funding is not material to the issues in this case.  DCPS does not control public charter schools.  The remaining statements are legal conclusions not supported by any admissible facts in this case.  Therefore, these**

**defendants deny the legal conclusions.  Further answering, these statements are non-compliant with LCvR 7(h), which requires that the statement include references to the parts of the record relied on to support the statement.**

7.    Pursuant to DCPS Board of Education regulations, Defendant Janey is the most senior policy -making officer of DCPS. Defendant Janey was personally involved in making decisions to exclude R.T. from DCPS educational programs, services and activities on account of his disability and to deprive him and his mother of procedural safeguards mandated by federal and local law. He is sued in his personal and in his official capacity.

**RESPONSE:  These statements are legal conclusions unsupported by the facts.  Moreover, plaintiffs have failed to provide any factual support to show that Mr. Janey had any personal involvement or knowledge regarding their claims. Lastly, plaintiffs have failed to refer to the record for these statements as required by LCvR 7(h).**

8    Defendant Mary Grant is the principal of Takoma EC. Doc. 32 at Para 8(Defendant 's Answer).

**RESPONSE:  This statement is not material, but these defendants admit this statement.**

9.    Defendant Marcia Parker is the principal of Turner ES. Doc. 28 at. Para 9 (Parker Answer).

**RESPONSE:   This statement is not material, and these defendants deny that Marcia Parker is currently the principal of Turner ES, but admit that she once held that position.**

10.    Defendant Dennis Homesley is the Principal of Payne ES. Doc. 32 at Para. 10 (Defendant's Answer)

**RESPONSE:   This statement is not material, but these defendants admit this statement.**

11.    Defendant William Wilhoyte is an assistant superintendent of DCPS, and is the assistant superintendent directly responsible for supervising Payne ES. Doc. 32 at Para. 11 (Defendants' Answer).

**RESPONSE:  This statement is not material, but these defendants admit that defendant William Wilhoyte was employed as an assistant principal during the time that the minor plaintiff was enrolled at Payne ES. The defendants deny the remaining statements as not supported by evidence in admissible form. Plaintiffs rely upon defendant Wilhoyte's Answer to support their statement of fact.  However, the Answer is unverified, and defendant Wilhoyte does not admit that he is directly responsible for supervising Payne ES.  See Defendants' Answer, at Docket Entry #32, at ¶ 11.**

**<u>Violation of Disabilities Statutes</u>**

12(a).   For school year 2005-2006, R.T. resided within the residential boundaries of Takoma EC, which, under Board of Education regulations was required to provide him, educational programs, services, and activities that it provided to other students within its residential limits. Ex. V-E.

**RESPONSE: These statements are not material, and contain a legal conclusion. Moreover, plaintiffs have failed to provide admissible evidence to support their claim that the minor child actually resided in the residential boundaries of Takoma**

**EC.**

12(b).   During school year 2005-2006, Defendant Mary Grant intentionally took the following actions that excluded R.T. from DCPS programs, activities and services, because of his disability:

a)      Repeatedly excluded R.T. from his classroom because of his disabilities; Ex. I-B at 7 (Hearing Officer's Finding No.8).

**RESPONSE: The statements are legal conclusions unsupported by uncontroverted admissible evidence.  See Ex. I-B, which is insufficient to support plaintiffs' statement of fact.**

b)      Repeatedly telephoned, or instructed her staff to telephone, Ms. Tomonia and ordered Ms. Tomonia to remove her son from school because of his disabilities; Ex. I-B at 7 (Hearing Officer' Finding No.8)

**RESPONSE: The statement is a legal conclusions unsupported by uncontroverted evidence.  Pls.' Exh. I-B is insufficient to support plaintiffs' statement of fact.**

c)      Repeatedly suspended R.T., because of his disabilities, and suspended him to all intents and purposes continuously from on or about May 1, 2006 through June 2006; Ex. I-B at 7 (Hearing Officer's Finding No. 8); Ex. 1-A at 5 ( hearing officer's Conclusion No.4); Ex II -B (Takoma 5/1/06 suspension notice)(5 day suspension); Ex II -C (Grant 5/15/06 suspension notice)( 10 day suspension); Ex II-D (Grant 5/25/06 suspension)(suspended until 5/30/06).

d)

**RESPONSE: The statement is a legal conclusion unsupported by**

uncontroverted admissible factual support.  While defendants admit that while the minor plaintiff attended Takoma EC, the minor plaintiff was not suspended because of his purported disability.  See Exhibit C attached to Defendants' Motion for Summary Judgment at 27:20-22, 28:1-9.

d)      Directed that R.T. be dismissed or excluded from Takoma EC's after-school program, because of his disabilities; Ex. II F at 6, No. 12- 14 (Defendants' Admissions) (RT removed from Takoma EC after school program because of his behavior in the program).

RESPONSE: The statement is a legal conclusion unsupported by uncontroverted admissible evidence.  While the minor child was suspected because of his behavior, there is no competent evidence that his behavior resulted from his disability.   See Exhibit A of Defendants' Motion for Summary Judgment at 53:19-22, 54:1-22.

e)      Directed that R.T. Be excluded from Tackoma EC and prohibited attending Takoma EC for school year 2006-2007, because of his disabilities; Ex. II-E at 2 (stating "exit date " of 6/14/06); compare II-E at 1 ("retaining" RT in Fifth Grade).

RESPONSE: The statement is a legal conclusion unsupported by uncontroverted admissible evidence.    See Exhibit C attached to Defendants' Motion for Summary Judgment at 27:20-22, 28:1-9.

f)      Denied R.T. the accommodations he required under his Section 504 Plan; Ex. I-A at 4-5 (Hearing Officer's Finding No.10 (Section 504 Plan not implemented at Takoma EC).

RESPONSE: The statement is a legal conclusion unsupported by

**uncontroverted admissible evidence.  Ex. I-A is insufficient to support**

**plaintiffs' statement of fact.**

g)       Deprived R.T. and his mother of the procedural safeguards to

which, they were entitled under federal law, by denying them notice of those rights, depriving

them of their rights to manifestation -determination meetings, reevaluation and revision of

accommodation plans and determination of eligibility for IDEA services on each and every

occasion that R.T. was suspended or excluded from school.  V bEx. I-A; Ex. I-B at 7

(Hearing Officer's Finding #8 )(Grant suspended student without documenting

suspensions); Ex. II -A at 2 Para. 5, 6 (DCPS Special Ed. Service Center)(Dr. Grant made

undocumented suspensions of RT); Ex. I-A at 3, 4-5 (Hearing Officer's Conclusion)

(student faced multiple suspensions from Takoma and Turner); Ex. I-A at 5 (Hearing

Officer's Conclusion No. 23)(student suspended multiple times for behavior arising from

disability); Ex. I-A- at 5 (Hearing Officer's Conclusion No.5)( student suspended for

behavior arising out of disability without conducting evaluations required for

manifestation determination); Ex. I-B at 16, No.3 (hearing officer's conclusions)(RT

subjected to "repeated formal and informal suspensions because of behavioral and

emotional problems").

**RESPONSE: These statements contain legal conclusions, unsupported by the**

**facts.  Neither Exhibits I-A nor I-B are sufficient to support plaintiffs' statement of**

**fact.**

13.      In March and May 2006 Ms. Tomonia contacted the central

Administration of DCPS, seeking assistance for her son, and informed DCPS

administrators that R.T. was being repeatedly excluded from Takoma EC. Ex. II -A at

Para. 3 (declaration of DCPS Special Education Service Center employee) (Ms. Tomonia contacted Service Center for help in April 2006); Ex. II-G (letter from assistant to assistant superintendent) (Ms. Tomonia contacted office on March 24, 2006 and informed assistant on May 2. 2006 that RT suspended several times, at least 20 days to date).

**RESPONSE: Plaintiffs have not presented any evidence in admissible form to demonstrate that plaintiff Linda Tomonia contacted the Central Administration of DCPS in March and May 2006, to inform them that the minor child was being excluded from school because of his alleged disability. Exh. II-A. Moreover, Exh. II-G is inadmissible as hearsay.**

14.     DCPS administrators did not inform Ms. Tomonia of her rights and the rights of her son under Federal or local law, and did not act to restrain Defendant Grant from excluding R.T. from Takoma EC. See Ex. II -A, II B.

**RESPONSE: The statements are legal conclusions unsupported by admissible facts. Plaintiffs received a due process hearing and were informed of their rights. See Exhibit A attached to Defendants' Motion for Summary Judgment 221: 17-22. Also, see Exhibits I-A and I -B attached to Plaintiffs' Motion for Summary Judgment, which are insufficient to support plaintiffs' statements.**

15.     As a result of his repeated exclusions from classroom instruction during school year 2005-2006, R.T. did not master Fifth Grade instructional material. Takoma EC informed Plaintiffs that R.T. would have to repeat the Fifth Grade. Ex. I-B at 7, Para. 9 (hearing officer's finding of fact).

**RESPONSE: While the defendants admit that the minor plaintiff did not master the fifth grade during the school year 2005-2006, the reasons provided by plaintiffs for this are conclusory, and not supported by their purported evidence.**

16.    In August 2006, R.T. enrolled in Turner ES to repeat his Fifth Grade year.

**RESPONSE: This statement is not material, but admitted by these defendants.**

17.    From August 2006 through February 2007, Defendant Marcia Parker intentionally took the following actions excluding R.T. from DCPS programs, activities and services, because of his disability:

a)    Repeatedly excluded R.T. from his classroom because of his disabilities; Ex. I-B at 9-10 (hearing officer's determination)

**RESPONSE: These statements are legal conclusions, and not supported by admissible evidence. The documents that the plaintiffs cite to in an effort to support these statements do not refer to Marcia Parker or Turner ES. See Ex. I-B at 9-10 is insufficient to support plaintiffs' statements.**

b)    On information and belief, instructed her staff to telephone R.T.'s foster parent on at least seven days in September and October 2006, ordering the foster parent to remove R.T. from school because of his disabilities;

**RESPONSE: This statement is not supported by evidence as is required by LCvR 7(h), and these defendants deny the statement.**

c)    Excluded R.T., because of his disabilities, from Turner ES by suspending him on two or more occasions in February 2007 for periods exceeding ten days; Ex. I-B at 16, No. 4 (hearing officer's conclusions of law) (Parker February suspensions were

suspensions for behavior arising out of RT's disability).

**RESPONSE: This statement is a legal conclusion and not supported by the evidence. While the minor child was suspected because of his behavior, there is no competent evidence in this record that his behavior was based on any claimed disability. Exh. I-B is insufficient to establish that the minor child had a disability that effected a major life activity as defined by either the ADA, Rehabilitation Act, or the D.C. Human Rights Act.**

d)      Deprived R.T. and his mother of their rights to manifestation determination meetings, re-evaluation and educational instruction when she suspended R.T.; Ex. I-A at 5 (hearing officer's determination).

**RESPONSE: This statement is a legal conclusion. Further answering, plaintiff Linda Tomonia testified that a Manifestation Determination Hearing was held. See Ex. A attached to Defendants' Motion for Summary Judgment at 188: 19-22 and 189: 1.**

e)      Denied R.T. the accommodations he required under his Section 504 Plan; Ex. I-B at 17, No.5 (hearing officer's determination)

**RESPONSE: This statement is a legal conclusion and denied by these defendants. See Ex. I-B is insufficient to support plaintiffs' legal conclusion.**

f)      Withheld from Ms. Tomonia educational records, Section 504 Plan reports and other information that Defendant Parker was required to provide Ms. Tomonia under DC Law, and under Section 504 and the ADA. Ex. I -B at 14, No. 2 (hearing officer's determination).

**RESPONSE: These statements are legal conclusions. Further answering,**

**these defendants deny the statements.**

18.    On November 1, 2006, Ms. Tomonia informed the D.C. State Enforcement Agency and the Office of General Counsel for DCPS that Turner ES was excluding R.T. from school and denying him the accommodations required by his Section 504 Plan. See Ex. I-A at 5.

**RESPONSE: The statement is not material, and not supported by admissible evidence.  Ex. I –B is insufficient to support plaintiffs' statements.**

19.    Defendants did not act to prevent R.T.'s exclusion from Turner ES and did not act to ensure that R.T. and his mother received the services and programs required by his Section 504 Plan. See Ex I-A; Ex 1-B (hearing officer's determinations finding that RT's rights violated).

**RESPONSE:  The statement contains a conclusion of law that is denied by these defendants.  The minor plaintiff was excluded from school because of his behavior problems and not because of his purported disability.  During Plaintiff Linda Tomonia's deposition, she testified that the minor plaintiff was suspended from Turner ES for "talking back, walking out of class and roaming the halls" See Ex. A of Defendants' Motion for Summary Judgment at 169:16-19; 170:1-5.  The minor plaintiff added that he was suspended from Turner ES for bring a gun to school and roaming the halls. See Ex. C of Defendants' Motion for Summary Judgment at 67:1-19.**

20.    On or about March 5, 2007 R.T. was enrolled at Payne ES.

**RESPONSE: The defendants admit this statement.**

21.    For most of approximately the next two weeks R.T. spent virtually

no time in the classroom.

**RESPONSE: This statement does not comply with LCvR 7(h). Notwithstanding, the defendants admit that during the minor plaintiff's first two weeks at Payne ES, he would leave class without permission and roam the halls.**

22.     On March 19, 2007 Defendant Homesley intentionally excluded R.T. from the programs, services and activities of Payne ES on account of his disabilities. Suspending him from school for a period of ten days. Ex. I-B at 11; Ex. I -B at 16, Conclusion No. 4 (hearing officer 's conclusions of law)( March 19 suspension was suspension for behavior arising out of RT's disability). Ex. VI-A (suspension notice faxed by social worker on 3/22/07).

**RESPONSE:  This statement is a legal conclusion, and not supported by uncontroverted facts.  The minor child was suspended from school because of his behavior.  There is no evidence that the behavior was the result of his alleged disability. See Ex. A of Defendants' Motion for Summary Judgment at 196:2-15, 199:11- 15.**

23.     On March 20, 2007 through March 22, 2007, Ms. Tomonia wrote Defendant Homesley and staff at Payne ES, advising them that R.T. was a student with disabilities, that exclusion from Payne on account of his disabilities violated federal law, and requesting that Defendant Homesley re-admit R.T. Ex. VI-A at 13-15.

**RESPONSE: The statement is not supported by admissible evidence. The minor child was suspended because of his behavior and not because of**

**alleged disability. See Ex. A of Defendants' Motion for Summary Judgment at 196:2-15, 199:11- 15.**

24.    During that period, Ms. Tomonia contacted the following officers and personnel of DCPS seeking their assistance in obtaining R.T.'s re-entry to Payne ES:

a)  Defendant Superintendent Clifford Janey;

b)  Defendant Assistant Superintendent William Wilhoyte;

c)  Linda Roberts;

d)  Jennifer Finch;

e)  Timothy Williams;

f)  DCPS General Counsel, Abby Hairston.

Ex. VI-A at 6-20.

**RESPONSE:  The statements are not material.  Further answering, there is no evidence that plaintiff Tomonia contacted the named individuals.  In fact, plaintiff Tomonia testified that she never spoke with Clifford Janey and did not recall speaking with Willam Wilhoyte, Linda Roberts, Jennifer Finch Timothy Willimas or Abby Hairston regarding the minor plaintiff.  See Ex. A attached to Defendants' Motion for Summary Judgment at 180: 13- 22, 181: 1- 9. 226:22 and 227:1-3.**

25.    In Ms. Tomonia's communications to those DCPS officers and staff, Ms. Tomonia requested that they direct Defendant Homesley to permit R.T. to return to Payne ES. She informed those officers: that Defendant Homesley had unlawfully excluded her son, a student with disabilities, from Payne ES, on account of his disabilities, that her son previously been excluded from school for 23 days during this school year and was in

danger of being retained, again, as a result of loss of classroom instruction, that Defendant Homesley had failed to convene the manifestation determination meeting required by Section 504 or to provide R.T. and Ms. Tomonia the due process safeguards mandated by Section 504: Ex. VI-A at 6-20.

**RESPONSE: These statements contain legal conclusions not supported by admissible evidence. There is no evidence that the child was suspended because of his alleged disability. Instead, the evidence shows that the minor child was suspended because of his behavior. See Ex. A attached to Defendants' Motion for Summary Judgment at 196:2-15, 199:11- 15.**

26.     Those persons took no steps to assure R.T's re-entry to Payne ES, did not act to require that Defendant Homesley convene a manifestation determination meeting or conduct evaluations of RT. Ex. VI-D (3/27/07 letter of Ms. Tomonia).

**RESPONSE: See Responses ## 24, and 25.**

27.     Defendants Janey and Wilhoyte ratified or approved Defendant Homesley's exclusion of RT on account of his disabilities.

**RESPONSE: This statement is a legal conclusion, and does not comply with LCvR 7(h).**

28.     On November 1, 2006, Ms. Tomonia filed a Due Process Complaint with the DCPS Student Hearing Office, seeking, inter alia, enforcement of R.T.'s rights under Section 504 and the IDEA. By sheer coincidence, Ms. Tomonia was at a hearing on her Due Process Complaint on March 19, 2007, the date that Defendant Homesley excluded R.T. from Payne ES. Ms. Tomonia informed the Hearing Officer that Principal Homesley had that morning illegally excluded her son from Payne ES, and requested that the

Hearing Officer order DCPS to re-admit RT to Payne, forthwith. Ex. I-A at 3-4.

**RESPONSE: The defendants admit that Plaintiff Linda Tomonia filed a Due Process Complaint on or about November 2006, and attended a hearing which negates her claim that she was denied due process. See Ex. I-A.**

29.     Defendants initiated, at that Hearing, actions that were intended to deprive R.T., as a student with disabilities of his Due Process Rights, and deprive him of benefits available to DCPS students and which retaliated against Ms. Tomonia for her assertion of those rights at the Due Process Hearing. Immediately following Ms. Tomonia's request for an order requiring that Payne ES re-admit R.T., Defendant's counsel moved to dismiss her Due Process Complaint, alleging that the DCPS Student Hearing Office had no jurisdiction to hear Section 504 matters and alleging that Ms. Tomonia's sole recourse, under Section 504, was a complaint filed with the Federal Department of Education's Office of Civil Rights. Ex. I-A at 3-4.

**RESPONSE: These statements are legal conclusions and not factually supported. These defendants admit that the counsel for DCPS moved to dismiss Plaintiff Linda Tomonia's Due Process Complaint on the basis that the DCPS Hearing Office lacked jurisdiction to hear the matter.**

30.     Section 504 regulations promulgated at 34 C.F.R. § 104.36 and DCPS regulations promulgated at 5 DCMR Chapter 24 require that DCPS make available to R.T. an impartial due process hearing, as well as other procedural safeguards, including notice.

**RESPONSE: These statements are legal conclusions, and do not comply with LCvR 7(h).**

31.    The Hearing Officer took DCPS' motion under advisement and ordered the parties to submit memoranda of law on the issue. See Ex.I-A.

**RESPONSE: The statement is not material.**

**32.**    On March 19 and March 20, 2007, Ms. Tomonia notified Defendant Clifford Janey and DCPS General Counsel Abby Hairston that DCPS' motion deprived students with disabilities of their due process rights and requested that DCPS withdraw its motion to dismiss Ms. Tomonia's Due Process Complaint for lack of Section 504 jurisdiction.  Ex. VIII**-A.**

**RESPONSE: The statements are not material as neither Mr. Janey nor Ms. Hairston is a party defendant.  Further responding, these defendants deny the statements as plaintiff Linda Tomonia testified at deposition that she never spoke Mr. Janey did not recall speaking to Mr. Wilhoyte about her son.  See Ex. A attached Defendants' Motion for Summary Judgment at 180: 13 – 15, 226:22, and 227:1-3.  This record does not contain any evidence that Mr. Janey or Ms. Hairston received plaintiff's claimed notification.  See Ex. VIII – A attached to Plaintiffs' Motion for Summary Judgment, which is insufficient to support plaintiffs' statements.**

33.    On March 26, 2007, DCPS submitted to the Hearing Officer a memorandum asserting that Ms. Tomonia's Due Process Complaint must be dismissed and Plaintiffs should be required to pursue a "grievance procedure".

a)    that was not in existence at the time that Plaintiffs filed their Due Process Complaint;

b)    that was not in existence at the time that DCPS made its motion to

dismiss;

    c)    of which DCPS had given Plaintiffs no notice; and

    d)    that violated Section 504's due process hearing requirements.

See Ex-I-A at 3-4.

**RESPONSE:  The statements are not material, and contain legal conclusions.**

34.    Defendant Janey ratified the actions of DCPS counsel retaliating against Plaintiffs, denying R.T. his due process rights solely because of his disability and depriving him of services or programs available to non-disabled students.

**RESPONSE: The statement is a legal conclusion and does not comply with LCvR 7(h).  Moreover, these defendants deny the statements.**

36.    As of May 10, 2007, the Hearing Officer had not issued a decision on DCPS' motion to dismiss, and Plaintiffs' Section 504 due process hearing had not recommenced. As a consequence, RT will have been denied relief for essentially the remainder of this school year. See Ex. I-A at 1 (hearing officer's determination bearing issue date of May 8, 2007).

**RESPONSE:  These statements are neither relevant nor material, and contain legal conclusions.**

37(a).  Defendants both failed to provide RT the accommodations that they were required to provide him under the Section 504 plan that DCPS had created, but failed repeatedly to revise that Plan to provide the additional accommodations that RT required. See Ex. I-B at 12(hearing officer 's finding ).

**RESPONSE: The statements are legal conclusions and not supported by admissible uncontroverted evidence. See Ex. I-B, which is insufficient to support plaintiffs' statements.**

(b) As a result of Defendants' refusal to conduct manifestation determinations and otherwise address RT's ADHD, psychological and emotional disabilities, RT spent large amounts of the time that he was in school (i) wandering the hallways, (ii) sitting in the school office, (iii) resting at his desk or (iv) wandering off campus. Ex. 1-B at 12, No. 19 (hearing officer's finding ).

**RESPONSE: The statements are conclusions and not supported by uncontroverted admissible evidence. There is no evidence in the record to show that the minor child had a disability which effected a major life activity as defined by either the Rehabilitation Act, the ADA, or the D.C Human Rights Act, or that his conduct was caused by his alleged disability. See Ex. 1-B, which is insufficient to establish plaintiffs' statements.**

38.    Defendants have failed to perform any assessment of the impact of R.T.'s ADHD on his ability to benefit from his public education, at any point during school years 2005-2007, or in connection with any exclusion of R.T. See Ex. I-A at 5 ( DCPS performed no evaluations for RT pursuant to Section 504)

**RESPONSE: The statements are legal conclusions, and not material facts.**

39.    Defendants, seeking to continue, unimpeded, their exclusion of R.T. from, and denial to him of the benefits of DCPS programs, services and activities, and acting to retaliate against Ms. Tomonia for her advocacy of R.T.'s rights as a student with disabilities repeatedly withheld from Ms. Tomonia information, reports and educational

records that Defendants are required to provide her under DC Law, under Section 504 and the ADA.

**RESPONSE: The statements are legal conclusions, and are denied by these defendants. Lastly, it does not comply with LCvR 7(h).**

40.    Records and notices withheld from Ms. Tomonia included, most notably, notices of suspensions, disciplinary actions, and security incidents, which Defendants Homesley and Parker denied Ms. Tomonia all together or which were withheld for a period long enough to prevent or impede Ms. Tomonia from taking action to preserve her son's right to remain in school.

**RESPONSE: The statement(s) does not comply with LCvR 7(h). Moreover, when the minor plaintiff attended Turner ES and Payne ES, plaintiff Linda Tomonia was not his legal guardian. As such, the minor plaintiff's records and notices were forwarded to his foster parents. However, the plaintiff Linda Tomonia was allowed to review the minor plaintiff's records from Turner ES and Payne ES and based on information and belief, the minor plaintiff's records were also forwarded to the plaintiffs' Education Advocate and attorney in this action, Karen Alvarez, Esq. See plaintiff Tomonia's dep at 183:14- 22, 184: 1-9, 186:22, 187:5-6 and 205: 4-9**.

41.    Defendant Homesley has denied Ms. Tomonia notice of meetings and conferences concerning her son, and disciplinary actions under consideration or taken against him.

**RESPONSE: The statements are conclusory, unsupported by any facts, and do not comply with LCvR 7(h).**

42.    Defendants Janey and Wilhoyte ratified Principal Homesley's conduct in withholding information from Ms. Tomonia.

**RESPONSE: The statements are legal conclusions, not supported by any evidence, and do not comply with LCvR 7(h).**

43.    On information and belief, Defendant Parker or Defendant Homesley, acting alone or in concert with others, and acting in retaliation for Ms. Tomonia's advocacy of R.T.'s rights as a student with disabilities, altered or directed their staff to alter R.T.'s DCPS Cumulative File, eliminating his mother's name and address from that file and altering his Grade assignment.

**RESPONSE: The statements are legal conclusions and not supported by any evidence.  Further responding, the statements do not comply with LCvR 7(h). These defendants deny these conclusory statements.**

44.    On May 10, 2007 the DCPS Student Hearing Office transmitted to Plaintiffs the Hearing Officer's Determination of their November 1, 2006 Due Process Complaint

**RESPONSE: The statement is not relevant or material, and is unsupported by any factual support.  Additionally, the statement does not comply with LCvR 7(h).**

45.    The Hearing Officer found that DCPS had repeatedly disciplined R.T. without conduct evaluations of R.T, and ordered DCPS to conduct comprehensive evaluations of R.T. and determine his need for services. Ex. I-A,

**RESPONSE: The defendants admit that the hearing officer found that the minor plaintiff had been suspended from school and ordered the defendants to conduct evaluations of the minor plaintiff.**

46.    DCPS did not conduct evaluations of R.T.

**RESPONSE: This statement does not comply with LCvR 7(h).  Moreover, these defendants deny the statement.  See Exhibit I-B, page 10 paragraph 14, ("DCPS conducted psychological, speech and language, and occupational therapy evolutions on the Student on November 21, 2006, December 5, 2006 and January 19, 2007, respectively").  As shown, plaintiffs' exhibit does not support plaintiffs' statements, but contradicts them.**

47.    On or about June 4, 2007 Defendant Homesley again decided to discipline R.T. by excluding him from school for the remainder of the school year. Ex. II -F at 4-5, No. 8 (Defendants' Admissions) (disciplinary action taken June 4, 2007).

**RESPONSE: The defendants admit that while attending Payne EC, the minor plaintiff was suspended by Principal Dennis Homesley for issues related to his behavior.**

48.    DCPS did not evaluate R.T, conduct a manifestation determination for RT, or comply with Section 504's due process requirements before disciplining R.T. Ex II -F at 3, No.3 (Defendant's Admissions)( DCPS convened no Section 504 meeting between 2/23/07 and 6/20/07).

**RESPONSE: The defendants admit that during the school year of 2005-2005 a "Section 504" plan had not been implemented as the plaintiff Linda Tomonia had failed to notify Tacoma's staff that the minor plaintiff was a "Section 504" student. However, when the minor child attended Turner ES, a "Section 504" plan was designed.  Additionally, at her deposition, plaintiff Tomonia testified that a Manifestation Determination Hearing was held.   See Ex. A of Defendants'**

**Motion for Summary Judgment at 188: 19-22 and 189: 1.**

49.    Ms. Tomonia requested that Defendants Janey and Wilhoyte rescind

Defendant Homesley's suspension of R.T, at least pending a hearing on that

suspension.  They failed to respond to Ms. Tomonia's request or to rescind that

suspension, ratifying Defendant Homesley's action. See Ex. VI-A.

**RESPONSE: The defendants deny the statements as they are unsupported**

**by the factual evidence in this case.  Plaintiff Tomonia testified that she never had**

**any contact with Mr. Janey and did not recall contacting Mr. Wilhoyte regarding**

**the minor plaintiff.  See Ex. A of Defendants' Motion for Summary Judgment**

**attached at 224: 14 -16 and 226: 22, 227: 1-3.**

50.    On April 19, 2007 Ms. Tomonia filed a second Due Process

complaint with the DCPS Student Hearing Office. Ex. I-B at 1.

**RESPONSE: The defendants admit this statement.**

51.    On August 9, 2007 a Hearing Officer's Determination issued as to

Plaintiffs' second Due Process complaint. The Hearing officer found that Defendants had

failed to implement RT's 504 Plan and found that RT's required services under the

Individuals With Disabilities Education Act. Ex. I-B at 17. As a consequence of that

decision and of an IEP meeting held pursuant to that decision, R,T, is enrolled at Oak

Valley Center, a private special education facility that instructs students with severe

emotional disturbance, ADHD and learning disabilities. See Ex. I-B at 18.

**RESPONSE: The statements are not relevant to the issues now before this**

**Court.  Further answering, these defendants admit that the Hearing Officer's**

**Determination was issued as to plaintiffs' second Due Process complaint, and the**

**language cited in the decision.  Further answering, these defendants admit that the minor plaintiff was enrolled at Oak Valley Center but that he did not go to the facility for several months.  See Ex. C of Defendants' Motion for Summary Judgment at 40: 13-22, 41: 1-22 and 43: 1-6.**

53.    DCPS has a custom, practice or policy of excluding students with disabilities from or denying them the benefits of DCPS educational programs, services and activities.

**RESPONSE: The statements are legal conclusory unsupported by any factual evidence.  Moreover, the statements are not compliant with LCvR 7(h).**

54.    DCPS will continue to exclude R .T. from, and deny him the benefit of DCPS programs, services and activities unless DCPS is enjoined from doing so.

**RESPONSE: The statements are legal conclusions unsupported by factual evidence, and does not comply with LCvR 7(h).**

**<u>Deprivation of Constitutional Rights</u>**

55.    DCPS regulations promulgated at Chapter 25 of Title V of the DC Municipal Regulations create extensive due process rights for students subjected to disciplinary actions. They require, inter alias that a principal provide a parent oral notice, followed by written notice, mailed by certified mail within 24 hours of the day oral notice is given of any disciplinary action that it proposes to take, requires that a principal hold a conference concerning any such action before it is taken, and provides that a parent my request an administrative hearing within two business days on any such action upon receipt of a request by the parent.

**RESPONSE**:  **The statements are legal conclusions, not factual statements,**

**and should not be considered by the Court.**

56.    DCPS regulations promulgated at Chapter 26 of Title 5 of the DC Municipal Regulations create a general right of access by a parent to her child's school records5 D.C. Mun. Regs 2600.1,DCPS disciplinary regulations specifically require that the parent be given access to the student's records "prior to the imposition of the proposed discipline," Id at 2506.5. The records that Chapter 26 requires be open for inspection and review by a parent include: a student's cumulative record folder, any data collected or intended for use within DCPS, identifying data or information, academic work completed, grades and scores from standardized tests, health data, and accident reports observations and ratings by teacher, counselors and other DCPS personnel, and "reports of behavior or discipline problems or incidents." 5 D.C.Mun. Regs 2601.1. Those regulations require that requests for access to records be made to the principal of the school which the child attends and where the records are located. Id. at 2600.4

**RESPONSE: The statements are legal conclusions, not factual statements, and should not be considered by the Court.**

57.    In June 2006, Ms. Tomonia lost temporary custody of R.T.. On or about September 19, 2006 Magistrate Judge Breslow of D.C, Superior Court entered an Order affirming that Plaintiff Linda Tomonia retained all rights as parent to act with regard to all educational matters concerning RT. Judge Breslow further ordered that DCPS provide her access to all records, information and meetings, regarding RT. It stated:

> " The educational advocate, Karen Alvare z, and the mother. Linda Tomonia, are entitled to obtain educational records for [R.T.} from DCPS. Mother's access to [ R.T.'s] educational records, information and meetings should not be restricted. Mother Linda Tomonia retains all parental rights including the right to fully participate in [R.T's] education.

(Emphasis added). Ex. XII –F.

**RESPONSE: The defendants admit that plaintiff Tomonia lost temporary custody of R.T.  Further answering, by Court order, dated November 30, 2007, Magistrate Judge Julie Breslow, Superior Court for the District of Columbia, revoked a July 5, 2007, order of protective supervision that had been granted to plaintiff Linda Tomonia and removed the minor plaintiff from her custody.  See November 30, 2007, attached as Ex. B of Defendants' Motion for Summary Judgment.  Judge Breslow further ordered that the minor plaintiff be committed to the custody of the Child and Family Services, noting that "it would be contrary to the welfare of the child to be in the home with the mother because the mother is not able to care for the respondent and control the respondent's behavior…" *Id.* Counsel for Defendant District of Columbia was present at the hearing at which Judge Breslow entered that Order. Ex. XII -F.**

58b.    Plaintiff Linda Tomonia gave a copy of Judge Breslow's Order to Defendant Parker in October 2006. Ex, XII-G.

**RESPONSE: The statement is not material because plaintiff is not protected under the ADA, Rehabilitation Act, or the D.C. Human Rights Act as she has not alleged that she has a disability.  See Amended Complaint, at Docket Entry # 38.**

59.    Beginning in February 2007 Defendants began deliberately withholding from Plaintiff Linda Tomonia information concerning her son's education.

**RESPONSE:  The statement is non-compliant with LCvR 7(h), and is a legal conclusion.   Moreover, these defendants deny the unsupported statement.**

60.    Information withheld from her by Defendants Parker, Homesley, Wilhoyte, and Janey included any and all notices of disciplinary actions taken against R.T, removals of R.T. from the classroom and suspensions of R.T. from school, as well

as all factual information concerning the reasons, for the disciplinary actions taken, the rules that R.T. was alleged to have violated, and the persons involved in any of the incidents that supposedly precipitated the disciplinary actions taken by Defendants and the duration of each suspension.

**RESPONSE: The statement is non-compliant with LCvR 7(h), and is conclosury without evidentiary support. Moreover, these defendants deny the unsupported statement.**

61.    Defendants deliberately withheld such information and notice on, among others, the following occasions:

(a)    In February 2007, when Defendant Parker excluded and then suspended R.T; Ex. XII-A at 3 (2/6/07)(2-day suspension, notice only to foster parent); XII-B at 2 (2/8/07)( 2-day exclusion, no notice to anyone); Ex. XII-C 2/13/07)(5-day suspension notice allegedly to social worker)(transmitted to mother 3/12/07)

(b)    In March 2007, when Defendant Homesley excluded or suspended R.T, and information was withheld by Defendants Homesley, Wilhoyte and Janey; Ex. XII-D (Homesley letter); Ex. II-F at 7, No.20 (Defendants' Admissions)(Defendants denied Ms. Tomonia notice of and information concerning the 3/19/07 suspension)

(c)    On or about May 5, 2007, when Defendant Homesley called police to the school and information was withheld by Defendants Homesley, Wilhoyte and Janey;

27

(d)    On or about May 31, 2007, when Defendant Homesley excluded RT from school;

(e)    On or about June 1, 2007, when Defendant Homesley filed a criminal complaint with the police, resulting in RT's arrest, and information was withheld by Defendants Homesley, Wilhoyte and Janey.

(f)    On or about June 4, 2007,when Defendant Homesley decided to suspend R.T. from school for the remainder of the school year, and information was withheld by Defendants Homesley, Wilhoyte and Janey.

**RESPONSE: The statements are not material, and are legal conclusions unsupported by admissible evidence.  Moreover, during her deposition, plaintiff Tomonia testified that she had an opportunity to review the minor plaintiff's DCPS records.  See attached as Exhibit A of Defendants' Motion for Summary Judgment at 205:4-9.**

62.    Defendants withheld any prior notice of those actions from Ms. Tomonia and refused, when she learned that Defendants had initiated disciplinary actions against her son, to provide her with copies of the suspension notices or any factual information concerning the suspension or the facts underlying it. Defendants' Admissions No. 20.

**RESPONSE: The statements are not material.  Plaintiff Tomonia enjoys no protection under the ADA, Rehabilitation Act, or the D.C. Human Rights Act as she has not pled that she is disabled as defined by the Acts.  See Amended Complaint, at Docket Entry # 38.**

63.    Defendants did not provide a single coherent explanation for their refusal to provide Ms. Tomonia access to this information.  Instead, Defendants, at different times and occasions offered conflicting and implicitly contradictory, rationales, for their conduct which were arbitrary, capricious and purely pretextual. These included:

(a)  That it was easier to telefax a copy of the suspension notice to a social worker than to telefax it to Ms. Tomonia (Defendant Parker, March 2007) ;

(b)  that DCPS was not required to provide a copy of a suspension notice to Ms. Tomonia because Judge Breslow 's Order did not expressly address the question of disciplinary notices (Defendant Homesley, March 2007); Ex. XII-D (Homesley 3/22/07 letter); see also Ex II -F at 7 No. 20(Defendants' Admissions)(Defendants denied Ms. Tomonia a copy of the notice and information concerning the suspension because Ms. Tomonia "was not the legal guardian at that time.").

(c)  that DCPS would not release copy of a DCPS incident report reporting RT 's misconduct to his mother, because release of a report " to public" was,
barred under the D.C. FOIA statute if the report were draft report (DCPS General Counsel Hairston, May 2007);

(d)  that DCPS attorneys had ordered Defendant Homesley not to allow Ms. Tomonia access to her son's records (Defendant Homesley, May 2007).

**RESPONSE:  The statements are immaterial as plaintiff Tomonia enjoys no protection under the ADA, Rehabilitation Act or D.C. Human Rights Act as she has not pled that she is disabled as defined by those Acts, and the statements are not fully compliant with LCvR 7(h).  See Amended Complaint, at Docket Entry #38.**

64.    The logic underlying these rationales appeared to be that Ms. Tomonia

because she had lost temporary custody of her son, had lost, in effect, standing as his parent: a conclusion that blatantly disregarded Judge Breslow's Order. That Defendants asserted rationales for denying Ms. Tomonia access to information, particularly disciplinary information, and access to disciplinary proceedings, were entirely pretextual is apparent from the fact that Defendants did not, in connection with either of the Due Process Complaints filed by Ms. Tomonia ( first on November 1, 2006 and second on April 19, 2007) allege that Ms. Tomonia did not have standing to file such a complaint on her son's behalf. See Ex. I-A (hearing officer's determination)(defendants did not argue standing); Ex. I-B(hearing officer's determination) (reflecting not argument from defendants as to mother's standing).

**RESPONSE: The statements are argumentative and conclusory, and are not supported by the factual evidence. These defendants deny the statements, as plaintiffs' statements are insufficiently support by Exh. I-A or I-B, which this Court should not consider in its ruling on plaintiffs' Motion for Summary Judgment.**

65.    Defendants did provide such information to other persons who were not entitled under DCPS regulations or under Judge Breslow's Order either to receive that information or to utilize it to enforce R.T's rights.

**RESPONSE: This statement is conclusory and not supported by the evidence. Moreover, it is non-compliant with LCVr 7(h).**

66,    Defendant Parker provided notice of the disciplinary action that she took to a social worker with a private company that had contracted with DC to provide foster care for R.T.

**RESPONSES: This statement is not compliant with LCvR 7(h), and is**

**conclusury.**

67.    The social worker to whom Defendant Parker provided that information:

      a.    did not hold legal custody of R.T.;

      b.    did not have authority to represent R.T.or to make decisions on behalf of R.T.in connection with any educational questions;

      c.    did not have authority to represent R.T.in connection with any disciplinary conference or proceedings; and

      d.    did not have authority to request any administrative conference or hearing on his behalf.

**RESPONSE:  The statements are conclusory and do not comply with LCvR 7(h).**

68.    Defendant Homesley first took disciplinary action against R.T. in March 2007.  Defendant Homesley gave notice of that suspension to a Mr. and Mrs. Drayton private persons who had contracted with a private had contracted with a private company to provide foster care to R.T., and invited them to a school conference concerning the then proposed disciplinary action.

**RESPONSE: The statements do not comply with LCvR 7(h), and are not material.**

69.    As of March 19, 2007 Mr. and Mrs. Drayton:

      a.    did not have legal custody of R.T.;

      b.    were paid by and under contract to a private company that did not have legal custody of R.T;

     c.     did not have authority to represent R.T. or to make decisions on

behalf of R.T. in connection with any educational questions;

     d.     did not have authority to represent R.T. in connection with any

disciplinary conference or proceedings; and

     e.     did not have authority to request any administrative conference or

hearing on his behalf.

     f.     had known R.T. for less than two weeks;

     g.     had virtually no knowledge of R.T.′s psychiatric or educational

history, of the, accommodations that he was entitled to receive of

accommodations or programming that he required, or of his capacity to

understand or control his behavior.

**RESPONSE: The statements are not material nor are they supported by**
**any factual evidence.  Lastly, the statements do not comply with LCvR 7(h).**

     70.     There was no rational or lawful basis on which Defendants could

refuse Ms. Tomonia information.

**RESPONSE: The statement is a legal conclusion unsupported by**
**factual evidence.  Moreover, the statement does not comply with LCvR**
**7(h).**

     71.     .Defendants did so in order to prevent Ms. Tomonia from participating in

any conference, prior to her son′s suspension, from requesting an administrative due

process hearing, or from taking other action to prevent her son′s suspension or otherwise

protect his rights. Defendants′ actions in fact ensured that Ms. Tomonia could take no

effective action before the suspension period had been completed.

**RESPONSE: The statements are conclusory and unsupported by factual evidence. Moreover, they do not comply with LCvR 7(h).**

72.    Defendants' actions violated Ms. Tomonia's substantive due process right under the Fifth Amendment to, participate in, manage, or direct her son's education, and violated her Fifth Amendment right to Equal Protection of the laws.

**RESPONSE: The statements are legal conclusions, not supported by any evidentiary support. Moreover, the statements do not comply with LCvR 7(h).**

73.    DC Code Section 38-202 provides that all students aged 5 through 18 are entitled to a free public education and .requires all students between the ages of 5 and 18 to attend school daily.

**RESPONSE: This statement is a legal conclusion unsupported by any factual support. Lastly, the statement does not comply with LCvR 7(h).**

74.    R.T. has a property interest in his right, as a DC student, to attend school.

**RESPONSE: This statement is a legal conclusion unsupported by any factual evidence, and does not comply with LCvR 7(h).**

75.    The suspensions or exclusions initiated by Defendants Parker and Homesley in February, March and June 2007 resulted in the exclusion of R.T. from school for some 20 days in February and ten or more days in each of March and June.

**RESPONSE: The statements are conclusory without evidentiary support and do not comply with LCvR 7(h).**

75.    As a result of those disciplinary actions, R.T. was excluded for some 40 days or more during the period February 2007June 14, 2007,

the last day of school. This amounted to 40 percent of all school days during that period.

**RESPONSE: The statements are conclusory and not supported with factual evidence. Moreover, the statements are not compliant with LCvR 7(h).**

,
76.    R.T. was deprived by Defendants Homesley, Parker, Wilhoyte and Janey of his substantive due process property interest in attending school for some 40 days without a hearing and without any effective opportunity to obtain or means of obtaining a hearing.

**RESPONSE: The statements are legal conclusions, not supported with any factual evidence. Moreover, this statement does not comply with LCvR 7(h), and these defendants deny the statements.**

77.    Defendant Janey was the highest policy making official of DCPS at the time that he deprived Plaintiffs of their Fifth Amendment rights subsequently his actions are those of the Defendant the District of Columbia.

**RESPONSE: The statement is a legal conclusion, and does not comply with LCvR 7(h).**

78.    In addition,  R.T. was excluded for disciplinary reasons, by Defendant Parker for some seven days in September-October 2006., without complying with DCPS suspensions regulations, without notice of his rights or opportunity whatsoever for hearing.

**RESPONSE: The statement is a legal conclusion and does not comply with LCvR 7(h).**

79.    R.T. was suspended by Defendant Grant for some 51 days during the period December 2005 through June 2006.

**RESPONSE: The statement does not comply with LCvR 7(h).**

80.    Defendant Grant did not provide R.T. or his mother notice of R.T.'s right to a hearing to contest the disciplinary actions taken by Grant.

**RESPONSE: The statement is not material and is not in compliance with LCvR 7(h).**

81.    R.T. was deprived of his substantive due process property interest in attending school for some 51 days without notice of his right to a hearing and without a hearing.

**RESPONSE: The statement is a legal conclusion, not factual statement, and does not comply with LCvR 7(h).**

82.    Takoma EC was the school within whose attendance zone R .T. resided. Ex..V- E

**RESPONSE: The statement is not material, and other than plaintiffs' claims, these defendants lack evidence as to exactly where the minor child resided.**

83.    Under DCPS regulations, R.T. had a right to attend Takoma EC, by virtue of his place of residence, and had no such right to admission to any other DCPS school. DCPS regulations create d a property interest in RT's admission and attendance at Takoma EC. They state:

" A local school administrator s h a ll not exclude from admission or attendance any compulsory school -aged minor who resides in his or her school's attendance

zone… <u>unless the minor has been involuntaril$^y$ transferred.</u>", 5 D.C. Mun. Reg.§ 2002.18.

**RESPONSE: The statements are legal conclusions unsupported by any factual support.**

84.    Defendant Grant informed R .T.'s mother that she would not permit RT to register at Takoma the following school year.

**RESPONSE: The statement does not comply with LCvR 7(h).**

85.    Defendant Grant deprived R.T.of his right to attend Takoma EC without notice of his right to a hearing and without providing him a hearing.

**RESPONSE: This statement is a legal conclusion not supported by any evidence, and does not comply with LCvR 7(h).  Moreover, these defendants deny the statement.**

**PLAINTIFFS' INJURIES**

86.    Defendants' intentional conduct excluded R.T.  from, and denied him the benefits of, educational services and programs offered by DCPS solely on account of his disabilities and their severity.

**RESPONSE: These statements are legal conclusions not supported by factual support, and do not comply with LCvR 7(h).**

87.    R.T. was excluded from the classroom and denied the classroom instruction that he required in order to benefit from his public education in school years 2005-2006 and 2006-2007.

**RESPONSE: This statement is conclusory and not supported by any evidence.  Further answering, these defendants admit that minor plaintiff was**

**suspended from Takoma EC, Turner ES and Payne ES, due to his misbehavior, but deny that it was the result of these defendants' actions. The statement also does not comply with LCvR 7(h).**

88.    R.T. was forced to repeat Fifth Grade in school year 2006-2007, has not yet mastered the Fifth Grade curriculum, and very likely will not have mastered the Fifth Grade curriculum by close of the 2006 2007 school year. Ex. I-B at 7 (Hearing Officer's Finding No.9) (at end of Takoma year RT below basic in reading and Math); Id. (RT retained in Fifth Grade); Ex. XIV-A at 2( testing administered Nov. 21, 2006 ) (RT Reading at 4.9 Grade level); Id. (RT's Math at 4.2 Grade level); XIV-C at 2 ( Oak Valley testing 1/9/07) (RT  now re a d i n g  at 5 g r a d e  level; Math at 4th Grade level).

**RESPONSE: The defendants admit the minor plaintiff was required to repeat the Fifth Grade level during the 2006-2007 school year. This record does not contain any evidence that the minor child was required to repeat Fifth Grade because of any misconduct of these defendants, or that he was required to repeat the Fifth Grade because of his claimed disability. See plaintiffs' exhibits at Statement 88.**

89.    R.T .was denied the accommodations that he required and that Defendants were legally obligated to provide him, with the result that RT at the age of twelve can not understand written material beyond the Third Grade level.

**RESPONSE: These statements are legal conclusions, are not supported by any facts, and do not comply with LCvR 7(h).**

90.    R.T. suffered humiliation and severe emotional distress, resulting in his hospitalization at Children's National Medical Center in June 2006. Ex. I-B at 8

(Hearing Officer's Finding No. 10)( RT entered psychiatric ward of CNMC June 4, 2006); Ex XIV-B (3/30/06 medical record) (recording multiple suspensions, grief and depression); Ex. XIV-E (RT admitted CNMC for, inter alia, suicidal ideation).

**RESPONSE: This statement is a conclusion of law.  Further answering, these defendants deny the statement because the minor plaintiff testified that he was not embarrassed by being suspended or removed from Tacoma, EC, Turner ES and Payne ES. See Ex. C of Defendants' Motion for Summary Judgment at 9: 1-4.**

91.    Ms. Tomonia suffered economic losses, loss of work time and incurred additional child care expenses, when R.T.was excluded from Takoma EC and its child care program. Ex.XIV -D (medical expenses).

**RESPONSE: These defendants deny this statement as it is not supported by any admissible evidence.  Moreover, there is no evidence that the medical expenses allegedly incurred by plaintiff Tomonia resulted from these defendants' alleged misconduct.  See Ex. XI-D, which lacks any foundation.**

92.    Ms. Tomonia suffered anxiety, emotional distress, and loss of work time as a result of Defendants retaliation against her.

**RESPONSE: This statement is self-serving and not supported by any evidence. Moreover, it does not comply with LCvR 7(h).**

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Patricia A. Jones _____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


 \_/s/Eric S. Glover_____
ERIC S. GLOVER [978841]
Assistant Attorney General
441 Fourth St., N.W., 6th Floor North
Washington, D.C.  20001
(202) 442-9754; (202) 727-6295