UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

_____
                                    )
LINDA TOMONIA, *et al.*,             )
                                    )
   On behalf of R.T., minor,       )
                                    )
      Plaintiffs,                   )
                                    )
   v.                              )   Civil Action No. 07-0882 (JR)
                                    )
DISTRICT OF COLUMBIA, *et al*.,      )
                                    )
      Defendants.                   )
_____)

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO THEIR MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Defendants, District of Columbia, Mary Grant, Marcia Parker, Dennis Homesley, Clifford Janey[1], and William Wilhoyte, by and through undersigned counsel, responds to plaintiffs' opposition to their motion for judgment on the pleadings or in the alternative for summary judgment, and state as follows:[2]

**A.   The Court Should Not Consider Plaintiffs' Opposition to these Defendants' Motion for Summary Judgment as It Was Untimely Filed.**

On October 19, 2007, the Court issued an order which adopted the parties' Local Rule 16.3 report. In that report, the parties agreed to deadlines for filing dispositive motions, oppositions and replies. See Court Docket at ## 35, 36. On February 13, 2008, plaintiff filed a consent motion to enlarge the deadline for filing said motions, oppositions and replies. See Court Docket at # 44. The Court granted the consent motion and

---

[1] On October 19, 2007, this Court dismissed this lawsuit against defendant Janey with prejudice. The dismissal bars plaintiffs' attempt to relitigate this matter against him.

[2] The defendants rely upon the arguments set forth in their motion for summary judgment, at docket at ## 46, 51, in opposition to plaintiffs' Motion for Summary Judgment, as if fully set forth herein.

directed that the parties file dispositive motions on or before February 28, 2008, oppositions on or before March 18, 2008 and replies on or before March 28, 2008. See Court Docket at # 45.

Plaintiffs failed to comply with the Court's order and filed their opposition to these defendants' motion for summary judgment after the March 18, 2008, deadline. See Court Docket # 48. This is the second time that plaintiffs have disregarded this Court's Scheduling Order. Now, and when they filed their motion for summary judgment. See docket #47. Plaintiff's counsel did not contact undersigned counsel prior to filing her motion for summary judgment or opposition to these defendants' motion for summary judgment to request an extension of time to do so. Moreover, they did not move this Court to enlarge the time to file her late motion or opposition. See Court's docketing, generally. Instead, plaintiff untimely filed their opposition to the defendants' motion for judgment on the pleadings or in the alternative for summary judgment, and this Court should summarily dismiss it as being untimely.

**B.     Plaintiff Linda Tomonia Lacks Standing to Bring this Claim on Behalf of the Minor Plaintiff.**

In their motion for judgment on the pleadings or in the alternative for summary judgment, the defendants' argue that the plaintiff Linda Tomonia lacks the requisite standing to bring this action on behalf of the minor plaintiff as she is no longer his legal custodian. See Defendants Motion for Summary Judgment, page 7, section C. In their opposition, plaintiffs admit that Ms. Tomonia lost custody of the minor plaintiff, however they claim that the minor plaintiff still has custody over the minor plaintiff due to Family Court Magistrate Judge J. Breslow's September 19, 2006, order and DC Official Code § 16-2301.

According to Judge Breslow's September 19, 2006 order, the plaintiff Linda Tomonia was to retain all parental rights with regards to the minor plaintiff. However, on November 30, 2007, Judge Breslow issued another order, which superseded the September 19, 2007, Order. See annexed as Exh. B to Defendant's Motion for Summary Judgment, Court Docket # 46. That Order revoked plaintiff Linda Tomonia's protective supervision over the minor plaintiff and committed the minor plaintiff to the Child and Family Services (hereinafter "CFSA") for a period not to exceed two years. Id. The Court noted that it would be contrary to the welfare of the minor plaintiff to be in the home with the plaintiff Linda Tomonia because she is not able to care for the child and control the minor plaintiff's behavior. Id. Because the minor plaintiff is now committed CFSA, the plaintiff Linda Tomonia lacks the necessary standing to bring an action on the minor plaintiff's behalf.

DC Official Code § 16-2301 does not demonstrate that the plaintiff Linda Tomonia has standing to bring this lawsuit on behalf of the minor plaintiff. That statute provides that an individual who has been designated as having "guardianship over the person of a minor" has authority to make important decisions in the life of said minor, including the right to represent the minor in legal actions. Plaintiff Linda Tomonia has not been designated as having guardianship over the minor plaintiff. In fact, the Court committed the minor child to CFSA. As the minor plaintiff has been committed to CFSA, plaintiff Linda Tomonia does not have legal guardianship over the minor child and cannot maintain this lawsuit on his behalf. As such, the defendants' motion for judgment on the pleadings or on the alternative for summary judgment should be granted.

**B.     The Plaintiffs' Claims Under Title II of the ADA, Section 504 of the Rehabilitation Action, and the D.C. Human Rights Act Should be Dismissed**

**as Plaintiffs Have Failed to Demonstrate that the Infant Plaintiff was Discriminated Against due to his Alleged Disability.**

To prove that that the defendants violated Title II of the ADA, the plaintiffs must demonstrate that (1) the infant plaintiff is a qualified individual with a disability, (2) that he was excluded from participation in or denied the benefits of a public entity's services, programs or activities or subject to discrimination by such entity and (3) that the exclusion, denial or was based on his disability.  42 U.S.C. § 12132.  Under Section 504 of the Rehabilitation Act, plaintiffs must prove (1) that the infant plaintiff is an individual with a disability as defined by the Section 504, (2) that the infant plaintiff was otherwise qualified for the program or activity and (3) he was excluded from participation in or denied the benefits of the program or subject to discrimination because of his disability.  29 U.S.C §794(a).   Similarly, under the D.C. Human Rights Act, it unlawful for an educational institution:

> "[ t]o deny, restrict, or to abridge or condition the use of, or access to, any of its facilities, services, programs, or benefits of any program or activity to any person otherwise qualified, wholly or partially, for a discriminatory reason, based upon actual or perceived…or disability of any individual."

See  § 2-1402.41.  Plaintiffs have failed to present non-hearsay expert or even non-expert testimony, affidavits or reports to support their claims that the minor plaintiff is an individual with a disability as defined by the Acts.  See Plaintiff's Opposition, generally.  Instead, plaintiffs rely exclusively on the findings of fact portion of two Due Process Hearing Orders.   Those findings of fact are insufficient to establish that the minor child had a disability which precludes a major life activity.  While the findings show that the minor plaintiff was diagnosed with ADHD by several medical professionals, Leslie A. Arthur, Ph.D., DCPS Certified School Psychologist, stated that "[the child] does not

appear to be eligible to receive special education services as a student with a Learning Disability." See attached as Pls.'s Exh. I-A, at page 10, at Docket # 47. Tanyna Saxton, MA-SLP, DCPS, stated "{student does not qualify for speech-language intervention. His communication skills appear to be a definite strength that can be exploited to enhance his overall academic achievement." *Id.* Nikia Brocks, OTR/L, stated in her occupational report, that "student demonstrated average scores in fine motor skills…He demonstrated below average visual motor integration skills when tested by the school psychologist, but scored average with this therapist when given the supplemental assessment for visual perception and motor coordination." *Id.* Additionally, no where in the court orders relied on by the plaintiffs to establish the minor plaintiff's alleged disability, is the minor plaintiff specifically designated as being disabled under the ADA, RA or DCHRA. More importantly, no affidavit are submitted by any of the experts to support or negate a finding that the minor child has a disability that affects a major life activity  Based on this record, plaintiffs have failed to meet their burden of proof that the child has a disability that affects a major life activity as defined under the Acts. Accordingly, the defendants' motion for judgment on the pleadings or in the alternative for summary judgment should be granted.

    To the extent this Court finds that plaintiffs have established that the minor child has a disability, plaintiffs still are required to show that these defendants discriminated against the child based on his disability under the RA, ADA and DHRA. *See* 42 U.S.C. § 12132, 29 U.S.C §794(a), D.C. Official Code § 2-1402.41. According to plaintiffs, the defendants suspended the minor plaintiff and excluded him from receiving the benefits of District of Columbia Public School (hereinafter "DCPS) programs because of his alleged

disability. See Plaintiffs' Opposition, generally. Plaintiffs rely upon several cases to support their claim that the minor child was discriminated against under the RA, ADA and the DCHRA due to his alleged disability and not his behavioral problems. However, these cases may be easily distinguished from the instant matter.

In *Doe v. Honig,* 484 US 305 (U.S. 1988) the plaintiffs filed suit under the Education of the Handicapped Act, not under the RA, ADA or DCHRA. In *Honig*, one of the minor plaintiffs was enrolled at a school for the developmentally disabled. The Court was not only presented with evidence that the child was disabled, but that the child was unable to conform his conduct to socially acceptable norms. The other child was identified as an emotionally disturbed child by the time he entered the second grade in 1976. School records prepared that year indicated that the child was unable "to control verbal or physical outburst[s]" and exhibited a "[s]evere disturbance in relationships with peers and adults." *Id.*, at 123. Further evaluations subsequently revealed that he had been physically and emotionally abused as an infant and young child and that, despite above average intelligence, he experienced academic and social difficulties as a result of extreme hyperactivity and low self-esteem. *Id.*, at 136, 139, 155, 176. The evidence also showed that the child had a propensity for verbal hostility; one evaluator even noted that the child reacted to stress by "attempt[ing] to cover his feelings of low self worth through aggressive behavior[,] . . . primarily verbal provocations." *Id.*, at 136.

In *Morgan v. Chris L. by Mike L.*, 1997 U.S. App. LEXIS 1041 (6th Cir. 1997), plaintiff filed suit under the Individuals with Disabilities in Education Act (IDEA), not the ADA, RA or the DCHRA. In order to be eligible for federal assistance under the IDEA, a state must have a policy in place that will identify, locate and evaluate children

who have a disability or who are suspected of having a disability. *Id., citing* 20 U.S.C §§ 1412(1) and 1412(2)(C); 34 C.F.R. § 300.128. Once a child has been identified as disabled under the IDEA; a state must ensure that a free and appropriate education is available to meet the disabled child's needs. 20 U.S.C. § 1412(2)(B) and 34 C.F.R. § 300.121. After the process is initiated in determining a child's status as disabled, the child's educational placement and any subsequent changes in placement are governed by the procedures of the IDEA.  Unlike the *Morgan* case, there is no evidence in this case that the minor plaintiff is disabled as defined under the ADA, RA or the DCHRA.

In *S-1 v. Turlington*, 635 F.2d 342 (5th Cir.-OLD 1981), the U.S. Court of Appeals for the Fifth Circuit, affirmed a temporary injunction against defendants, the Commissioner of the Florida Department of Education and other state officials, which prevented them from expelling plaintiffs who were mentally handicapped students from public schools.  The plaintiffs claimed that the expulsions would have violated their rights under the Education for all Handicapped Children Act, 20 U.S.C.S. §§ 1401-1415, and the RA.  However, unlike the matter before the court, the plaintiffs in *Turlington* produced an expert to testify that there was a correlation between the disabled plaintiffs' behavior and their disability. In the instant matter, the plaintiffs have failed to produce any expert testimony to support any claim that the minor's negative behavior is related to his disability.[3]

Finally, in *LIH v. New York City Bd. of Educ.*, 103 F. Supp.2d 658 (D.N.Y. 2000), disabled students who were diagnosed as disabled with a learning disability, and/or who received speech therapy, counseling and/or assistance from a paraprofessional on how to modify their behavior and their parents sued the New York City Board of Education for

---

[3] Notably, the plaintiff has also failed to designate any expert in this action.

implementing a policy that would allow the Board to prohibit the plaintiffs from appealing any suspensions the disabled students may have received while attending summer school. *Id.* Plaintiffs moved for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, requiring defendants to afford to disabled students during the summer program the procedural protections in A-445 and IDEA. The Court analyzed the case based on the standards for granting injunctions, i.e. irreparable harm, and the likelihood of success on the merits. The Court ultimately granted plaintiff's preliminary injunction, finding that the defendants' summer disciplinary policy does not meet the minimal requirements found in the IDEA. In the instant matter, plaintiffs have not produced evidence to support any claim that the minor child's suspensions from school violated the ADA, RA, and/or DCHRA.

Plaintiffs continue to argue that the defendants failed to provide minor plaintiff accommodations required by his section 504 plan. However this argument is belied by the record. During deposition, the minor plaintiff testified that while he attended Tacoma EC, Tuner ES and Payne ES, he was given extra time for quizzes and test, given rewards for completing work and allowed to take school work home to complete. He further testified that he was provided counseling services and given a behavioral plan. See annexed as exhibit C of Defendants' Motion for Summary Judgment at 35: 4-14, 68: 2-22, 77: 12-22 and 78: 1-5. Thus, plaintiffs have failed to show that these defendants are not entitled to judgment on the pleadings or in the alternative for summary judgment based on their claim that the minor child was not accommodated.

As for plaintiffs remaining arguments in opposition to the defendants' motion for summary judgment, the defendants rely upon the arguments set forth in their motion for

judgment on the pleadings or in the alternative for summary judgment, their opposition to plaintiffs' motion for summary judgment, and their responses to plaintiffs' Statement of Facts to which there are no genuine disputes. See Docket ## 46, 51 53 and 55. Plaintiffs' statement of facts included in her opposition simply do not support denial of these defendants' motion. Many of her statements are either not factual, but legal statements, are belied belied by the record, do not contain admissible evidence to support the statements, are conclusory, and/or violate LCvR 7(h). See Pls.' Statements of Facts 1-71. As such, plaintiffs have failed to meet their burden of overcoming these defendants' entitlement to judgment on the pleadings or in the alternative for summary judgment.

    WHEREFORE, the defendants respectfully request this honorable court grants their motion for judgment on the pleadings or in the alternative for summary judgment.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

  /s/
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

 /s/
ERIC S. GLOVER [978841]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9754 ; (202) 727-6295
(202) 727-3625 (fax)
eric.glover@dc.gov